UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, HARTFORD | : | |
| PUBLIC SCHOOLS, STATE BOARD | : | |
| OF TRUSTEES FOR THE HARTFORD | : | |
| PUBLIC SCHOOLS, ANTHONY | : | |
| AMATO, JUNE BERNABUCCI | : | |
| and JOSE COLON-RIVAS | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS | : | |
| Defendant. | : | |
| | : | FEBRUARY 10, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE CITY OF HARTFORD TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendant, City of Hartford, answers the plaintiff's Second Amended Complaint as follows:

1. The Defendant admits that plaintiff attempts to bring various causes of action against the Defendants. The Defendant denies that it is liable to plaintiff for any of the relief that she seeks.

2. The Defendant admits that this court has subject matter jurisdiction over this matter due to the presence of a federal question and that plaintiff requests the court to exercise supplemental jurisdiction over pendent claims. Any remaining allegations are denied.

3. The Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegation and, therefore, leaves the plaintiff to her proof.

4. The Defendant admits that the plaintiff is employed in the Hartford Public Schools and was so at all times relevant to this Complaint. Any remaining allegations are denied.

5. Based on information and belief, the Defendant admits the allegations contained in paragraph 5.

6. The Defendant admits that Anthony Amato was the Superintendent of Schools from April 1999 until the fall of 2002 and that plaintiff attempts to sue him. Any remaining allegations are denied.

7. The Defendant admits that June Bernabucci was employed in the Hartford Public Schools as an administrator at all times relevant to this action and that plaintiff attempts to sue her. Any remaining allegations are denied.

8. The Defendant admits that Jose Colon-Rivas became the Principal of HPHS on or about July 1, 2000 and served in such capacity for the 2000-2001 school year and that plaintiff attempts to sue him. Any remaining allegations are denied.

9.  The Defendant admits the allegations contained in paragraph 9.

10. The Defendant admits that, currently, the Hartford Public Schools is a school district. As to any remaining allegations and the status of the Hartford Public Schools during the relevant time, plaintiff is left to her proof.

11. The Defendant admits that the State Board of Trustees for the Hartford Public Schools exercised all powers granted to it by Special Act 97-4. Any remaining allegations are denied.

FIRST COUNT

The Defendant is not named as a Defendant in the First Count and, therefore, no answer is necessary.

SECOND COUNT

The Defendant is not named as a Defendant in the Second Count and, therefore, no answer is necessary.

THIRD COUNT

The Defendant is not named as a Defendant in the Third Count and, therefore, no answer is necessary.

FOURTH COUNT

55. The Defendant's answers to paragraphs 2 through 54 are incorporated as if fully set forth herein.

56. The Defendant denies the allegations contained in paragraph 56 and its subparts.

FIFTH COUNT

57. The Defendant's answers to paragraphs 2 through 11 are incorporated as if fully set forth herein.

58. Upon information and belief, the Defendant admits the allegations contained in paragraph 58.

59. Upon information and belief, the Defendant admits the allegations contained in paragraph 59.

60. The Defendant has insufficient information and knowledge upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

61. The Defendant has insufficient information and knowledge upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

62. The Defendant denies the allegations contained in paragraph 62.

63. The Defendant denies the allegations contained in paragraph 63.

64. The Defendant denies the allegations contained in paragraph 64.

65. The Defendant denies the allegations contained in paragraph 65 to the extent that any such allegations are directed against it.

66. The Defendant admits that it did not reinstate plaintiff to any position because it was powerless to do so, even if plaintiff had made such a request of the City of Hartford. Any remaining allegations are denied.

67. The Defendant denies the allegations contained in paragraph 67.

68. The Defendant denies the allegations contained in paragraph 68.

SIXTH COUNT

69. The Defendant's answers to paragraphs 56 through 67 and 21 through 40 are incorporated as if fully set forth herein.

70. The Defendant denies the allegations contained in paragraph 70.

71. The Defendant denies the allegations contained in paragraph 71.

SEVENTH COUNT

72. The Defendant's answers to paragraphs 2 through 11 and 60 through 63 are incorporated as if fully set forth herein.

73. The Defendant denies the allegations contained in paragraph 73.

74. The Defendant denies the allegations contained in paragraph 74.

75. The Defendant denies the allegations contained in paragraph 75.

76. The Defendant denies the allegations contained in paragraph 76.

EIGHTH COUNT

77. The Defendant's answers to paragraphs 72, 73 and 76 are incorporated as if fully set forth herein.

78. The Defendant denies the allegations contained in paragraph 78.

PRAYER FOR RELIEF

The Defendant denies that he is liable to plaintiff for any of the relief that she seeks.

AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(c), the Defendant asserts the following Affirmative Defenses:

FIRST AFFIRMATIVE DEFENSE (AS TO THE FOURTH THROUGH SEVENTH COUNTS)

The plaintiff has failed to state a cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE (AS TO THE FOURTH THROUGH SEVENTH COUNTS)

The plaintiff has failed to properly mitigate her damages.

THIRD AFFIRMATIVE DEFENSE (AS TO THE FOURTH COUNT)

The Defendant is shielded from liability by the doctrines of governmental immunity.

FOURTH AFFIRMATIVE DEFENSE (AS TO THE FOURTH THROUGH SEVENTH COUNTS)

The plaintiff's claims are barred by the applicable statute of limitations.

FIFTH AFFIRMATIVE DEFENSE (AS TO THE FIFTH THROUGH SEVENTH COUNTS)

During all times relevant to this action, the City of Hartford exercised no management control or authority over the Hartford Public Schools and, therefore, cannot be held liable for any of the alleged intentional age or gender discrimination to which she claims she was subjected.

DEFENDANT,
THE CITY OF HARTFORD

By: _____
Joseph W. McQuade, ct12121
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT  06106
Telephone (860) 493-0870
Facsimile (860) 493-0871
jmcquade@kemlaw.com
Their Attorney

## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing Answer and Affirmative Defenses was sent via first class U.S. mail on this the 10th day of February 2004 to:

Judith D. Meyer, Esq.
Law Office of Judith D. Meyer
152 Simsbury Road
P.O. Box 451
Avon, CT  06001-0451

                                            Joseph W. McQuade

12029