UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, HARTFORD | : | |
| PUBLIC SCHOOLS, STATE BOARD | : | |
| OF TRUSTEES FOR THE HARTFORD | : | |
| PUBLIC SCHOOLS, ANTHONY | : | |
| AMATO, JUNE BERNABUCCI | : | |
| and JOSE COLON-RIVAS | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS | : | |
| Defendant. | : | |
| | : | FEBRUARY 10, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE HARTFORD PUBLIC SCHOOLS
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendant, Hartford Public Schools, answers the plaintiff's Second Amended Complaint as follows:

1. The Defendant admits that plaintiff attempts to bring various causes of action against the Defendants. The Defendant denies that it is liable to plaintiff for any of the relief that she seeks.

2. The Defendant admits that this court has subject matter jurisdiction over this matter due to the presence of a federal question and that plaintiff requests the court to exercise supplemental jurisdiction over pendent claims. Any remaining allegations are denied.

3. Based on information and belief, the Defendant admits the allegations contained in paragraph 3.

4. The Defendant admits that the plaintiff is employed in the Hartford Public Schools and was so at all times relevant to this Complaint. Any remaining allegations are denied.

5. The Defendant admits the allegations contained in paragraph 5.

6. The Defendant admits that Anthony Amato was the Superintendent of Schools from April 1999 until the fall of 2002 and that plaintiff attempts to sue him. Any remaining allegations are denied.

7. The Defendant admits that June Bernabucci was employed in the Hartford Public Schools as an administrator at all times relevant to this action and that plaintiff attempts to sue her. Any remaining allegations are denied.

8. The Defendant admits that Jose Colon-Rivas became the Principal of HPHS on or around July 1, 2000 and served in such capacity for the 2000-2001 school year and that plaintiff attempts to sue him. Any remaining allegations are denied.

9. The Defendant admits the allegations contained in paragraph 9.

10. The Defendant admits that, currently, the Hartford Public Schools is a school district. Any remaining allegations are denied.

11. The Defendant admits that the State Board of Trustees for the Hartford Public Schools exercised all powers granted to it by Special Act 97-4. Any remaining allegations are denied.

FIRST COUNT

The Defendant is not named as a Defendant in the First Count and, therefore, no answer is necessary.

SECOND COUNT

The Defendant is not named as a Defendant in the Second Count and, therefore, no answer is necessary.

THIRD COUNT

The Defendant is not named as a Defendant in the Third Count and, therefore, no answer is necessary.

FOURTH COUNT

55. The Defendant's answers to paragraphs 2 through 54 are incorporated as if fully set forth herein.

56. The Defendant denies the allegations contained in paragraph 56 and its subparts.

FIFTH COUNT

57. The Defendant's answers to paragraphs 2 through 11 are incorporated as if fully set forth herein.

58. Upon information and belief, the Defendant admits the allegations contained in paragraph 58.

59. Upon information and belief, the Defendant admits the allegations contained in paragraph 59.

60. The Defendant admits that plaintiff's performance as a physical education teacher and as a Faculty Manager were deemed by her evaluators to be, at least, satisfactory. Any remaining allegations are denied.

61. The Defendant admits that plaintiff's evaluators found that plaintiff performed her job duties as a physical education teacher satisfactorily. Any remaining allegations are denied.

62. The Defendant denies the allegations contained in paragraph 62.

63. The Defendant denies the allegations contained in paragraph 63.

64. The Defendant denies the allegations contained in paragraph 64.

65. The Defendant denies the allegations contained in paragraph 65.

66. The Defendant admits that plaintiff did not assume the duties of Faculty Manager upon her return to HPHS and that Mr. Hodge continued to perform such duties. Any remaining allegations are denied.

67. The Defendant denies the allegations contained in paragraph 67.

68. The Defendant denies the allegations contained in paragraph 68.

SIXTH COUNT

69. The Defendant's answers to paragraphs 56 through 67 and 21 through 40 are incorporated as if fully set forth herein.

70. The Defendant denies the allegations contained in paragraph 70.

71. The Defendant denies the allegations contained in paragraph 71.

SEVENTH COUNT

72. The Defendant's answers to paragraphs 2 through 11 and 60 through 63 are incorporated as if fully set forth herein.

73. The Defendant denies the allegations contained in paragraph 73.

74. The Defendant denies the allegations contained in paragraph 74.

75. The Defendant denies the allegations contained in paragraph 75.

76. The Defendant denies the allegations contained in paragraph 76.

EIGHTH COUNT

77. The Defendant's answers to paragraphs 72, 73 and 76 are incorporated as if fully set forth herein.

78. The Defendant denies the allegations contained in paragraph 78.

PRAYER FOR RELIEF

The Defendant denies that he is liable to plaintiff for any of the relief that she seeks.

AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(c), the Defendant asserts the following Affirmative Defenses:

FIRST AFFIRMATIVE DEFENSE (AS TO THE FOURTH THROUGH SEVENTH COUNTS)

The plaintiff has failed to state a cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE (AS TO THE FOURTH THROUGH SEVENTH COUNTS)

The plaintiff has failed to properly mitigate her damages.

THIRD AFFIRMATIVE DEFENSE (AS TO THE FOURTH COUNT)

The Defendant is shielded from liability by the doctrines of governmental immunity.

FOURTH AFFIRMATIVE DEFENSE (AS TO THE FOURTH THROUGH SEVENTH COUNTS)

The plaintiff's claims are barred by the applicable statute of limitations.

FIFTH AFFIRMATIVE DEFENSE (AS TO THE FIFTH THROUGH SEVENTH COUNTS)

During all times relevant to this action, the State Board of Trustees for the Hartford Public Schools exercised all management control and authority over the Hartford Public Schools

and, therefore, the Hartford school district cannot be held liable for any alleged intentional age or gender discrimination to which plaintiff claims she was subjected.

DEFENDANT,
THE HARTFORD PUBLIC SCHOOLS


By: _____
    Joseph W. McQuade, ct12121
    Kainen, Escalera & McHale, P.C.
    21 Oak Street, Suite 601
    Hartford, CT  06106
    Telephone (860) 493-0870
    Facsimile (860) 493-0871
    jmcquade@kemlaw.com
    Their Attorney

## **CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing Answer and Affirmative Defenses was sent via first class U.S. mail on this the 10th day of February 2004 to:

Judith D. Meyer, Esq.
Law Office of Judith D. Meyer
152 Simsbury Road
P.O. Box 451
Avon, CT  06001-0451

                                                                   Joseph W. McQuade

12038