UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| **CITY OF HARTFORD, HARTFORD** | : | |
| **PUBLIC SCHOOLS, STATE BOARD** | : | |
| **OF TRUSTEES FOR THE HARTFORD** | : | |
| **PUBLIC SCHOOLS, ANTHONY** | : | |
| **AMATO, JUNE BERNABUCCI** | : | |
| **and JOSE COLON-RIVAS** | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS** | : | |
| Defendant. | : | |
| | : | FEBRUARY 10, 2004 |

**ANSWER AND AFFIRMATIVE DEFENSES OF ANTHONY AMATO
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

     The Defendant, Anthony Amato, answers the plaintiff's Second Amended Complaint as follows:

     1.    The Defendant admits that plaintiff attempts to bring various causes of action against the Defendants. The Defendant denies that he is liable to plaintiff for any of the relief that she seeks.

2. The Defendant admits that this court has subject matter jurisdiction over this matter due to the presence of a federal question. Any remaining allegations are denied.

3. The Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegation and, therefore, leaves the plaintiff to her proof.

4. The Defendant admits that the plaintiff is employed in the Hartford Public Schools at all times relevant to this Complaint. As to any remaining allegations, the Defendant lacks knowledge and information sufficient upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves the plaintiff to her proof.

5. Based on information and belief, the Defendant admits the allegations contained in paragraph 5.

6. The Defendant admits that he was the Superintendent of Schools in Hartford from April of 1999 until late October or early November of 2002 and that plaintiff attempts to sue him. Any remaining allegations are denied.

7. The Defendant admits that June Bernabucci was employed in the Hartford Public Schools as an administrator at all times relevant to this action and that plaintiff attempts to sue her. Any remaining allegations are denied.

8. The Defendant admits that Jose Colon-Rivas became the Principal of HPHS on or around July 1, 2000 and served in such capacity for the 2000-2001 school year and that plaintiff attempts to sue him. Any remaining allegations are denied.

9. The Defendant admits the allegations contained in paragraph 9.

10.     The Defendant admits that, currently, the Hartford Public Schools is a school district.  As to any remaining allegations and the status of the Hartford Public Schools during the relevant time, plaintiff is left to her proof.

11.     The Defendant admits that the State Board of Trustees for the Hartford Public Schools exercised all powers granted to it by Special Act 97-4.  Any remaining allegations are denied.

FIRST COUNT

12.     Because paragraph 12 calls for a legal conclusion, no response is required and plaintiff is left to her proof.

13.     Upon information and belief, the Defendant denies this allegation.

14.     The Defendant admits that, on or around September 15, 2003, a document bearing his signature was sent out to head coaches and faculty managers regarding the scheduling of teams from the Sports Sciences Academy in athletic contests.  The document speaks for itself.  As to any remaining allegations, the Defendant has insufficient information and knowledge upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

15.     The Defendant denies that he received a letter from plaintiff.  Therefore, the allegations contained in paragraph 15 are denied.

16.     The Defendant denies receiving a memorandum from plaintiff.  Therefore, the Defendant denies the allegations contained in paragraph 16.

17. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

18. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

19. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

20. The Defendant denies the allegations contained in paragraph 20.

21. Upon information and belief, the Defendant admits that plaintiff was selected for a two-year appointment as Faculty Manager at HPHS, which appointment expired at the end of the 2000-2001 school year. Any remaining allegations are denied.

22. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

23. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

24. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

25. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

26. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

27. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

28. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

29. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

30. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

31. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

32. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

33. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

34. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

35. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

36. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

37. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

38. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

39. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

40. The Defendant lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of such allegations and, therefore, leaves plaintiff to her proof.

41. The Defendant denies the allegations contained in paragraph 41.

42. The Defendant denies the allegations contained in paragraph 42 and its subparts.

43. The Defendant denies the allegations contained in paragraph 43.

44. The Defendant denies the allegations contained in paragraph 44.

<u>SECOND COUNT</u>

The Defendant is not named as a Defendant in the Second Count and, therefore, no answer is necessary.

<u>THIRD COUNT</u>

The Defendant is not named as a Defendant in the Fourth Count and, therefore, no answer is necessary.

FOURTH COUNT

The Defendant is not named as a Defendant in the Fourth Count and, therefore, no answer is necessary.

FIFTH COUNT

The Defendant is not named as a Defendant in the Fifth Count and, therefore, no answer is necessary.

SIXTH COUNT

The Defendant is not named as a Defendant in the Sixth Count and, therefore, no answer is necessary.

SEVENTH COUNT

The Defendant is not named as a Defendant in the Seventh Count and, therefore, no answer is necessary.

EIGHTH COUNT

The Defendant is not named as a Defendant in the Eighth Count and, therefore, no answer is necessary.

PRAYER FOR RELIEF

The Defendant denies that he is liable to plaintiff for any of the relief that she seeks.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(c), the Defendant asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE (AS TO THE FIRST COUNT)

The plaintiff has failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE (AS TO THE FIRST COUNT)

The plaintiff has failed to properly mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE (AS TO THE FIRST COUNT)

The Defendant is shielded from liability by the Doctrine of Qualified Immunity.

### FOURTH AFFIRMATIVE DEFENSE (AS TO THE FIRST COUNT)

The plaintiff's claims are barred by the applicable statute of limitations.

DEFENDANT,
ANTHONY AMATO

By: _____
Joseph W. McQuade, ct12121
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106
Telephone (860) 493-0870
Facsimile (860) 493-0871
jmcquade@kemlaw.com
His Attorney

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Answer and Affirmative Defenses was sent via first class U.S. mail on this the 10th day of February 2004 to:

Judith D. Meyer, Esq.
Law Office of Judith D. Meyer
152 Simsbury Road
P.O. Box 451
Avon, CT  06001-0451

                                                Joseph W. McQuade

12024