**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, HARTFORD | : | |
| PUBLIC SCHOOLS, STATE BOARD | : | |
| OF TRUSTEES FOR THE HARTFORD | : | |
| PUBLIC SCHOOLS, ANTHONY | : | |
| AMATO, JUNE BERNABUCCI | : | |
| and JOSE COLON-RIVAS | : | |
| Defendants. | : | |
| _____ | : | |


| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS | : | |
| Defendant. | : | |
| _____ | : | JANUARY 31, 2004 |

<u>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**</u>

Pursuant to Federal Rule of Civil Procedure 51 and this Court's pre-trial order, the remaining Defendants, Hartford Public Schools ("HPS"), State Board of Trustees for the Hartford Public Schools ("State Board" and, with the HPS, the "Institutional Defendants"), June Bernabucci and Jose Colon-Rivas (collectively, the "Defendants") respectfully propose that the following instructions be given to the jury at the close of evidence in this case. The Defendants

reserve the right to revise and/or supplement the proposed instructions to conform to the

evidence introduced at trial.[1]  The Defendants request that the jurors be provided with written

copies of the jury charge.

---

[1] The Defendants have not included herein the "standard" instructions such as "Province of the Court and Jury"; "Credibility of Witnesses"; "Conduct of Counsel"; "Duties During Deliberation" "Selection of Foreperson/Communications with Court" and so forth.  The Defendants request that such instructions as contained in E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> (4th ed. 1987) be given.  If the court would like the Defendants to supply such instructions, the Defendants will be happy to do so.

## TABLE OF CONTENTS

Instruction     Title

1.          Plaintiff's Claim

2.          The Defendants' Position

3.          All Persons Are Equal Before The Law – Public School Districts And State Entities

4.          What Is And Is Not Evidence

5.          Direct And Circumstantial Evidence

6.          Burden Of Proof In Civil Case Is On Plaintiff

7.          Burden Of Proof – Age And Sex Discrimination Claims

8.          Burden Of Proof – Equal Protection Claim

9.          Burden Of Proof – Due Process Claim

10          Burden Of Proof - First Amendment Retaliation Claim

11.         Burden Of Proof as to Municipal Liability For The Hartford Public Schools And

            The State Board

12.         Burden Of Proof – Personal Involvement By Ms. Bernabucci And Mr. Colon-Rivas

13.         Qualified Immunity Defense

14.         Defendants' State Of Mind

15.         Proximate Cause

16.         Plaintiff's Opinion As To Her Own Qualifications

17.         Business Judgment

18.         Damages

19.         No Duplication of Damages

20.         Reward for Past Service

21.         Avoiding Sympathy, Prejudice And Speculation

22.         Special Verdict Form

DEFENDANTS' PROPOSED
INSTRUCTION NO. 1

## PLAINTIFF'S CLAIM

The Plaintiff claims that the Hartford Public Schools and the State Board of Trustees for the Hartford Public Schools (which I will refer to hereafter as the "State Board") illegally discriminated against her on the basis of her age and gender when she lost an extracurricular assignment as the Faculty Manager at Hartford Public High School in 2000. She also claims that the Hartford Public Schools, the State Board and defendant June Bernabucci unlawfully retaliated against her for her exercise of her First Amendment right to free speech. Finally, Plaintiff claims that all of the Defendants violated her Constitutional rights to equal protection under the law and due process of law.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 2

## <u>THE DEFENDANTS' POSITION</u>

The Defendants contest all of Plaintiff's claims.  In short, the Defendants assert that their

actions were not illegal and that none of their actions that are at issue in this case were motivated by

an impermissible consideration, such as age, gender or speech on a matter of public concern.  The

Defendants deny that any of them discriminated against Plaintiff based on her age or gender.

Further, they deny that they violated her rights to equal protection and due process under the law.

Additionally, they deny retaliating against Plaintiff for the exercise of her First Amendment rights.

In fact, the Defendants contend that Plaintiff did not actually speak out on a matter of public

importance.  Finally, Defendants Bernabucci and Colon-Rivas contend that they are entitled to

qualified immunity from liability.

Accordingly, the Defendants ask that you find in favor of the Defendants and not award

Plaintiff any damages on her claims.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 3

## ALL PERSONS ARE EQUAL BEFORE THE LAW – PUBLIC SCHOOL DISTRICTS AND STATE ENTITIES

The fact that one of the parties in this lawsuit is a public school district and one of the entities is a State Board of Trustees is immaterial in the eyes of the law. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community, and holding the same or similar stations in life. A school district is entitled to the same fair trial as a private individual. Likewise, a state board of trustees is entitled to the same fair trial as a private individual. All persons, including public school districts and a state board of trustees, stand equal before the law and are to be dealt with as equals in a court of justice. A public school district and a state board of trustees only act through their officers, agents and employees who are people like you and me. In a real sense, you are called upon to sit in judgment of the people who make decisions and act for the Hartford Public Schools, whom you may or may not have observed during this trial. The size of the Hartford Public Schools has no place in this trial. It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor, public school districts, a state board of trustees, companies or individuals.

You must decide this case based solely on the evidence.  All parties stand equal before the

law.

_____

3 E. Devitt, C. Blackmar, & M. Wolff, <u>Federal Jury Practice And Instructions</u> §§ 71.03 and 71.04 (4th ed. 1987).

<u>Jury Instructions And Forms For Federal Civil Cases</u>, 28 F.R.D. 401, 414 (1962).

<u>Kerr v. City of Chicago</u>, 424 F. 2d 1134, 1138 (7th Cir.), <u>cert. denied</u>, 400 U.S. 83 (1970).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 4

## **WHAT IS AND IS NOT EVIDENCE**

The term "evidence" includes the sworn testimony of the witnesses who appeared before you and the exhibits admitted into evidence, which you will have in the jury room.

Statements, objections or arguments made by the attorneys are not evidence. Attorneys attempt to point out those things that are most significant or most supportive to their case, and in so doing, call your attention to inferences from the evidence that might otherwise escape your notice. What the attorneys say when making objections, or during closing arguments, is not binding upon you. Arguments by attorneys are not evidence, because the attorneys are not witnesses. What the attorneys have said to you in their summations is intended to help you understand the evidence to reach your verdict.

You must consider only what the evidence has been in this case, as it has been presented to you through witnesses and exhibits. Furthermore, if your recollection is different from that of the attorneys or of the court, it is your recollection and interpretation of the evidence that controls.

In the course of this case, the attorneys have conferred with me outside of your hearing and, on occasion, you have been excused from the room so a point of law or objection could be decided. The attorneys have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. In those situations, you should not

speculate about what was discussed.  Likewise, you should not show any prejudice against an attorney or his or her client because the attorney asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

During the trial, there have also been objections by the attorneys and rulings by the court.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Such evidentiary issues must be decided by me, the Court.  You should not show any prejudice against an attorney or his or her client because he or she objected to the admissibility of evidence.

In addition, you are to consider only the evidence that was admitted. If some evidence was presented and stricken from the record or some evidence offered and refused, you must not consider it.  You must dismiss it from your minds, and you also must not draw any inference from questions or answers that were stricken.  Those matters are to be treated as though you had never known of them.  Also, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness' credibility -- you must follow the limiting instructions I have given.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.  As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of

such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect

of all evidence.

---

3 E. Devitt, C. Blackmar, & M. Wolff, supra, §70.14,  §§71.08 - 71.12.

D. Wright & W. Ankerman, Connecticut Jury Instructions §§ 6, 12, 14, 16 (4th ed. 1993).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 5

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which you may properly find the facts of this case: direct evidence and circumstantial or indirect evidence.

Direct evidence is a document or the testimony of an eyewitness that directly supports a party's claims.

Circumstantial evidence involves the offering of evidence of a fact or facts from which the jury is asked to infer the existence and proof of another fact or facts. Such other fact may be found so proven if, but only if, you the jury find that the inference asked to be drawn is not only logical and reasonable but is strong enough so that you can find that it is more probable than not that the fact you are asked to infer is true. Accordingly, you must be careful to avoid resorting to sympathy, speculation, conjecture or guesswork -- under the guise of relying on circumstantial evidence -- in order to determine critical facts in this case.

Let me give you an example of circumstantial evidence. Suppose you are inside a room that has no windows. Suppose a person walks in wearing a wet raincoat, wet boots and carrying an umbrella. Even though you cannot see that it is raining outside, you would probably conclude that it

must be raining.  The wet raincoat, boots and umbrella are all circumstantial evidence that it

is raining.  That is all that is meant by circumstantial evidence.

_____

Haskell v. Kaman Corp., 743 F. 2d 113, 119 (2d Cir. 1984)

Hagelthorn v. Kennecott Corp., 710 F. 2d 76, 80-81 (2d Cir. 1983)

Stanojev v. Ebasco Services, Inc., 643 F.2d 914, 919-21 (2d Cir. 1981)

3 E. Devitt, C. Blackmar, & M. Wolff, supra, §72.03.

Hennessey v. Hennessey, 145 Conn. 211, 214-15 (1958)

DEFENDANTS' PROPOSED
INSTRUCTION NO. 6

## BURDEN OF PROOF IN CIVIL CASE IS ON PLAINTIFF

In this case, Plaintiff bears the burden of proof. Plaintiff has the burden of proving every

essential element of her case by a preponderance of the evidence. The burden is <u>not</u> upon the

Defendants to disprove Plaintiff's claims. The burden remains with Plaintiff at all times.

To "prove by a preponderance of the evidence" means to prove that something is more

likely true than not true. Thus, in this case, it is Plaintiff's burden at all times to prove that it is more

likely true than not true that she was discriminated against on the basis of her sex and age, denied

equal protection under the law, denied due process of law and retaliated against for speaking out on

a matter of public concern. There is no requirement that the Defendants convince you that

something did not happen.

If you do not find that a fact or issue alleged by Plaintiff has been proven by a fair

preponderance of the evidence, then you will find it not to have been proven at all, and you are not

to consider this fact or issue in reaching your verdict. If you believe that the testimony on any fact

or issue is evenly balanced so that you cannot say that it inclines you either one way or the other,

there would be no preponderance of the evidence as to that fact or issue, and Plaintiff has failed to

prove that fact or issue.

The burden of proof imposed by law upon Plaintiff requires that your decision must be based upon evidence alone and that you remove from your consideration such matters that are merely guesses or speculations.  You are not at liberty to surmise or speculate or guess as to the material facts in this case.

_____

3 E. Devitt, C. Blackmar, & M. Wolff, supra, §72.01.

D. Wright & W. Ankerman, supra, § 311.

St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2751-52, 125 L. Ed.2d 407 (1993).

Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253-254, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 7

## **BURDEN OF PROOF – AGE AND SEX DISCRIMINATION CLAIMS**

Plaintiff has brought claims under state law and the Age Discrimination in Employment Act,
which I will refer to as the ADEA, against the Hartford Public Schools and the State Board for age
discrimination.  Also, Plaintiff has brought claims under state law and Title VII of the Civil Rights
Act of 1964, which I will refer to as Title VII, against the Hartford Public Schools and the State
Board alleging sex discrimination.  The following instructions are applicable to all of Plaintiff's age
and sex discrimination claims under both state and federal law.[2]

Specifically, Plaintiff claims that the Hartford Public Schools and the State Board violated
the ADEA and Title VII by intentionally discriminating against her on the basis of her age and her
sex.  Plaintiff has not brought any claims under the ADEA or Title VII against Ms. Bernabucci or
Mr. Colon-Rivas.

The ADEA makes it unlawful for an employer to take an adverse action against any
employee because of the employee's age.[3]  Title VII makes it unlawful to take an adverse
employment action against any employee because of the employee's sex.[4]

---

[2] See e.g., Sedotto v. Borg-Warner Protective Serv.s Corp., 94 F. Supp. 2d 251, 268 (D. Conn. 2000) ("It is well-settled that the same legal standards apply to claims under CFEPA as to claims under Title VII and the ADEA.").
[3] 29 U.S.C. §621 et seq.; see e.g., Gallo v. Prudential Serv.s, 22 F.3d 1219, 1224 (2d Cir. 1994).
[4] See, 42 U.S.C. §2000e et seq.

The ADEA and Title VII do not require an employer to accord special treatment to employees over the age of 40 or to the employees based on their sex.[5]  The law requires that an employee's age or sex be a neutral factor, neither helping nor hindering advancement, demotion or discharge.[6]  Simply because an employer takes unfavorable action toward an employee over the age of 40 does not mean that an act of age discrimination has taken place.  Likewise, simply because an employer takes unfavorable action against an employee and the employee happens to be a woman does not mean that an act of sex discrimination has taken place.  Under the ADEA and Title VII, an employer is free to exercise its own business judgment in managing an employee.  The employer is entitled to make its own subjective business decisions and may substitute one employee for another or not select an employee for a position for a good reason, a bad reason or no reason at all, as long as the action is not taken because of the employee's age or sex.[7]  An employer is not obligated to show good cause or justifiable cause for its actions.  In fact, the ADEA and Title VII do not authorize the courts or a jury to judge the wisdom of a school district's

---

[5] See, e.g.,Parcinski v. The Outlet Co., 673 F2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983) ("The ADEA does not require an employer to accord special treatment to employees over forty years of age.").
[6] Id.
[7] See generally, Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("it is not the function of the fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal"); Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103  (1983) (in determining merits of age discrimination claim, court does not sit to judge the propriety of a corporation's business decisions); Weihaupt v. AMA, 874 F.2d 419, 429 (7th Cir. 1989) (the court does not sit as a super-personnel department that re-examines a corporation's business decision); Douglas v. Anderson, 656 F.2d 528 (9th Cir. 1981) (federal statutes prohibiting discrimination are not "intended as the vehicle for general review of business decisions.").

employment decisions.[8]  Thus, it is not your role or the court's role to judge the wisdom of the business decisions of the Hartford Public Schools or the State Board.  It is not your role to decide whether the action taken was good or bad, wise or foolish.  In fact, an employer is not obligated to hire, promote or otherwise assign the best applicant or the most qualified applicant.[9]  Likewise, the law does not require that a selection process be perfect.[10]  The ADEA and Title VII only require that the action not be taken because of the Plaintiff's age or sex.  The ultimate issue for you to decide is whether the facts that Plaintiff is a woman and is over the age of 40 were determinative factors in Plaintiff's loss of the Faculty Manager assignment at Hartford Public High School during her two-year term.

In order to prove her claim, Plaintiff has the burden of establishing by a preponderance of the evidence that the Hartford Public Schools or the State Board denied her the Faculty Manager assignment, during her two-year term, because of her age or sex.  In this regard, she must prove, by a preponderance of the evidence, that:

1.    she was over 40 years old and a woman;

2.    she suffered an adverse employment action;

---

[8] See, Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988); Ungerleider v. Fleet Mortgage Group of Fleet Bank, 329 F. Supp. 2d 343, 358 (D. Conn. 2004); Francis v. Runyon, 928 F. Supp. 195, 203 (E.D.N.Y. 1996); see also, Sweeney v. Research Fdn. of State Univ., 711 F. 2d 1179, 1187 n.11 (2d Cir. 1983).
[9] Prince v. Westchester County Dept. of Health, 90 Civ. 2506 (TG) 1992 U.S. Dist. LEXIS 7717 at *8 (S.D.N.Y. May 26, 1992).
[10] Id.

3.      she was qualified for the extracurricular assignment of Faculty Manager at Hartford Public High School;

4.      she no longer served as Faculty Manager during her two year term; and

5.      her age or sex was a determinative factor in her loss of the Faculty Manager assignment.[11]

Let me explain these factors further to you. There is no dispute that Plaintiff was a woman over the age of 40; that, while she was assigned to and present at Hartford Public High School, she was qualified to serve as the Faculty Manager; and that, once she was reassigned to another school, Plaintiff no longer served as Faculty Manager at Hartford Public High School during the remainder of her two year term.

In order to prevail, however, Plaintiff must prove, by a preponderance of the evidence, that: (1) she was subjected to an adverse employment action by the Hartford Public Schools or the State Board; (2) she was qualified to be the Faculty Manager at HPHS while assigned outside of HPHS; and (3) age or sex was a determinative factor in the Hartford Public Schools' or State Board's decision.

As to the first element, an employee suffers an adverse employment action if she endures a materially adverse change in the terms or conditions of employment.[12] To be "materially

---

[11] See e.g., Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001).

adverse," a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities.[13]  A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in salary, a less distinguished title, a material loss of benefits or significantly diminished material responsibilities.[14]

If you find that Plaintiff suffered an adverse employment action, you must then determine whether Plaintiff was qualified to serve as the Faculty Manager at HPHS while she was stationed outside of HPHS.  If you find both that Plaintiff suffered an adverse employment action and was qualified to serve as the Faculty Manager at HPHS, you must determine whether Plaintiff has proven that her age or sex was a determinative factor in the loss of the Faculty Manager assignment.  The term "determinative factor" as used in this case means a factor that <u>actually made a difference</u> in the decision.  Plaintiff must show that age or sex was a factor that made a difference in her loss of the Faculty Manager assignment.  In other words, Plaintiff must prove that it is more likely true than not true that "but for" her age or sex, she would have remained as the Faculty Manager at Hartford Public High School for the remainder of her two year term.[15]

You are not to determine, and you need not agree, that the Hartford Public Schools or the State Board was correct in its decision relating to the Faculty Manager assignment at Hartford

---

[12] <u>Galabaya v. New York City Bd. of Ed.</u>, 202 F.3d 636, 640 (2d Cir. 2000).
[13] <u>Id</u>.
[14] <u>Id</u>.
[15] <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 141 (2000); <u>Fisher v. Vassar College</u>, 114 F.3d 1332, 1339 (2d Cir. 1997).

Public High School.  The ADEA and Title VII do not alter an employer's right to make decisions based on its assessments of a situation and the best interests of the students.  The ADEA and Title VII entitle an employer to make its own business judgments, free of any violation of the law, except that decisions cannot be based on age or sex.

Simply put, it is not unlawful under the ADEA or Title VII for the Hartford Public Schools or the State Board to take away the Faculty Manager assignment for any reason other than age or sex.  The Hartford Public Schools and the State Board were entitled not to retain Plaintiff in her extracurricular assignment based on their own subjective opinion that the person holding the assignment needed to be present at the school in order to do the job.  This is true because an employer is entitled to exercise its independent business judgment in making decisions on extracurricular duties.

It is not necessary that you believe that the Hartford Public Schools or the State Board made the best decision or that you would have made the same decision yourself.  Your job is to decide whether Plaintiff has proven that she lost the Faculty Manager assignment because of her age or sex.  The business decision of the Hartford Public Schools or the State Board need not be good or even wise; it simply has to be non-discriminatory.

It is up to Plaintiff to convince you by a preponderance of the evidence that her age or sex played a role and had a determinative influence in her losing the extracurricular assignment.  She must convince you that the reasons the Hartford Public Schools or the State Board gave for her loss

of the extracurricular assignment were an effort to hide an intentional decision based on age or sex, or in other words, a pretext or "cover-up" for age or sex discrimination. However, even if Plaintiff convinces you that the Defendants' reasons are false, Plaintiff still has the burden at all times of proving that the Defendant intentionally discriminated against her.[16]  Therefore, Plaintiff must prove that the real reason for the employment actions was her age or sex.[17]  Thus, even if you find that the reasons offered by the Hartford Public Schools and the State Board for its actions were false, you must find in favor of the Hartford Public Schools and the State Board, unless you also conclude that the real reason for the decision was Plaintiff's age or sex.[18]

Even if you do not agree with or believe the Hartford Public Schools' or the State Board's explanation, you must return a verdict in favor of the Hartford Public Schools and the State Board if you find that Plaintiff has not proven that her loss of the extracurricular assignment was the result of age or sex discrimination. Once again, the ultimate burden of proving that the Hartford Public Schools and the State Board discriminated against Plaintiff because of her age or sex remains at all times with the Plaintiff.

---

[16] Reeves, 530 U.S. at 143.

[17] Schnabel, 232 F.3d at 87.

[18] Reeves, 530 U.S. at 147; Slattery, 248 F.3d at 91; Fisher, 114 F.3d at 1339-40.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 8

## <u>BURDEN OF PROOF - EQUAL PROTECTION CLAIM</u>

In addition to her other claims, Plaintiff has also brought three claims under the Civil Rights

Act of 1871, commonly referred to as Section 1983, against all Defendants.  Section 1983 allows

citizens to bring suit against their state and local governments and officials for certain Constitutional

violations.  Plaintiff claims that the Defendants denied her the equal protection of the laws because

she was intentionally treated differently from others similarly situated in violation of the Fourteenth

Amendment to the Constitution.  She also claims that the Defendant violated her right of due

process under the Fourteenth Amendment to the Constitution.  Finally, she claims that she was

retaliated against for exercise of her First Amendment free speech rights.  I will first explain

Plaintiff's burden of proof for her equal protection claim.

In order to establish a claim under Section 1983, Plaintiff must prove by a preponderance of

the evidence the following three elements:

1.    That the conduct complained of was committed by a person acting under color of

state law;

2.    That this conduct deprived her of rights, privileges, or immunities secured by the

Constitution or laws of the United States; and

    3.      Defendants' acts were the proximate cause of the injuries and subsequent damages sustained by her.

I will now explain each of these elements. A person acts "under color of law" when that person acts under pretense of law. This means that the acts complained of would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers. You must decide whether Plaintiff has proven that a person acting under color of state law committed the act about which she complains.

Plaintiff must next prove that the Defendants' acts caused her to suffer the loss of one or more federal rights. In this case, Plaintiff claims that the Defendants' actions deprived her of equal protection of the laws in violation of the Fourteenth Amendment based on her gender. Thus, you must decide whether Plaintiff was denied the equal protection of the laws by the Defendants.

However, you may not consider whether Plaintiff was treated differently than others similarly situated when she was transferred to Webster Elementary School or when she was returned to Hartford Public High School. Those claims have already been dealt with and are not for your consideration. You may only consider whether Plaintiff was treated differently than others similarly situated when she lost the extracurricular assignment as Faculty Manager in 2000.

**Impermissible Consideration**

The equal protection clause essentially requires that all persons similarly situated be treated alike by state and local governments.  In this case, Plaintiff has alleged that she was treated differently than others similarly situated based on her gender.[19]  In order to establish an equal protection violation, Plaintiff must prove the following elements:

1. She was similarly situated to others;

2. She was intentionally treated differently than others similarly situated; and

3. Such different treatment was based on Plaintiff's sex.[20]

Thus, Plaintiff must first identify employees who were similarly situated to her in all material respects.  To be similarly situated, these individuals must have reported to the same supervisor as Plaintiff, must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to hers, without such differentiating or mitigating circumstances that would distinguish their conduct or the appropriate discipline for it.[21]  If you find that Plaintiff has not identified similarly situated employees, she has not proven that she was denied equal protection of the laws on the basis of her sex by the

---

[19] Second Amended Complaint at ¶¶42(b), 47(b), 52(b), 56(b) and Colon Complaint at ¶38(b).
[20] See e.g., Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).
[21] Mazzalla v. RCA Global Communications, Inc., 642 F. Supp. 1531, 1547 (S.D.N.Y. 1986), aff'd, 814 F.2d 653 (2d Cir. 1987).

Defendants, then you must find for the Defendants.  Differently situated individuals may, of course, be treated differently.[22]

If you find that Plaintiff has proven that she was similarly situated to other employees, then you must decide if she has shown that she was intentionally treated differently than those similarly situated on the basis of her sex.  In this case, Plaintiff has alleged that she was treated differently because of her sex.  Thus, Plaintiff is required to prove that in making these decisions concerning her duties, the Defendants intentionally treated her differently than others similarly situated.  That is, Plaintiff is required to prove by a preponderance of the evidence that the Defendants intentionally denied her the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution based on her sex.

The same standards that I just explained to you in relation to Plaintiff's Title VII claim apply equally here.[23]  In order to prevail, Plaintiff must prove, by a preponderance of the evidence, that: (1) she was subjected to an adverse employment action by the Defendants; (2) she was qualified to be the Faculty Manager at HPHS while assigned outside of HPHS; and (3) her sex was a determinative factor in the Defendants' decision.

Again, if you find both that Plaintiff suffered an adverse employment action and was qualified to serve as the Faculty Manager at HPHS, you must determine whether Plaintiff has

---

[22] Allen v. Cuomo, 100 F.3d 253, 261 (2d Cir. 1996).

[23] Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998) ("In analyzing whether conduct was unlawfully discriminatory for purposes of §1983, we borrow the burden-shifting framework of Title VII claims.").

proven that her sex was a determinative factor in her loss of the Faculty Manager assignment.

The term "determinative factor" means a factor that <u>actually made a difference</u> in the decision.

Plaintiff must show that her sex was a factor that made a difference in her loss of the Faculty

Manager assignment.  In other words, Plaintiff must prove that it is more likely true than not true

that "but for" her sex, she would have remained as the Faculty Manager at Hartford Public High

School for the remainder of her two year term.[24]

      You are not to determine, and you need not agree, that the Defendants were correct in

their decisions relating to the Faculty Manager assignment at Hartford Public High School in

2000.  An employer is entitled to make its own business judgments, free of any violation of the

law, except that decisions cannot be based on sex.

      It is not necessary that you believe that the Defendants made the best decision or that you

would have made the same decision yourself.  Your job is to decide whether Plaintiff has proven

that the Defendants took away the Faculty Manager assignment because of her sex.  If the

Plaintiff has failed to prove that the Defendants intentionally discriminated against her on the

basis of her sex, you must find in favor of the Defendants on the equal protection claim.   Once

again, the ultimate burden of proving that the Defendants discriminated against and denied

Plaintiff equal protection under the law based on her sex remains at all times with the Plaintiff.

---

[24] <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 141 (2000); <u>Fisher v. Vassar College</u>, 114 F.3d 1332, 1339 (2d Cir. 1997).

**<u>Olech—Class of One Claim</u>**[25]

Plaintiff has presented an alternative theory in support of her equal protection claim. Under this theory, Plaintiff asserts that, even if you find that the Defendants did not treat her differently than similarly situated employees because of her sex, she was treated differently than other similarly situated employees and there was no rational basis for the difference in treatment.[26] Under this theory, Plaintiff must prove that the Defendants intentionally treated her differently than others similarly situated and did so in a wholly arbitrary and irrational manner. Once again, under this theory, Plaintiff is obligated to identify others who are similarly situated to herself in all relevant respects. If she fails to do so, you must find in favor of the Defendants. Likewise, Plaintiff is obligated to prove by a preponderance of the evidence that Defendants acted intentionally.

Finally, Plaintiff is obligated to prove that there was no rational basis for the Defendants' actions.[27] A local governmental body can only be found to have acted irrationally if you find that there is no legitimate reason for their decisions.[28] Further, if you find that the Defendants treated

---

[25] The Defendants contend that Plaintiff elected to proceed with an equal protection claim based on gender, rather than an <u>Olech</u> claim. <u>See</u>, <u>African Trade & Info. Ctr. v. Abromitis</u>, 294 F.3d 355, 363-364 (2d Cir. 2002). Therefore, the Defendants do not believe that an <u>Olech</u> instruction is appropriate in this case. However, if the court finds otherwise, the Defendants submit this instruction.

[26] <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Bizzarro v. Miranda</u>, 2005 U.S. App. LEXIS 258 at *11 (2d Cir. Jan. 7, 2005).

[27] <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Giordano v. City of New York</u>, 274 F.3d 740, 751 (2d Cir. 2001); <u>Barton v. City of Bristol</u>, 294 F. Supp.2d 184 (D. Conn. 2003); <u>Batiste v. City of New Haven</u>, 239 F. Supp. 2d 213, 228 (D. Conn. 2002).

[28] <u>Brown v. Regional School Dist. 13</u>, 328 F. Supp. 2d 289, 294 (D. Conn. 2004) (<u>quoting</u>, <u>Harlen Assoc.s. v. Incorporated Village of Mineola</u>, 273 F.3d 494, 500 (2d Cir. 2001)).

Plaintiff differently than others similarly situated based on a rational, but mistaken basis, then you

must find in favor of the Defendants.  Put another way, if you find that the Defendants subjectively

intended to pursue legitimate goals, but did so incorrectly or unreasonably, you must find in favor of

the Defendants.[29]  Indeed, you may find in favor of the Defendants, under this theory, even if you

find that they were motivated to take an adverse employment action against Plaintiff for an

impermissible reason, such as race.[30]  Keep in mind that it is not your role to judge the wisdom,

fairness, or logic of the Defendants' decisions.  You are not to consider whether you would have

done something differently than the Defendants.  You are only to decide if there is any reasonably

conceivable state of facts that could provide a rational basis for the different treatment.[31]  You may

only find in favor of Plaintiff under this theory if you find that she has proven by a preponderance of

the evidence that there is no rational basis upon which the Defendants acted in treating Plaintiff

differently.

Of course, even if you find that Plaintiff was denied equal protection of the laws, you must

then decide whether the Defendants caused such deprivation resulting in her claimed injuries and

damages.  If you find that someone other than the Defendants caused Plaintiff to be deprived of the

---

[29] Bizzarro v. Miranda, 2005 U.S. App. LEXIS 258 at *20 n.2 (2d Cir. Jan. 7, 2005) ("We recognize that the term 'unwarranted' is ambiguous and arguably supports the proposition that a plaintiff can prevail on an Olech claim even where the defendant subjectively intended to pursue legitimate goals but did so incorrectly or unreasonably. But we do not think that is what the Cobb court intended.  The language quoted form Cobb was not meant to work any change in the underlying equal protection law.").

[30] African Trade & Info. Ctr. v. Abromitis, 294 F.3d 355, 364 (2d Cir. 2002) ("Taking [the plaintiffs' allegations that they were punished for their speech] as true, we cannot characterize Abromitis's actions as irrational.").

[31] Heller v. Doe, 509 U.S. 312, 319-320 (1993).

equal protection of the laws in violation of the Fourteenth Amendment, you must find in favor of

these Defendants.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 9

## **BURDEN OF PROOF - DUE PROCESS CLAIM**

As I stated earlier, Plaintiff has brought three claims under the Civil Rights Act of 1871

commonly referred to as Section 1983: an equal protection claim, a due process claim and a First

Amendment retaliation claim. I have just explained Plaintiff's burden of proof with respect to her

equal protection claim. I will now explain the Plaintiff's burden of proof with respect to her due

process claim. In order to prevail, Plaintiff must prove by a preponderance of the evidence the

following three elements:

1.      That the conduct complained of was committed by a person acting under color of

state law;

2.      That this conduct deprived her of rights, privileges, or immunities secured by the

Constitution or laws of the United States; and

3.      Defendants' acts were the proximate cause of the injuries and subsequent damages

sustained by her.

I will now explain each of these elements. As I explained earlier, a person acts "under color

of law" when that person acts under pretense of law. This means that the acts complained of would

not have occurred but for the fact that the person committing them was an official, purporting to

exercise his or her official powers.  You must decide whether Plaintiff has proven that a person acting under color of state law committed the act about which she complains.

Plaintiff must next prove that the Defendants' acts caused her to suffer the loss of one or more federal rights.  In this case, Plaintiff claims that the Defendants' actions deprived her of her right to due process in violation of the Fourteenth Amendment.  Thus, you must decide whether Plaintiff was deprived of due process by the Defendants.

Here, Plaintiff is asserting a procedural due process claim.  Procedural due process claims concern the adequacy of the procedures provided by the governmental entity for the protection of property rights of an individual.[32]  To establish a procedural due process violation, Plaintiff must prove by a preponderance of the evidence the following three elements:

1.    She has a property interest protected by the Constitution;[33]

2.    Action by the Hartford Public Schools or the State Board with respect to that property interest amounted to a deprivation; and

3.    The deprivation occurred without due process.[34]

Thus, Plaintiff must first prove that she possesses a constitutionally protected property interest.  Here, Plaintiff claims that was not given a fair hearing prior to losing the Faculty Manager

---

[32] <u>Gordon v. Nicoletti</u>, 84 F. Supp.2d 304, 308 (D. Conn. 2000).

[33] <u>Narumanchi v. Bd. of Trustees</u>, 850 F.2d 70, 72 (2d Cir. 1988).

[34] <u>Parsons v. Pond</u>, 126 F. Supp. 2d 205, 214-215 (D. Conn. 2000) <u>aff'd</u>, 25 Fed. Appx. 77, 2002 U.S. App. LEXIS 1639 (2d Cir. Jan. 31, 2002), <u>cert</u>. <u>denied</u>, 537 U.S. 881, 123 S. Ct. 92, 154 L. Ed. 2d 138 (2002).

assignment in 2000. To establish a property interest, Plaintiff must prove that she had a legitimate claim to the entitlement of the property interest, not just the desire or expectation of it.[35] Keep in mind that not every contractual or statutory right rises to the level of a constitutionally protected property interest.[36] It is not the intent of Section 1983 to convert every breach of contract claim into a federal claim.[37]

If, however, you find that Plaintiff has proven that any of the Defendants deprived her of a property interest, you must then determine if this deprivation occurred without due process. Keep in mind that the due process clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.[38] Nor does it guarantee public employees a workplace that is free of unreasonable risks of harm.[39] Rather, the due process clause requires only that the plaintiff have an opportunity for a hearing at a meaningful time and in a meaningful manner.[40] Notice of the

---

[35] Board of Regents. v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1971); Brockman v. Windsor Bd. of Educ., No. 3:99CV1220 (JBA), 2001 U.S. Dist. LEXIS 23939, at *13 (D. Conn. July 23, 2001); Barton v. City of Bristol, 294 F. Supp.2d 184, 196 (D. Conn. 2003).

[36] Gordon v. Nicoletti, 84 F. Supp.2d 304, 310 (D. Conn. 2000) (citing Ezekwo v. NYC Health & Hosp. Corp., 940 F.2d 775, 782 (2d Cir. 1991)).

[37] Ezekwo v. NYC Health & Hosp. Corp., 940 F.2d 775, 782 (2d Cir. 1991), cert. denied, 502 U.S. 1013, 112 S. Ct. 657, 116 L. Ed. 2d 749 (1991).

[38] Collins v. City of Harker Heights, 503 U.S. 115, 129, 112 S. Ct. 1061, 117 L. Ed. 2d 261(1992).

[39] Collins, 503 U.S. at 129.

[40] Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir.), cert. denied, 469 U.S. 932, 105 S. Ct. 328, 83 L. Ed. 2d 265 (1984).

employment action and the opportunity to be heard before the action is taken constitutes sufficient due process.[41]

In addition, in some situations, a hearing after the fact will satisfy due process.[42] Courts have found that the availability under state law of a post-deprivation hearing or grievance procedures will satisfy completely due process and bar a section 1983 claim.[43]  Thus, a collective bargaining agreement's grievance procedures may satisfy due process rights regardless of whether the Plaintiff takes advantage of these procedures.[44]  Therefore, in determining whether Plaintiff received due process, you may consider whether there was a grievance procedure available to Plaintiff for the loss of her extracurricular assignment.  Also, the availability of a breach of contract action under state law may be a sufficient remedy for deprivation of a contractually created property interest.[45]

---

[41] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) ("root requirement" of Due Process Clause is the opportunity for a hearing prior to the deprivation a significant property interest); see also Ciambriello v. County of Nassau, 292 F.3d 307, 322 (2d Cir. 2002) (process due was notice of charges against plaintiff and the opportunity to be heard before demotion).

[42] Cleveland Bd. of Educ., 470 U.S. at 542 n.7.

[43] Ezekwo, 940 F.2d at 784.

[44] Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 213 (2d Cir. 2003); Narumanchi v. Bd. of Trustees of the Connecticut State Univ., 850 F.2d 70, 72 (2d Cir. 1988); Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987); Locascio v. Winchester Bd. of Educ., 3:98CV1556 (RNC), 2000 U.S. Dist. LEXIS 20367 at * 15 (D. Conn. Feb. 15, 2000) (tenured teacher's failure to use grievance procedures provided by a collective bargaining agreement with respect to her involuntary transfer precludes a procedural due process challenge to the fairness of those procedures).

[45] Ezekwo, 940 F.2d at 784; Ramsey v. Bd. of Educ. of Whitley County, Kentucky, 844 F.2d 1268, 1273 (6th Cir. 1988).

This is because the state common law of contracts creates the property interest at stake and that same law determines what remedy lies for the deprivation caused by the breach of contract.[46]

In short, if you find that Plaintiff had access to a grievance process that could have made her whole or could have brought a breach of contract claim against the Defendants, you may find in favor of the Defendants on her due process claim.

Thus, if you find that Plaintiff had notice of the Defendants' actions and an opportunity to respond before the action was taken or that there were sufficient grievance procedure available to her, then Plaintiff was not deprived of a property interest without due process, and you must find in favor of the Defendants on Plaintiff's due process claim.

---

[46] Ramsey v. Bd. of Educ. of Whitley County, Kentucky, 844 F.2d 1268, 1273 (6th Cir. 1988); see also, Daniels v. Williams, 474 U.S. 327, 332, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ("Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society.").

DEFENDANTS' PROPOSED
INSTRUCTION NO. 10

## **BURDEN OF PROOF – FIRST AMENDMENT RETALIATION CLAIM**

The third claim that Plaintiff has brought under Section 1983 is a First Amendment

retaliation claim.  Plaintiff is first obligated to prove by a preponderance of the evidence the

following three elements:

1.    That her speech addressed a matter of public concern;

2.    That she suffered an adverse employment action; and

3.    That a causal connection existed between the speech and the adverse employment

     action.[47]

As to the first element, I have already determined that any speech that Plaintiff may have

uttered regarding the scheduling of sports teams by the three traditional high schools in Hartford

arguably touches on a matter of public concern.[48]  Therefore, as to this first element, you must

determine whether Plaintiff has proven by a preponderance of evidence that she, in fact, spoke out

regarding the sports scheduling issue and that the Defendants were aware of any such protected

speech.

---

[47] Konits v. Valley Stream Central High School Dist., 2005 U.S. App. Lexis 260 (2d Cir. Jan. 7, 2005); Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2003).

[48] Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003) (whether an employee's speech addresses a matter of public concern presents a question of law for the court to resolve.).

As to the second element, I have previously instructed you on an adverse employment action. However, I will repeat that instruction here: an employee suffers an adverse employment action if she endures a materially adverse change in the terms or conditions of employment.[49] To be "materially adverse," a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities.[50] A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in salary, a less distinguished title, a material loss of benefits or significantly diminished material responsibilities.[51]

If you find that Plaintiff suffered an adverse employment action, you must then determine whether Plaintiff has proven that her speech on a matter of public importance was the motivating factor in the adverse employment action.[52] In other words, you must decide whether Plaintiff's speech on a matter of public concern was a substantial motivating factor in the Defendants' decision to replace Plaintiff as Faculty Manager when she was no longer assigned to Hartford Public High School in 2000. Plaintiff needs to prove, by a preponderance of the evidence, through tangible proof that her speech animated her loss of the Faculty Manager assignment in 2000. Plaintiff must offer proof beyond her simply saying so.[53] She must present you with facts. If you find that

---

[49] Galabaya v. New York City Bd. of Ed., 202 F.3d 636, 640 (2d Cir. 2000).
[50] Id.
[51] Id.
[52] Washington v. Crump, 373 F.3d 310, 320 (2d Cir. 2004).
[53] Id.

Plaintiff lost the Faculty Manager assignment in 2000 for some reason other than her speech or even for no good reason, you must find in favor of the Defendants.

If you find the Plaintiff has proven that she was subjected to adverse employment action because of her speech on a matter of public importance, you next need to consider whether the Defendants would have done the same thing regardless of any speech on a matter of public importance by Plaintiff.[54] Thus, if you find that Plaintiff would have lost her Faculty Manager assignment in 2000 regardless of whether she had spoken out on a matter of public importance, you must find in favor of the Defendants.

Once again, you are not being asked to judge the wisdom of the Defendants' actions. You are simply being asked to determine whether Plaintiff has proven that she lost the Faculty Manager assignment in 2000 because she had previously spoken out on a matter of public concern.

---

[54] Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2003) ("Once a plaintiff satisfies these three factors, the government may avoid liability pursuant to either of two rationales.  The government may either (1) demonstrate by a preponderance of the evidence that it would have taken the same adverse action regardless of the protected speech, or (2) show that the plaintiff's expression was likely to disrupt the government's activities, and that the likely disruption was sufficient to outweigh the value of the plaintiff's First Amendment expression.").

DEFENDANTS' PROPOSED
INSTRUCTION NO. 11

## BURDEN OF PROOF AS TO MUNICIPAL LIABILITY FOR THE HARTFORD PUBLIC SCHOOLS AND THE STATE BOARD[55]

As I have previously explained, Plaintiff claims that the Hartford Public Schools and the State Board are liable to her under Section 1983 for denying her equal protection of the laws, due process violations and retaliation for exercise of her First Amendment free speech rights when she lost the Faculty Manager assignment at Hartford Public High School in 2000. If you find that an employee of the Hartford Public Schools or the State Board, such as Ms. Bernabucci or Mr. Colon-Rivas, deprived Plaintiff of any of these rights, this alone is not a sufficient basis for holding the Hartford Public Schools or the State Board liable to the plaintiff. Not every decision by an employee automatically subjects the Hartford Public Schools or the State Board to liability under Section 1983.[56] Before you can hold the Hartford Public Schools or the State Board liable, Plaintiff must prove the following by a preponderance of the evidence:

1.     An official policy or custom of the Hartford Public Schools or the State Board;

2.     Caused Plaintiff to be subjected to;

---

[55] Throughout these proceedings, the Defendants have contended that the State Board is an arm of the State of Connecticut and immune from any liability in this case by reason of both Eleventh Amendment immunity and sovereign immunity. The Defendants continue to assert that the State Board is entitled to such immunities. However, the court disagreed in its Ruling on Defendants' Motion for Summary Judgment and declined to find that the State Board was entitled to the protections of sovereign and Eleventh Amendment immunities. Therefore, the State Board has been included in this instruction.

[56] Pembaur v. City of Cincinnati, 475 U.S. 469, 482, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).

3.     A denial of a Constitutional right.[57]

Thus, Plaintiff has the burden of establishing that the Hartford Public Schools and the State Board maintained an official policy or custom of discriminating against employees based on their gender, denying them due process of law, or retaliating against employees for exercising their First Amendment right to free speech. The official policy or custom must have been the moving force behind the constitutional violation.[58]

Official policy or custom may be set by those whose edicts or acts may fairly be said to represent official policy.[59] You have heard evidence that, during the time in question, the State Board was the official policymaker for the Hartford Public Schools. Before you can hold the Hartford Public Schools liable, you must be convinced that the acts in question were officially sanctioned or ordered by the Hartford Public Schools.[60]

Alternatively, the Hartford Public Schools could also be held liable if Ms. Bernabucci or Mr. Colon-Rivas was a final policy maker with respect to employment policies for the Hartford Public Schools. However, remember that a person may have discretion in the exercise of particular functions in an area without being the official responsible for establishing the policy in that area.[61] For example, the Courts recognize that a person may have discretion to hire and fire employees

---

[57]  Zahra v. Town of Southold, 48 F. 3d 674, 685 (2d Cir. 1995).
[58] Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Goldberg v. Town of Rocky Hill, 973 F.2d 70, 72 (2d Cir. 1992).
[59]  McMillian v. Monroe County, Alabama, 520 U.S. 781, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d, (1997).
[60] Pembaur, 475 U.S. at 480.
[61] Pembaur, 475 U.S. at 482-84.

without being the official responsible for establishing a public school district's employment policy.[62]  Thus, even if Plaintiff has proven that Ms. Bernabucci or Mr. Colon-Rivas has the power to perform certain acts, such as assigning extracurricular duties, you must find in favor of the Hartford Public Schools and the State Board if you find that the State Board or the Hartford Public Schools retained the power to establish employment policies for the Hartford Public Schools.  In other words, even if you find that Ms. Bernabucci or Mr. Colon-Rivas had acted in an unconstitutional manner, you must find in favor of the Hartford Public Schools and the State Board if Plaintiff fails to prove, by a preponderance of the evidence, that Ms. Bernabucci or Mr. Colon-Rivas was a final policymaker in the area of employment practices or that her actions represented the official policy of the Hartford Public Schools or the State Board.[63]  If you find that Ms. Bernabucci or Mr. Colon-Rivas intentionally violated Plaintiff's constitutional rights but did not do so pursuant to an official policy, you must find in favor of the Hartford Public Schools and the State Board on these claims.

Once again, I remind you that an employer is entitled to make a business decision for a good reason, a bad reason or no reason at all.  You are not asked to determine whether the Hartford Public Schools' or the State Board's policies were good, wise or effective ones.  You are only asked to determine whether Plaintiff has proven that the Hartford Public Schools or the State Board

---

[62] See Pembaur, 475 U.S. at 483 n.12.
[63] See id.

maintained a policy of retaliating against its employees, depriving them of equal protection under the law, or depriving employees of their due process rights and that some official of the Hartford Public Schools implemented such policies causing Plaintiff injury.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 12

## BURDEN OF PROOF - PERSONAL INVOLVEMENT BY MS. BERNABUCCI AND MR. COLON-RIVAS

In this case, Ms. Bernabucci and Mr. Colon-Rivas cannot be found liable for any equal protection, due process or First Amendment violation unless Plaintiff has proven by a preponderance of the evidence that they were personally involved in the alleged Constitutional violation.[64]  Under the law, a person can only be held liable for a violation of a person's Constitutional rights if they were personally involved in violating such rights, either directly or as a supervisor.  For example, if you were to find that one of the individual defendants in this case was motivated to discriminate against or retaliate against Plaintiff for an improper reason, but was not involved in Faculty Manager assignment decision, you should find in favor of that defendant.

---

[64] Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 13

### QUALIFIED IMMUNITY DEFENSE

The actions of Ms. Bernabucci and Mr. Colon-Rivas are protected from liability by what

is known as Qualified Immunity.  This means that, with respect to Plaintiff's Section 1983

claims, you must return a verdict in favor of Ms. Bernabucci and Mr. Colon-Rivas unless you

find that their actions violated clearly established Constitutional or statutory rights of Plaintiff at

the time that they acted.[65]  In other words, you must ask yourself whether Ms. Bernabucci and

Mr. Colon-Rivas were reasonable in believing that the actions they took did not violate

Plaintiff's Constitutional rights.  In essence, you are asked to step into the shoes of Ms.

Bernabucci and Mr. Colon-Rivas and determine whether they reasonably believed that they were

not violating Plaintiff's Constitutional rights.

Qualified Immunity is essential to ensure that municipal officials will not shy away from

their duties because of unnecessary fear of personal liability if, in hindsight, their reasonable

judgment is mistaken.  The Qualified Immunity doctrine therefore necessarily contemplates a

margin of error.  In order to impose personal liability on Ms. Bernabucci or Mr. Colon-Rivas,

Plaintiff must show that no reasonably competent school administrator would have failed to

---

[65] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Shecter v. Comptroller of City of New York, 79 F. 3d 265, 268 (2d Cir. 1996).

recognize that Plaintiff's loss of the Faculty Manager assignment in 2000 violated Plaintiff's Constitutional rights.  In other words, Plaintiffs must show that Ms. Bernabucci and Mr. Colon-Rivas either deliberately set out to violate her Constitutional rights, or were deliberately indifferent to Plaintiff's Constitutional rights in order to overcome the qualified immunity defense.  Thus, Plaintiff must show that Ms. Bernabucci's or Mr. Colon-Rivas' conduct was illegal and that it was so illegal that it violated clearly established law.  Plaintiff must also show that Ms. Bernabucci or Mr. Colon-Rivas violated this clearly established law intentionally or with reckless disregard to Plaintiff's Constitutional rights.

If Plaintiff fails to meet this standard, you should find that Ms. Bernabucci and Mr. Colon-Rivas are entitled to qualified immunity.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 14

## **DEFENDANTS' STATE OF MIND**

All of Plaintiff's claims require her to prove that the Defendants acted intentionally.[66]  The

Defendants cannot be held liable under any of the claims in this case for negligent or mistaken acts.

Rather, the Defendants may only be held liable if they retaliated against Plaintiff for speaking out on

a matter of public concern, discriminated against her on the basis of her age or sex or denied her due

process with an intent to do so or with a reckless disregard of the consequences of their acts.

An act is intentional if it is done knowingly, that is, if it is done voluntarily or deliberately,

not because of mistake, accident, negligence or other innocent reason.  In determining whether a

person acts with a requisite intent, you must evaluate what was done and what the decision-makers

involved said was in their minds in view of your belief or disbelief with respect to those facts.

Thus, if you find that the Defendants' acts were merely negligent, then, even if you find that

Plaintiff was injured as a result of those acts, you must return a verdict for the Defendants.[67]

---

[66] See, Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).
[67] 5 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 87.03[3] (2003).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 15

## **PROXIMATE CAUSE**

Plaintiff must prove that the acts of the Defendants were a proximate cause of any injuries that she sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of Defendants and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendants' act or omission. If an injury was a direct result or a reasonably probable consequence of a Defendants' act or omission, it was proximately caused by such act or omission.

In order to recover damages for any injury, Plaintiff must prove by a preponderance of the evidence that that injury would not have occurred without the conduct of the Defendants. If you find that Plaintiff complains about an injury that would have occurred even in the absence of the conduct of the Defendants, you must find that the Defendants did not cause Plaintiff's injury.

The Defendants are not liable if Plaintiff's injury was caused by a new or independent source. Thus, if you find that the Defendants acted wrongfully but that Plaintiff would have suffered injuries anyway or that Plaintiff's injuries were caused by someone or something else, you must find in favor of the Defendants.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 16

## **<u>PLAINTIFF'S OPINION AS TO HER OWN QUALIFICATIONS</u>**

During this trial, Plaintiff may have testified that she believed that she was more qualified for the extracurricular assignment of Faculty Manager than other candidates or that she was entitled to the assignment.  Plaintiff's opinion as to her qualifications, performance and expectations carries relatively little weight, and is only entitled to any weight if corroborated by other evidence derived from the decision-makers.[68]  The most probative evidence of qualification comes from the decision-makers -- the evaluators of Plaintiff's performance and qualifications.[69]  In this regard, any evidence of Plaintiff's past accomplishments or involvements is insufficient to establish Plaintiff's claims.

---

[68] <u>See</u>, <u>e.g.</u>, <u>Charrette v. S.M. Flickinger Co., Inc.,</u> 806 F. Supp. 1045, 1058 (N.D.N.Y. 1992) (discharged employee's conclusory, self-serving statements that his performance was excellent is insufficient to establish that the employee performed his job satisfactorily for purpose of age discrimination claim); <u>EEOC v. LA. Dept. of Social Services</u>, 63 FEP 161, 164 (E.D.La. 1993) (courts cannot allow an employee's subjective belief of discrimination, however genuine, to be a basis of judicial relief); <u>Mills v. First Federal Savings & Loan Association of Belvidere</u>, 83 F.3d 833 (7th Cir. 1996) (employee's self serving statements about her ability are insufficient to contradict an employer's negative assessment of that ability); <u>Little v. Republic Refining Co.</u>, 924 F.2d 93, 96 (5th Cir.  1991); <u>Cf. Smith v. Flax</u>, 618 F. 2d 1062, 1067 (4th Cir. 1980) (employee's perception of himself not relevant at all).

[69] <u>See</u>, <u>e.g.</u>, <u>Meiri v Dacon</u>, 759 F.2d 989, 995 (2d Cir.), <u>cert</u>. <u>denied</u>, 474 U.S. 829, 106 S. Ct. 91, 88 L. Ed. 2d 74 (1985) ("[i]n  determining whether an employee's job performance is satisfactory, courts may -- as they often must -- rely on the evaluations rendered by supervisors.").

DEFENDANTS' PROPOSED
INSTRUCTION NO. 17

## BUSINESS JUDGMENT

In this case, it is important to remember that you are not being called upon to decide whether the Defendants made good or wise decisions.[70] Nor are you being called upon to decide whether the Hartford Public Schools is a good place to work.

Employers are entitled to make their own subjective business judgments and to conduct the operations of their business as they see fit. Accordingly, you are not being asked to judge whether you agree with the Defendants' decisions regarding the Faculty Manager assignment at Hartford Public High School. Rather, an employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability.[71] It is not necessary that you believe that the best decisions were made regarding the Faculty Manager assignment at Hartford Public High School or that you would have made the same decisions yourself. Your job is to decide whether Plaintiff has proven by a preponderance of the evidence that the Defendant is liable for the claims brought by Plaintiff based on the instructions that I have given you.

---

[70] See e.g., Cavuoto v. Oxford Health Plans, Inc., 3:99CV00446 (EBB), 2001 U.S. Dist. LEXIS 14357 (D. Conn. June 13, 2001) ("A business decision need not be good or even wise. It simply has to be nondiscriminatory . . . .").
[71] Morris v. Hartford Courant, 200 Conn. 676, 679, 513 A.2d 66 (1986).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 18

**<u>DAMAGES</u>**

Ladies and Gentlemen, it is now my responsibility to instruct you on damages. You should draw no conclusions with respect to the fact that I am now instructing you on damages. This does not mean that I believe you should find for or against Plaintiff on the issue of liability. My instruction on damages is only meant to apply if you decide that the Defendants are liable for any of the claims Plaintiff has presented, based upon the law as I instructed you earlier.

Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial.

1.      <u>ADEA Claim</u>

I will now instruct you on the issue of damages for Plaintiff's ADEA claim against the Hartford Public Schools and the State Board.

a.      <u>Back Pay</u>

In the event that you are convinced by the evidence that the Hartford Public Schools or the State Board discriminated against Plaintiff based on her age when she lost the extracurricular assignment as Faculty Manager in 2000, you may award her an amount for loss of earnings, or

backpay, based upon the evidence presented at trial. Damages are meant to put the plaintiff in the economic position she would have occupied if the unlawful discrimination had not occurred.[72]

Thus, in determining back pay damages in this case, you may award Plaintiff any pay that she proves that she lost as a result of losing the Faculty Manager assignment in 2000. However, certain deductions must be made from this back pay amount. If you find that Plaintiff has already been reimbursed all that she is owed for her term as Faculty Manager for the 1999-2001 school years, you must find that Plaintiff is not entitled to any backpay. Remember, damages must not be based on speculation or sympathy but rather, on the evidence presented at trial.

Even if you find that Plaintiff is entitled to some backpay, you must deduct from that amount any income that Plaintiff actually earned from performing other extracurricular or coaching assignments. Likewise, you must deduct any amounts that Plaintiff could have earned through the exercise of reasonable diligence. For example, if Plaintiff could have minimized her damages by accepting another extracurricular assignment or coaching position but refused to do so, the amount that she could have earned should be deducted from any backpay award. It is Plaintiff's duty to use reasonable diligence to obtain other employment or to seek other sources of income to minimize

---

[72] See, e.g., McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362, 115 S.Ct. 879, 130 L. Ed. 2d 852 (1995); Bridgeport Hospital v. Connecticut Comm'n on Human Rights and Opportunities, 232 Conn. 91, 111, 653 A.2d 782 1995) (citation omitted).

any damages she might suffer.[73]  This includes the obligation to seek and accept other suitable positions which may have been available and which, using reasonable efforts, she could have discovered.[74]  In this regard, the Defendants have the burden of proving by a preponderance of the evidence that Plaintiff failed to minimize her damages.

Further, I instruct you that Plaintiff is not entitled to recover any compensatory damages should she prevail on her age discrimination claim.[75]  Therefore, you may not award her damages for any physical, mental, and/or emotional pain and suffering allegedly experienced as a result of her losing the Faculty Manager assignment because of illegal age discrimination.

---

[73] See, e.g., Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982) cert. denied sub nom., Lussier v. Runyon, 516 U.S. 815 (1995); Suggs v. Servicemaster Education Food Mgt., 72 F.3d 1228, 1233 (6th Cir. 1996); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984).
[74] Id.
[75] See, e.g., Koehler v. Chesbrough-Ponds, Inc., 705 F. Supp. 721, 723 (D. Conn. 1988).

b.       Liquidated Damages Under ADEA[76]

With respect to Plaintiff's ADEA claim, if you determine that the Hartford

Public Schools and the State Board discriminated against Plaintiff based on her age and you have

awarded her back pay damages, you then need to determine whether the discrimination was willful.

The effect of a finding of willfulness is to double the amount of actual damages you have

awarded.[77]  This type of damages for a willful violation of the ADEA is called liquidated

damages and is designed to punish the Defendant and serve as an example or warning to others

not to engage in such conduct.  If you have not awarded Plaintiff any back pay damages, you

cannot award liquidated damages.

Let me explain to you how to determine whether the Hartford Public Schools' actions or

the State Board's actions were willful.  If you find that the Hartford Public Schools or the State

Board discriminated against Plaintiff based on her age, the discrimination would have been

willful if the Hartford Public Schools or the State Board knew that Plaintiff's loss of the Faculty

Manager assignment violated the ADEA or the Hartford Public Schools or State Board showed

---

[76] The Defendant believes that liquidated damages may not be awarded against a school district.  See, Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126, 105 S. Ct. 613, 83 L.Ed.2d 523 (1985); Newport v. Facts Concerts, Inc., 453 U.S. 247, 260 n.21, 101 S. Ct. 2748, 69 L. Ed.2d 616 (1981).  These proposed instructions are included herein only in the event that the Court finds that liquidated damages may be awarded against a school district.
[77] 29 U.S.C. § 626(b).

reckless disregard for whether its conduct was prohibited by the ADEA.[78]  In other words, you

must determine whether the Hartford Public Schools or the State Board deliberately,

intentionally, on purpose, and knowingly violated the law, or if it showed a reckless disregard for

the law, when Plaintiff lost the Faculty Manager assignment.[79]  If the action was accidental,

mistaken, unknowing or taken for some innocent or legitimate reason then the Hartford Public

Schools' and the State Board's conduct would not be willful.[80]

It is not sufficient for Plaintiff to show that the Hartford Public Schools or the State

Board simply knew of the potential applicability of the ADEA.[81]  Nor can she recover liquidated

damages if the Hartford Public Schools and the State Board acted reasonably or in good faith.[82]

Rather, you may award liquidated damages only if you determine that Plaintiff proved both that

the Hartford Public Schools or the State Board discriminated against her based on her age, and

that in doing so, it wholly disregarded the law without making any reasonable efforts to

determine whether its conduct would constitute a violation of the law.[83]

Whether to make an award of liquidated damages, in addition to actual damages, is a

matter exclusively within your province.  Such an award may be allowed only if Plaintiff has

---

[78] See, e.g., Hazen Paper Co. v. Biggins, 507 U.S. 604, 615, 113 S. Ct. 1701, 123 L. Ed.2d 338 (1993); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125-128, 105 S. Ct. 613, 83 L. Ed.2d 523 (1985); Benjamin v. United Merchants and Manufacturers, Inc., 873 F.2d 41, 43-45 (2d Cir. 1989).

[79] Id.

[80] Benjamin, 873 F.2d at 44.

[81] Hazen Paper, 507 U.S. at 615; Trans World, 469 U.S. at 125-128; Benjamin, 873 F.2d at 43-45.

[82] Id.

[83] Id.

proven by a preponderance of the evidence that the Hartford Public Schools or the State Board willfully discriminated against Plaintiff based on her age.  You must bear in mind that liquidated damages should never be awarded because of any sympathy, bias or prejudice with respect to any party in the case.

  2. <u>Title VII Claims</u>

    I will now instruct you on the issue of damages for Plaintiff's Title VII sex discrimination against the Hartford Public Schools and the State Board.

    a. <u>Back Pay</u>

  Like Plaintiff's ADEA claim, if you are convinced by the evidence that the Hartford Public Schools or the State Board discriminated against Plaintiff based on her sex when she lost the Faculty Manager assignment in 2000, you may award her an amount in back pay for wages based upon the evidence presented at trial.  However, you may not award her backpay damages more than once.  That is, if you have already awarded Plaintiff backpay damages for the alleged ADEA violation, you may not do so again for a Title VII violation.  Damages are meant to put the plaintiff in the economic position she would have occupied if the unlawful discrimination had not occurred.[84]

---

[84]  <u>See</u>, <u>e.g.</u>, <u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352, 362, 115 S.Ct. 879, 130 L. Ed. 2d 852 (1995); <u>Bridgeport Hospital v. Connecticut Comm'n on Human Rights and Opportunities</u>, 232 Conn. 91, 111, 653 A.2d 782 (1995) (citation omitted).

Thus, in determining back pay damages in this case, you may award Plaintiff any pay that she proves that she lost as a result of losing the Faculty Manager assignment in 2000.  If you find that Plaintiff has already been reimbursed all that she is owed for her term as Faculty Manager for the 1999-2001 school years, you must find that Plaintiff is not entitled to any backpay.   Again, damages must not be based on speculation or sympathy but rather, on the evidence presented at trial.

>           b.      Compensatory Damages

Unlike the ADEA discrimination claim, Title VII allows Plaintiff to recover any compensatory damages that she has proven by a preponderance of the evidence.  In this case, Plaintiff has presented evidence regarding emotional distress that she attributes to the actions of the Hartford Public Schools and the State Board.

In order for emotional distress damages to be awarded, Plaintiff must prove that she experienced actual mental suffering or emotional distress that was proximately caused by the allegedly unlawful conduct of the Hartford Public Schools or the State Board.[85]  The mere fact that illegal sex discrimination has occurred does not justify the award of emotional distress damages.[86] It is difficult to prove the existence or extent of mental suffering with certainty, and there is always

---

[85] See, e.g., Johnson v. Flammia, 169 Conn. 491, 499, 363 A.2d 1048 (1975); Boland v. Vanderbilt, 140 Conn. 520, 525 (1953); Bates v. Carroll, 99 Conn. 677, 679, 122 A. 562 (1932); Preston v. Keith, 217 Conn. 12, 20-21, 584 A.2d 439 (1991); Richardson v. Pratt & Whitney Mfg. Co., 129 Conn. 669, 672, 30 A.2d 919 (1943).

[86] Patrolmen's Benevolent Ass'n. of the City of New York, Inc. v. City of New York, 310 F. 3d 43, 55 (2d Cir. 2002), cert. Denied, 538 U.S. 1032 (2003).

the possibility that there is no real basis for the claim or that the suffering is exaggerated.[87]  For that reason, you must scrutinize with care the evidence offered in support of any claim for mental suffering and approach the matter with caution.  You must apply sound, common sense in reaching any damages award you make for this reason.  Indeed, any award of emotional distress damages must be supported by competent evidence concerning the alleged injury.[88]  Generally, Plaintiff's testimony, standing alone, is insufficient to sustain an award of emotional distress damages.[89]

In awarding damages, you must also disregard any suffering that may have been experienced by Plaintiff from causes other than the actions of the Hartford Public Schools or the State Board and award her only those damages which you are satisfied resulted from the alleged illegal sex discrimination.  Thus, if you find that Plaintiff experienced mental suffering or emotional distress as a result of reasons other than the actions of the Hartford Public Schools or the State Board, you should not award any emotional distress damages.

In scrutinizing the evidence with respect to Plaintiff's mental suffering, you must also bear in mind that such damages for mental suffering cannot be awarded simply because someone's

---

[87] See, e.g., Delott v. Roraback, 179 Conn. 406, 409, 426 A.2d 791 (1980); D. Wright & W. Ankerman, supra, §§ 222, 240.
[88] Patrolmen's Benevolent Ass'n., 310 F.3d at 55 (quoting Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978)).
[89] Id.

feelings are hurt.[90]  This is because a state of complete serenity is a rare achievement in life, and a certain amount of emotional distress is simply a part of the price we pay for living in this world.[91]

You may not speculate or guess as to the nature or extent of Plaintiff's injuries.  You may only award damages for those injuries that Plaintiff has proven, by a fair preponderance of the evidence and with a reasonable probability, resulted from the actions of the Hartford Public Schools or the State Board.  In this regard, you may consider whether Plaintiff's alleged mental distress was the product of other sources of stress in his life, such as her health or her life outside of work.  You must remember that the burden of proving damages with reasonable certainty lies with Plaintiff.  The theory of emotional distress damages is to provide fair and just compensation, no more and no less, to Plaintiff.

Unlike the ADEA, Title VII does not provide for liquidated damages.  Therefore, you should not double any damages that you may find against the Hartford Public Schools or the State Board for alleged illegal sex discrimination.

3.      Plaintiff's Claims Under Section 1983

I will now instruct you on the issue of damages for Plaintiff's equal protection, due process and First Amendment retaliation claims.

a.      Back Pay

---

[90] Hiers v. Cohen, 31 Conn. Supp. 305, 308-309, 329 A.2d 609 (1973).
[91] Restatement (Second) of Torts § 46, Comment d (1977).

In the event you are convinced by the evidence that Plaintiff has proven that the Defendants denied her equal protection of the laws, denied her due process, or retaliated against her for her speech on a matter of public concern when she lost the Faculty Manager assignment in 2000, you may award her back pay for her lost wages in accordance with the standards I have already explained. Again, if Plaintiff has failed to prove that she ultimately lost any pay, you should not award any back pay.

I further instruct you that Plaintiff is only entitled to a single award of back pay in this lawsuit. She may not recover twice for the same injury.[92] In other words, you may only award damages once for a particular harm regardless of the number of legal claims that Plaintiff may have proved. Thus, if you have already awarded Plaintiff back pay on her age or sex discrimination claims, you may not award her any additional back pay on her equal protection claim or due process claim.

b.     Emotional Distress Damages

In addition to back pay, if you find that the Defendants intentionally denied Plaintiff equal protection of the laws, violated her due process rights or retaliated against her for her speech on a matter of public concern, the law allows Plaintiff to recover for any mental suffering that she experienced as a result of the Defendants' actions.

---

[92] Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996); Kilduff v. Adams, Inc., 219 Conn. 314, 333, 593 A.2d 478 (1991); Peck v. Jacquemin, 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985); ABA Model Jury Instructions Employment Litigation, supra, §§ 3.03[6].

In order for emotional distress damages to be awarded, Plaintiff must prove that she experienced actual mental suffering or emotional distress that was proximately caused by the allegedly unlawful conduct of the Defendant.[93]  The mere fact that a constitutional deprivation has occurred does not justify the award of emotional distress damages.[94]  It is difficult to prove the existence or extent of mental suffering with certainty, and there is always the possibility that there is no real basis for the claim or that the suffering is exaggerated.[95]  For that reason, you must scrutinize with care the evidence offered in support of any claim for mental suffering and approach the matter with caution.  You must apply sound, common sense in reaching any damages award you make for this reason.  Indeed, any award of emotional distress damages must be supported by competent evidence concerning the alleged injury.[96]  Generally, Plaintiff's testimony, standing alone, is insufficient to sustain an award of emotional distress damages.[97]  Indeed, if you find that Plaintiff's testimony on her alleged emotional injury consisted solely of conclusory or vague descriptions, and nothing more, you should not award any emotional distress damages.[98]

---

[93] See, e.g., Schutts v. Feldman, 1997 U.S. Dist. LEXIS 3428 at **12-19 (D. Conn. Feb. 18, 1997); Johnson v. Flammia, 169 Conn. 491, 499, 363 A.2d 1048 (1975); Boland v. Vanderbilt, 140 Conn. 520, 525 (1953); Bates v. Carroll, 99 Conn. 677, 679, 122 A. 562 (1932); Preston v. Keith, 217 Conn. 12, 20-21, 584 A.2d 439 (1991); Richardson v. Pratt & Whitney Mfg. Co., 129 Conn. 669, 672, 30 A.2d 919 (1943).

[94] Patrolmen's Benevolent Ass'n. of the City of New York, Inc. v. City of New York, 310 F. 3d 43, 55 (2d Cir. 2002), cert. denied, 538 U.S. 1032 (2003).

[95] See, e.g., Delott v. Roraback, 179 Conn. 406, 409, 426 A.2d 791 (1980); D. Wright & W. Ankerman, supra, §§ 222, 240.

[96] Patrolmen's Benevolent Ass'n., 310 F.3d at 55 (quoting Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978)); Schutts v. Feldman, 1997 U.S. Dist. LEXIS 3428 at *12-19 (D. Conn. Feb. 18, 1997).

[97] Id.

[98] Schutts v. Feldman, 1997 U.S. Dist. LEXIS 3428 at *13-17 (D. Conn. Feb. 18, 1997).

In awarding damages, you must also disregard any suffering that may have been experienced by Plaintiff from causes other than the Defendants' actions and award her only those damages which you are satisfied resulted from the alleged denial of the equal protection of the laws, a violation of her due process rights or retaliation for her speech on a matter of public importance. Thus, if you find that Plaintiff experienced mental suffering or emotional distress as a result of reasons other than the Defendants' actions, you should not award any emotional distress damages.

In scrutinizing the evidence with respect to Plaintiff's mental suffering, you must also bear in mind that such damages for mental suffering cannot be awarded simply because someone's feelings are hurt.[99]  This is because a state of complete serenity is a rare achievement in life, and a certain amount of emotional distress is simply a part of the price we pay for living in this world.[100]

You may not speculate or guess as to the nature or extent of Plaintiff's injuries.  You may only award damages for those injuries that Plaintiff has proven, by a fair preponderance of the evidence and with a reasonable probability, resulted from the actions of the Hartford Public Schools.  In this regard, you may consider whether Plaintiff's alleged mental distress was the product of other sources of stress in his life, such as her health or her life outside of work.  You must remember that the burden of proving damages with reasonable certainty lies with Plaintiff.  The

---

[99] Hiers v. Cohen, 31 Conn. Supp. 305, 308-309, 329 A.2d 609 (1973).
[100] Restatement (Second) of Torts § 46, Comment d (1977).

theory of emotional distress damages is to provide fair and just compensation, no more and no less, to Plaintiff.

### 4.   Nominal Damages

After considering all of the evidence introduced in this case, you may find that the Defendants intentionally violated the ADEA, Title VII or Section 1983, but that Plaintiff has not proven that she suffered any compensable injury as a result of such actions. If you make such a finding, you are entitled to find in favor of Plaintiff and award her nominal damages. In fact, unless plaintiff proves by a preponderance of the evidence that the Defendant proximately caused her an actual injury, you may not award her anything more than nominal damages. Typically, nominal damages are awarded in the amount of $1.

You may not award both nominal damages and back pay damages. Thus, if you find that Plaintiff is entitled to back pay damages, you may not award her nominal damages.

### 5.   Punitive Damages

If you find that Ms. Bernabucci intentionally violated Plaintiff's equal protection rights, due process rights or retaliated against her for Plaintiff's speech on a matter of public importance and you award Plaintiff compensatory damages or nominal damages, you have the option of making a separate and additional award of punitive damages against Ms. Bernabucci. Similarly, if you find that Mr. Colon-Rivas intentionally violated Plaintiff's equal protection or due process rights and you award Plaintiff compensatory damages or nominal damages, you have the option of making a

separate and additional award of punitive damages against Mr. Colon-Rivas.  You may not award

any punitive damages against the Hartford Public Schools or the State Board.[101]  You are under no

obligation to award punitive damages.  If you award Plaintiff nominal damages or compensatory

damages, you can decide that punitive damages against Ms. Bernabucci or Mr. Colon-Rivas are not

warranted.

The purpose of punitive damages is to punish individuals for extraordinary misconduct.[102]

In other words, punitive damages are available to punish truly evil and outrageous conduct and to

deter government officials and others from similar evil and outrageous conduct in the future.[103]

Thus, if you find that Ms. Bernabucci or Mr. Colon-Rivas intentionally violated Plaintiff's

Constitutional rights, an award of punitive damages would only be appropriate if Plaintiff proved by

a preponderance of the evidence that Ms. Bernabucci or Mr. Colon-Rivas acted with actual malice

or with reckless indifference to Plaintiff's Constitutional rights.[104]

---

[101] 42 U.S.C. §1981a(b); City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 268 (1981); Looby v. City of Hartford, 152 F. Supp. 2d 181, 191 (D. Conn. 2001); Trimachi v. Connecticut Workers' Compensation Committee, 2000 Conn. Super. LEXIS 1548 at **5-13 (Superior Court June 14, 2000) (Devlin, J.) (citing, City of Hartford v. International Ass'n. of Firefighters, Local 760, 49 Conn. 805, 817-818 (1998)).

[102] Waterbury Petroleum Prod. v. Canaan Oil & Fuel, 193 Conn. 208, 237-238 (1984).

[103] Schutts v. Feldman, 1997 U.S. Dist. LEXIS 3428 at *22 (D. Conn. Feb. 18, 1997) (citing, Vasbinder v. Scott, 976 F.2d 118, 121 (2d Cir. 1992)).

[104] Smith v. Wade, 461 U.S. 30, 56 (1983) (punitive damages may only be awarded against a municipal official when the official's "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); Schutts v. Feldman, 1997 U.S. Dist. LEXIS 3428 at *22 (D. Conn. Feb. 18, 1997); Caruso v. Forslund, 842 F. Supp. 1497, 1499 (D. Conn. 1994); Edgecomb v. Housing Authority of the Town of Vernon, 824 F. Supp. 312, 317 (D. Conn. 1993) (where there was no evidence of bad faith by Defendants, there was no basis for assessing punitive damages).

An act is performed maliciously if it is prompted by ill will or such gross indifference to the rights of others as to amount to an actual intent to harm. An act is reckless if it is performed with a serious or callous disregard for its consequences.[105] You may not award any damages, including punitive damages, if you find that Ms. Bernabucci or Mr. Colon-Rivas were merely mistaken or negligent in their conduct. Thus, you must determine whether Plaintiff has proven that Ms. Bernabucci or Mr. Colon-Rivas acted with an evil motive or intent or recklessly disregarded Plaintiff's Constitutional rights.

Whether to make an award of punitive damages in addition to actual damages is a matter exclusively within your province. However, I remind you that punitive damages should never be awarded because of any sympathy, bias or prejudice with respect to any party in this case. Again, your decision as to whether punitive damages may be awarded must be based solely on the evidence presented here in court. If Plaintiff has failed to prove by a preponderance of the evidence that Ms. Bernabucci or Mr. Colon-Rivas acted maliciously or in callous disregard of her Constitutional rights, then you must not award punitive damages.

6.    Attorney's Fees

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiff's attorneys may be entitled for handling this lawsuit. That is a matter for me to consider, and may be awarded over and above damages awarded by the jury to the plaintiff.

---

[105] See, e.g., Bishop v. Kelly, 206 Conn. 608, 614 (1988); Restatement (Second) of Torts § 500 (1977).

The fees to which the plaintiff's attorneys may be entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.[106]

---

[106] <u>Lorillard v. Pons</u>, 434 U.S. 575, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978); <u>Fariss v. Lynchburg Foundry</u>, 769 F.2d 958 (4th Cir. 1985); <u>Blum v. Western Electric Co.</u>, 731 F.2d 1473, <u>cert</u>. <u>denied</u>, 469 U.S. 874, 105 S. Ct. 233, 83 L. Ed 2d 161 (10th Cir. 1984).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 19

## <u>NO DUPLICATION OF DAMAGES</u>

If you have determined that Plaintiff is entitled to damages on any of her claims for relief in

this case, I instruct you that she may not recover twice for the same injury.[107]  In other words, you

may only award damages once for a particular harm regardless of the number of legal claims that

Plaintiff has proven.  For example, if you find the Hartford Public Schools liable on both Plaintiff's

ADEA claim and equal protection claim and Plaintiff is entitled to damages, you may not award

Plaintiff twice for any lost wages.

Also, if you find in favor of Plaintiff on any or all of the counts in her complaint, but find

that she suffered no injuries, you must not award her nominal damages more than once.

Similarly, if you find that Plaintiff has prevailed under her equal protection claim and is

entitled to damages for emotional distress under that claim, you may not award her additional

damages for emotional distress if you also find that she has prevailed under her First Amendment

claim.  You may only award her these damages once.

In order to assist you in making any damages award correctly, you will be given a special

form that will require you to identify the amount of the damages you have calculated for each claim.

---

[107] <u>Bender v. City of New York</u>, 78 F.3d 787, 793 (2d Cir. 1996); <u>Kilduff v. Adams, Inc.</u>, 219 Conn. 314, 333, 593 A.2d 478 (1991); <u>Peck v. Jacquemin</u>, 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985); ABA Model Jury Instructions Employment Litigation, <u>supra</u>, § 3.03[6].

DEFENDANTS' PROPOSED
INSTRUCTION NO. 20

## **<u>REWARD FOR PAST SERVICE</u>**

You may not find for Plaintiff to reward past services to the Hartford Public Schools

because of some general feeling that the Plaintiff deserved better from her years of employment.

The question for you is not whether the Plaintiff in your view was treated well, but whether the

Defendants are liable for the claims asserted in the complaint.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 21

## AVOIDING SYMPATHY, PREJUDICE AND SPECULATION

Ladies and Gentlemen, I must remind you that the mere filing of a lawsuit containing allegations or claims against another person is proof of nothing. And you must not draw any inference from that fact. To decide whether a case has been proven in accordance with all of the requirements of law on which I have instructed you, you must look to the evidence, for it is from the evidence that you must determine whether the Plaintiff has proven her case. Your verdict must be based absolutely and solely upon the evidence given to you here in the trial of this case. You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but you should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the Court, as applied to the facts which you find to be established by the evidence. You should draw no inferences from material or testimony that was excluded from evidence or from the mere asking of a question to which an objection is sustained or which has not been answered.

As I have instructed you, your decision must be based upon the evidence alone and you must not surmise, speculate or guess as to the material facts in this case.

_____

D. Wright & W. Ankerman, <u>supra</u> §312.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 22

## **SPECIAL VERDICT FORM**

A form of special verdict has been prepared for your convenience.  You will take this form to the jury room.

(Form of special verdict is read.)

You will note that each of the interrogatories or questions calls for a specific answer, or a specific amount of damages.  The answer to each question must be your unanimous answer.  Your foreperson will write your unanimous answer in the space provided opposite each question.  As you will note from the wording of the questions, it will not be necessary to consider or answer certain questions depending upon your answer to an earlier question.

After the interrogatories or questions are answered, the foreperson will then date and sign the special verdict as so completed, and you will then return with it to the courtroom.

16095