UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendant. | : | JANUARY 31, 2005 |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

I.  SECTION 1983, GENERALLY

The plaintiff's first three claims in this case are based on the federal civil rights law

which provides a remedy for individuals who have been deprived of their constitutional rights

under color of state law.  Section 1983 of Title 42 of the United States Code states,

> Every person, who under color of any statute, ordinance, regulation, custom or usage of
> any State or Territory of the District of Columbia, subjects or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law,  suit in equity, or other proper
> proceeding for redress.

1

As you have just heard, one of the requirements for making a claim under Section 1983 is that the defendant acted under color of state law. Here, because the defendants, the Hartford Public Schools, the State Board of Trustees for the Hartford Public Schools, June Bernabucci and Jose Colon-Rivas, were all government bodies or individuals with authority to carry out official duties, it is undisputed that whatever actions they took were taken under color of state law. The questions for you to determine are whether one or more of the defendants violated plaintiff's rights while so acting.

Ms. LaPenna claims that her rights were violated under three separate provisions of the United States Constitution. She claims that her First Amendment right to free speech was violated, that her due process rights were violated, and that her right to equal protection under the law was violated. These are separate rights which do not depend on each other, and which you must evaluate separately. Ms. LaPenna may recover under any one of them, all of them, or none of them.

*Naramanchi v. Board of Trustees of Connecticut State Univ., 850 F.2d 70 (2nd Cir. 1988).*

On each of her three Section 1983 claims, Ms. LaPenna has the burden to prove each of the following elements by a preponderance of the evidence:

1.      the acts or omissions of the defendant were intentional;

2.      the defendant acted under color of law; and

3.      the acts or omissions of the defendant were the cause of the deprivation of the

plaintiff's rights protected by the Constitution or laws of the United States.

*9th Circuit Model Jury Instructions 11.1.*

If you find that each of the elements on which the plaintiff has the burden of proof has

been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed

to prove any of these elements, your verdict should be for the defendant. As I have explained,

the second element is undisputed: I charge you that all of the actions complained of were taken

under color of law.

## II. HARTFORD PUBLIC SCHOOLS, AND THE STATE BOARD OF TRUSTEES FOR THE HARTFORD PUBLIC SCHOOLS, AS DEFENDANTS

The Hartford Public Schools is a school district, and the State Board of Trustees for the

Hartford Public Schools was the Board of Education for that School District. Both the Hartford

Public Schools and the State Board were Ms. LaPenna's employer.

*Cheshire v. McKenney, 182 Conn. 253 (1980); Board of Education v. Connecticut State*

*Employees Retirement Commission, 210 Conn. 531, 537 (1989).*

A School District  and its Board of Education can act only through their agents, that is,

their management employees. Where a school district or a board of education gives final

authority to a management employee to make policy decisions, the school district and the board

of education can both be held liable for the actions of that management employee.

3

In this case, the Hartford Public Schools and the State Board had given full authority to Superintendent of Schools Anthony Amato to make decisions about transferring teachers and placing them in extracurricular assignments.  He, in turn, has testified that he delegated "carte blanche" to Defendant Jose Colon-Rivas to exercise that authority, to transfer any teacher at all out of Hartford High, regardless of whether the decision was according to normal practices of the School District or the Board.  If this is so, then Dr. Colon had full and final decision-making authority to act in behalf of the School District and th State Board of Trustees.  And if Dr. Colon, in turn, ratified and acquiesced in an intentional act of retaliation or discrimination by another school administrator, or if he himself committed an act of discrimination or retaliation, then the School District and the State Board of Trustees, which placed him in a position to do so, are liable for his actions.  To "ratify and acquiesce" in a decision means to approve it or adopt it.

*Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989);  Pembauer v. Cincinnati, 475 U.S. 469, 480-83 (1986);  St. Louis v. Praprotnik, 485 US 112 (1988).*
*(Authority to make municipal policy may be "delegated by an official who possesses such authority." Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986)).*

## III.  THE FIRST AMENDMENT RETALIATION CLAIM

The plaintiff has claimed that the defendants June Bernabucci, the Hartford Public Schools and the State Board of Trustees violated her rights under the First Amendment.  Specifically, Ms. LaPenna asserts that she engaged in specific acts of speech which were protected under the free speech clause of the First Amendment.  She claims that her protected speech motivated June Bernabucci to cause her to be transferred out of Hartford High and/or to

4

be removed from her position as Faculty Manager. She claims, further, that the Hartford Public Schools and the State Board of Trustees ratified or acquiesced in this action of Ms. Bernabucci.

The defendants assert that Ms. LaPenna never actually engaged in speech, in that she has not proven she took a position one way or the other on a matter of public concern. They also assert that even if it is determined that Janice LaPenna did speak out on a matter of public concern, that exercise of her free speech rights was not a factor in the decision to transfer her out of Hartford High or to remove her from her position as Faculty Manager.

Under the First Amendment to the United States Constitution, a school administrator, a school district or a board of education, may not take an adverse action against a school teacher because she spoke out on a matter of public concern. It may not take action against a school teacher in order to "teach a lesson" to other teachers and chill their speech. Employees are entitled to speak out on matters of public concern without fear of retribution. Speech on matters of public concern occupies the highest rung on the hierarchy of the First Amendment values and is entitled to special protection. First Amendment protection extends to all speech on issues of concern to the public, no matter how misguided. It is unlawful either to retaliate against a person for speaking out, or to take an action against an employee to prevent other employees from speaking out.

*Mandell v. County of Suffolk*, 316 F.3d 368, 383 (2nd Cir. 2003); *Connick v. Myers*, 461 U.S. 138 at 146 (1983).

I will now charge you on the elements of this claim.

## A.  PROTECTED SPEECH

Plaintiff must show, by a preponderance of the evidence, that she did, in fact, speak out on a matter of public concern.  A matter of public concern is something of political, social or other concern to the community.

*Mandell v. County of Suffolk, 316 F.3d 368, 383 (2nd Cir. 2003); Connick v. Myers, 461 U.S. 138 at 146 (1983).*

I charge you that the issue whether all of the athletic coaches at Hartford High should be required to include teams from Sports Sciences Academy, and the issue whether the Superintendent should hear and consider the concerns of the coaches before issuing such a mandate, are matters of public concern.  The sole question for you is whether, in fact, Janice LaPenna spoke out on one or both of these issues.

Plaintiff does not have to prove that she was right, and that the defendants were wrong, on the issue whether Sports Sciences Academy teams should be included in the regular schedule of interscholastic competitions, or whether the Superintendent should issue a final directive on the matter without first hearing the coaches' concerns.  Even if you disagree with what she had to say, she can prevail.  The question is whether she spoke out on the matter, not whether she was correct.

*Treglia v. Town of Manlius, 313 F.3d 713 (2nd Cir. 2002) (in retaliation claim, plaintiff need not show she was correct on the underlying issue, but only that she had a good faith, reasonable belief regarding the matter).*

6

The plaintiff need only show, by a preponderance of the evidence, that she did speak out on the issue whether the athletic coaches at Hartford High should be required to include teams from Sports Sciences Academy, or that she did speak out on the issue whether the Superintendent should hear and consider the concerns of the coaches before issuing such a mandate.

### B.  ADVERSE ACTION IN RETALIATION FOR PROTECTED SPEECH, OR TO CHILL FURTHER SPEECH

Plaintiff alleges that June Bernabucci caused her to be transferred out of Hartford High and removed from her position as Faculty Manager, and/or that June Bernabucci prevented Ms. LaPenna from being returned to her position as Faculty Manager after she was transferred back to Hartford High;  and that in taking this action Ms. Bernabucci was intentionally motivated, at least in part, by Ms. LaPenna's protected speech.  She further claims that the Hartford Public Schools and the State Board of Trustees ratified and/or acquiesced in this action.

I charge you that when Ms. LaPenna was removed from her position as Faculty Manager for Hartford High, she suffered an adverse action.

I charge you, further, that if the transfer out of Hartford High necessarily caused Ms. LaPenna to be removed as Faculty Manager, because she could not have performed her job as Faculty Manager after she was transferred out, then the transfer itself was an adverse action.

*Galabya v. NYC Board of Educ., 202 F.3d 636, 641 (2nd Cir. 2000), citing and quoting Rodriguez v. Board of Educ., 620 F.2d 362 (2nd Cir. 1980) for the proposition that "a transfer is an adverse employment action if it results in a change in responsibilities so significant as to constitute a setback to the plaintiff's career; De La Cruz v. New York City Human Resources Admin. Dep't of Social Services, 82 F.3d 16, 21 (2nd Cir. 96) (even though transfer to another*

*unit involved no cut in pay or lesser rank, if it led to diminished opportunities for advancement, it is an adverse action.  Question whether the plaintiff has been harmed by a transfer is a question of fact for trial.)*

## C.  CAUSAL CONNECTION BETWEEN PROTECTED SPEECH AND ACTION

Plaintiff must show, by a preponderance of the evidence, that her protected speech, or a desire to chill further speech of the kind, was a motivating factor in the decisions at issue.

### 1.  A MOTIVATING FACTOR

As to the plaintiff's claim that her protected speech was a motivating factor for the defendant's decision to transfer her and remove her from her position as Faculty Manager, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      She was transferred out of Hartford High and removed from her position as Faculty Manager by the defendants;  and

2.      Her protected speech, or a desire to chill other teachers from exercising their right to speak out, was an intentional motivating factor in the decision to transfer her and/or to remove her from her position as Faculty Manager.

[If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.]

**[*Plaintiff does not believe it is applicable, but if "same decision" affirmative defense applies, add the following, and omit the bracketed paragraph above*:]**

8

If plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendants' decision was motivated both by retaliation for plaintiff's protected speech, or a desire to chill speech by teachers and coaches, and a lawful reason, unless the defendants prove by a preponderance of the evidence that the defendants would have made the same decision even if the plaintiff's speech had played no role in the employment decision. The burden of proof is on the defendants to show that even if their decision was motivated in part by a desire to chill speech by teachers, generally, or to punish Ms. LaPenna for her protected speech, they would have done the same things if they had not been so motivated.

*9th Circuit Model Jury Instructions 12.1C; Desert Palace v. Costa, 539 U.S. 90 (2003). Plaintiff submits that a "mixed motive" instruction is not appropriate where the defendant does not prove that a <u>legitimate</u> factor actually motivated the precise action at issue. If the "mixture" includes only impermissible factors such as sex, age and protected speech, the instruction is not warranted. See, e.g., Price-Waterhouse v. Hopkins, 490 U.S. 228 (1991), establishing the "mixed motive" defense where both <u>legitimate and illegitimate</u> reasons motivated a decision.*

## 2. THE FACTOR MUST HAVE ACTUALLY MOTIVATED THE DECISION

In this case, the defendants have offered proof that Hartford High School's accreditation was threatened. They assert that in the summer of 2000, when Dr. Colon was appointed Principal, he had an urgent need to ensure that he had a team of excellent teachers who would assist him in attaining accreditation within one year. Plaintiff is not required to show that this is

untrue.  Even if it is true, if the plaintiff has proven, by the preponderance of the evidence, that it

was not a reason to transfer her and remove from her position as Faculty Manager, but that this

was used as an opportunity to remove her for improper reasons, that is sufficient for you to find

for the plaintiff.

*Kinsella v. Rumsfeld, 320 F.3d 309 (2nd Cir. 2003) (even if RIF was bona fide, plaintiff can prevail by showing it was used as an opportunity to remove the plaintiff for an impermissible reason.); also see EEOC v. Ethan Allen, Inc., 44 F.3d 116, 120 (2nd Cir. 1994);  Montana v. First Federal Savings & Loan, 869 F.2d 100, 104-06 (1989).*

Even if it is true that Dr. Colon had an urgent need, in the summer of 2000, to choose the

right team of teachers, if that did not provide the reason for transferring plaintiff and removing

her from her position as Faculty Manager, plaintiff can still prevail.  If you find that these actions

were taken against the plaintiff because of her protected speech, or to prevent teachers and

coaches from speaking out, then you may find for the plaintiff on her First Amendment claim,

even if Dr. Colon did have the urgent need for action asserted by the defendants.

### 3.  NOT THE SOLE MOTIVATING FACTOR

In order to prevail on her First Amendment claim, plaintiff is not required to prove that

her speech was the only reason, or even the principal reason, for the decisions at issue.  Plaintiff

is entitled to prevail if she proves that her protected speech was a motivating factor in the

decisions.  A factor played a motivating role, and was a motivating factor in a decision, if it

made a difference in the outcome.

*Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 109 (2nd Cir. 2001).*

### 4.  CIRCUMSTANTIAL EVIDENCE THAT PLAINTIFF'S PROTECTED SPEECH MOTIVATED THE DECISIONS

10

I have told you that plaintiff must prove that her protected speech motivated June Bernabucci to cause her to be transferred, or to be removed from her position as Faculty Manager, and that the Hartford Public Schools and the State Board of Trustees, acting through Dr. Colon, ratified and acquiesced in that action.  But the plaintiff is not required to show direct evidence of June Bernabucci's motivation.  Nobody can see directly into someone else's mind to prove directly the reason for their actions; we can only have circumstantial evidence of whether someone intentionally took an action because of a particular motivating factor.  Plaintiff is entitled to prove her case by the use of circumstantial evidence.  Circumstantial evidence is just as valid as direct evidence, and our law makes no distinction between the two.  "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence."

*Reeves v. Sanderson Plumbing Products, Inc., 520 U.S. 133, 147 (2000).*

In cases of this kind, one form of circumstantial evidence which you are entitled to consider is whether you find the explanations given by the defendants to be worthy of credence. That is one type of circumstantial evidence that is probative of intentional retaliation or discrimination.  If you find that the defendants' stated reasons for their decisions are unworthy of credence, then you may, on that basis, decide the true reason was the unlawful purpose claimed by the plaintiff;  but you need not.

*Desert Palace v. Costa, 539 U.S. 90, 100* (2003);  *Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147(2000).*

11

Another form of circumstantial evidence you are entitled to consider is whether the defendants' actions were taken for no logical reason. Actions taken by an employer for no logical reason constitute strong evidence of an intent to retaliate or to discriminate against that employee. However, it is up to you to decide, based upon all of the evidence presented, whether or not Ms. LaPenna has proved that it is more likely than not that the defendants acted with a retaliatory or discriminatory motive.

*Reeves, supra; Assoc. Against Discrimination in Employment, Inc. V. City of Bridgeport, 647 F.2d 256, 274 (2nd Cir. 1981) cert. denied, 455 U.S. 988 (1982).*

### DAMAGES

If you find that Janice LaPenna has proven, by a preponderance of the evidence, that June Bernabucci intentionally caused her to be transferred out of Hartford High, or intentionally caused her to be removed from her position as Faculty Manager, then the plaintiff is entitled to damages. She is entitled to any lost wages and any lost earning capacity this caused; and she is entitled to compensation for any mental pain, suffering, humiliation, embarrassment, damage to her professional reputation or loss of enjoyment of life that she experienced as a consequence of the defendants' conduct. There is no exact standard for fixing the compensation to be awarded for these elements of damages, and no expert testimony need be introduced. Any award you make should be fair and just in light of the evidence presented at trial.

*Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974). See also Carey v. Piphus, 435 U.S. 261, at 264, (mental and emotional distress constitute compensable injury in §1983 cases).*

If you find that June Bernabucci intentionally retaliated against Ms. LaPenna, you may also decide to award punitive damages in an amount that is sufficient to punish Ms. Bernabucci for her intentional unlawful conduct and to deter conduct of this kind from occurring again.

*Reiter v. Metropolitan Transportation Authority of New York, et al., 2003 U.S. Dist. LEXIS 17391 (S.D.N.Y. 2003); Patrolmen's Benevolent Assoc. v. City of New York, 310 F.3d 43 (2nd Cir. 2002).*

## IV.  THE DUE PROCESS CLAIM

Plaintiff has also alleged a due process claim under Section 1983, claiming that the defendants deprived her of a right without due process of law.  You must decide this claim separately from the other claims asserted by Ms. LaPenna.

### A.  THE ELEMENTS OF THE CLAIM

The Due Process Clause of the United States Constitution provides a right to "due process" before any property right can be taken from an individual.  In order to prove this claim, Ms. LaPenna must show, first, that she had a specific right, and not merely an expectation that she would receive some benefit;  and second, that the government took that right away from her without first affording her the procedural safeguards that were due to her.  Ms. LaPenna's rights can be established by the terms of a contract, such as her union contract.

*Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2nd Cir. 1995);  Ciambriello v. County of Nassau, Civil Service Employees Assoc., Inc. et al., 292 F.3d 307 (2nd Cir. 2002);*

In this case, Ms. LaPenna has relied upon the evidence of statements in her union contract.  It is for you to decide whether the union contract provided specific rights, as claimed by the plaintiff.

If you find that Ms. LaPenna's union contract provided her a specific right to remain in her position as Faculty Manager unless there was just cause to remove her, or if you find that her union contract provided her with a right not to be transferred without just cause or without specific conditions that were not met, under all the circumstances in this case, then you may find for her on this first element of her due process claim.

*Cleveland Board of Education v. Loudermill, 470 US 532 (1985).*

Ms. LaPenna asserts that under her contract, any teacher with less seniority was to be transferred out of her department before she could be, and she was not the teacher with the least seniority in her department.

The Due Process Clause requires a government employer to provide a meaningful opportunity for an employee to be heard, before it can take away a right. So the second element of plaintiff's due process claim is that her rights were taken away without first providing her a meaningful opportunity to show why the actions should not be taken. The government employer can establish procedures by contract, and if it does, then the law requires it to abide by those procedures and ensure a meaningful opportunity for the employee to show why this right should not be taken away from her, before the action is taken. Ms. LaPenna has shown you the union contract, and claimed that it provided a procedure which was required to be followed before the actions at issue were taken. She asserts that she had to be given a conference with the Superintendent or his designee, which meant with a manager in the Human Resources Department, before she was transferred. She asserts that if she had been afforded her procedural

14

rights before any final decision was made, she would not have been removed from her position as Faculty Manager and she would not have been transferred.

Ms. LaPenna has offered evidence that after their first meeting, Dr. Colon told her he wanted to retain her in his school.  Ultimately, when her statements about why she should not be transferred out of Hartford High were heard, she was transferred back to Hartford High.  She asserts that if she had been properly provided with due process – with the procedures promised under her contract – before these actions could be taken, she would never have been transferred and removed from her position as Faculty Manager.

If you find that Ms. LaPenna had a right to continue in her position as Faculty Manager, under the union contract, unless there was just cause to remove her;  and/or if you find that she had a right to continue teaching at Hartford High unless certain specific conditions were met; and if you further find that the right was taken away from her without first providing the procedural protections set forth in her union contract, then you should find for the plaintiff on her due process claim.

### B.  DAMAGES

If you find for the plaintiff on the due process claim, then you may award her damages for all of the harm she suffered as a result of this violation of her constitutional rights.  You should award her damages for any lost earnings and earning capacity she suffered as a result of this action.  You may also award her compensation for mental and emotional distress, humiliation and embarrassment, damage to her professional reputation, and loss of self-esteem.  I

have instructed you before on the measure of the damages you should award, and those standards apply equally to this claim.

If you find that Defendant Colon or Defendant Bernabucci intentionally deprived Ms. LaPenna of her due process rights, then you may also award her punitive damages in an amount you believe will appropriately punish the defendants for their intentional violation of the law, and will deter similar conduct in the future.

## V.  THE EQUAL PROTECTION CLAIM

### A.  ELEMENTS OF THE CLAIM

Plaintiff has also alleged an equal protection claim under Section 1983.  The Equal Protection Clause requires a government employer to treat women and men equally, in the privileges, terms and conditions of employment.  It prohibits intentional discrimination on the basis of sex.  Specifically, Ms. LaPenna claims that June Bernabucci and Jose Colon-Rivas intentionally disfavored her, as compared to David Hodge, because she is a woman.

On the plaintiff's equal protection claim, she must prove that her sex was a motivating factor for Ms. Bernabucci's or Dr. Colon's decision to transfer her and/or remove her from her position as Faculty Manager;  that is, that Ms. Bernabucci or Dr. Colon, or both, intentionally took these action, at least in part, because of her sex.  She has the burden of proving both of the following elements by a preponderance of the evidence:

    1.    She was transferred and/or removed from her position as Faculty Manager by the defendant; and

2.    Her sex was a motivating factor in the defendant's decision to transfer her and

remove her from her Faculty Manager position.

## 2.  THE FACTOR MUST HAVE ACTUALLY MOTIVATED THE DECISION

I instructed you earlier that when you consider whether the impermissible reason claimed

by the plaintiff, or the explanation offered by the defendants, motivated the decision, you should

be guided by several principles.  First, the reason proffered must have actually motivated the

decision.  The defendants asserted that Hartford High School's accreditation problem was a

motivating factor in transferring Ms. LaPenna out of Hartford High, and that she lost her position

as Faculty Manager only because of that transfer and not because of any retaliatory or

discriminatory reason.  Even if it is true that there was a crisis, and Dr. Colon had to take actions

to ensure that he had the best possible faculty for Hartford High, if the plaintiff has proven, by

the preponderance of the evidence, that this was not a reason to transfer her and remove from her

position as Faculty Manager, but it was just used as an opportunity to remove her for improper

reasons, that is sufficient for you to find for the plaintiff.  Even if it is true, the explanation given

by the employer must be the true reason for the action it took.

*Kinsella v. Rumsfeld, 320 F.3d 309 (2nd Cir. 2003) (even if RIF was bona fide, plaintiff can*
*prevail by showing it was used as an opportunity to remove the plaintiff for an impermissible*
*reason.); also see EEOC v. Ethan Allen, Inc., 44 F.3d 116, 120 (2nd Cir. 1994);  Montana v.*
*First Federal Savings & Loan, 869 F.2d 100, 104-06 (1989)*

If you find that these actions were motivated, at least in part, out of intentional preference

for a male employee over a female employee, then you may find for the plaintiff on her equal

protection claim, even if Dr. Colon did have the urgent need for action asserted by the defendants.

### 3.  NOT THE SOLE MOTIVATING FACTOR

In order to prevail on her claim, plaintiff is not required to prove that her sex was the only reason, or even the principal reason, for the decisions at issue.  Plaintiff is entitled to prevail if she proves that her sex was a motivating factor in the decisions.  A factor played a motivating role, and was a motivating factor in a decision, if it made a difference in the outcome.

*Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 109 (2nd Cir. 2001).*

### 4.  CIRCUMSTANTIAL EVIDENCE THAT PLAINTIFF'S SEX MOTIVATED THE DECISIONS

I have told you that plaintiff must prove that her sex motivated June Bernabucci or Dr. Colon to cause her to be transferred, or to be removed from her position as Faculty Manager, and that the Hartford Public Schools and the State Board of Trustees, acting through its management employees with final authority to make the decision, ratified and acquiesced in that action.  But the plaintiff is not required to show direct evidence of June Bernabucci's or Dr. Colon's motivation.  Nobody can see directly into someone else's mind to prove directly the reason for their actions; we can only have circumstantial evidence of whether someone intentionally took an action because of a particular motivating factor.  Plaintiff is entitled to prove her case by the use of circumstantial evidence.  Circumstantial evidence is just as valid as direct evidence, and our law makes no distinction between the two.  "Circumstantial evidence is

18

not only sufficient, but may also be more certain, satisfying and persuasive than direct

evidence."

*Reeves v. Sanderson Plumbing Products, Inc., 520 U.S. 133, 147 (2000).*

    In cases of this kind, one form of circumstantial evidence which you are entitled to

consider is whether you find the explanations given by the defendants to be worthy of credence.

That is one type of circumstantial evidence that is probative of intentional retaliation or

discrimination.  If you find that the defendants' stated reasons for their decisions are unworthy of

credence, then you may, on that basis, decide the true reason was the unlawful purpose claimed

by the plaintiff;  but you need not.

*Desert Palace v. Costa, 539 U.S. 90, 100* (2003);  *Reeves v. Sanderson Plumbing Products, Inc.,
530 U.S. 133, 147(2000).*

    Another form of circumstantial evidence you are entitled to consider is whether the

defendants' actions were taken for no logical reason.  Actions taken by an employer for no

logical reason constitute strong evidence of an intent to retaliate or to discriminate against that

employee.  However, it is up to you to decide, based upon all of the evidence presented, whether

or not Ms. LaPenna has proved that it is more likely than not that the defendants acted with a

retaliatory or discriminatory motive.

*Reeves, supra; Assoc. Against Discrimination in Employment, Inc. V. City of Bridgeport, 647
F.2d 256, 274 (2nd Cir. 1981)  cert. denied, 455 U.S. 988 (1982).*

## B.  DAMAGES

If you find that Ms. LaPenna has proven her equal protection claim by a preponderance of the evidence, then you may award her damages for all of the harm she suffered as a result of this violation of her constitutional rights.  You should award her damages for any lost earnings and earning capacity she suffered as a result of this action.  You may also award her compensation for mental and emotional distress, humiliation and embarrassment, damage to her professional reputation, and loss of self-esteem.  I have instructed you before on the measure of the damages you should award, and those standards apply equally to this claim.

If you find that Defendant Colon or Defendant Bernabucci intentionally deprived Ms. LaPenna of her right to equal protection, then you may also award her punitive damages in an amount you believe will appropriately punish the defendants for their intentional violation of the law, and will deter similar conduct in the future.

## VI.  THE TITLE VII DISPARATE TREATMENT CLAIM

Plaintiff has also alleged her claim of sex discrimination under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act.  This claim can be brought only against her employer, that is, the Hartford Public Schools and the State Board of Trustees for the Hartford Public Schools.  Under Connecticut law, as I have explained to you before, both the school district, which is the Hartford Public Schools, and the Board of Education, which is the State Board of Trustees, are considered to be Ms. LaPenna's employer. An employer takes an action through its management employees, and it is liable for the actions of its management employees, including Superintendent of Schools Anthony Amato, June

Bernabucci, the Human Resources and Labor Relations administrators, and Dr. Colon.  It is

proper to impute to the employer the discriminatory or retaliatory attitude of anyone who

exercised influence or leverage over the decision maker.  In other words, if any management

employee of the Hartford Public Schools or the State Board of Trustees, such as Dr. Colon or

Ms. Bernabucci, took an action against Ms. LaPenna at least in part because of her sex, then the

Hartford Public Schools and the State Board of Trustees is liable for that act of discrimination.

*Cooke v. Prototype & Plastic Mold Co., Inc. et al., 220 F.Supp. 2nd 104, 110 (D.Conn. 2002)*
*(citing Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2nd Cir. 2001)).*

I will instruct you on the elements and burden of proof for plaintiff's claim of sex

discrimination.

On the plaintiff's claim that her sex was a motivating factor for the defendant's decision

to transfer her and/or remove her from her position as Faculty Manager, the plaintiff has the

burden of proving both of the following elements by a preponderance of the evidence:

1.    She was transferred and/or removed from her position as Faculty Manager by the

defendant; and

2.    Her sex was a motivating factor in the defendant's decision to transfer her and/or

remove her from her Faculty Manager position.

In order to prevail on her Title VII claim, plaintiff is not required to prove that her sex

was the only reason, or even the principal reason, for the decisions at issue.  Plaintiff is entitled

to prevail if she proves that her sex was a motivating factor in the decisions. A factor played a motivating role in a decision if it made a difference in the outcome.

I have also instructed you that circumstantial evidence can suffice to prove the plaintiff's claim. If you find that the explanation offered by the defendant is not worthy of credence, or that it was not the true reason for the actions taken against the plaintiff, then you may find, on that basis, that the true reason is the one asserted by the plaintiff.

[If you find that the plaintiff has proved both of the required elements, that she transferred and removed from her position as Faculty Manager by the defendants and that her sex was a motivating factor in the defendant's decision to transfer her and remove her from the Faculty Manager position, then your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.]

[*If "same decision" affirmative defense applies, add the following, and omit the bracketed paragraph above*:]

If plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendant's decision was motivated both by sex and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's sex

had played no role in the employment decision.  The burden of proof is on the defendants to

show that, even if their decision was motivated in part by preference for a male employee, they

would have done the same things if they had not been so motivated.

*Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); 9th Circuit Model Jury Instructions 12.1C;*
*Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 109 (2nd Cir. 2001)*

## DAMAGES

If you find that Ms. LaPenna has proven her sex discrimination claim by a preponderance

of the evidence, then you may award her damages for all of the harm she suffered as a result of

this violation of her constitutional rights.  You should award her damages for any lost earnings

and earning capacity she suffered as a result of this action.  You may also award her

compensation for mental and emotional distress, humiliation and embarrassment, damage to her

professional reputation, and loss of self-esteem.  I have instructed you before on the measure of

the damages you should award, and those standards apply equally to this claim.

## VII.  THE AGE DISCRIMINATION CLAIM

Plaintiff has also claimed that her age made a difference in the decisions to transfer her

out of Hartford High and to remove her from her Faculty Manager position.  She asserts that the

defendants were motivated by her age and a preference for a much younger employee.

The plaintiff seeks damages against the defendant for age discrimination in violation of

both state and federal law. The plaintiff has the burden of proving each of the following elements

by a preponderance of the evidence:

23

    1.      She suffered an adverse action;

    2.      She was 40 years of age or older at the time of the adverse action;

    3.      She was performing the job satisfactorily;

    4.      She was replaced by a substantially younger person; and

    5.      Her age was a motivating factor in the defendant's decision; in other words, once again, it is not necessary for the plaintiff to prove that age was the sole or exclusive reason for the defendant's decision. She need only show it was a factor that made a difference.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved by a preponderance of the evidence, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

*9th Circuit Model Jury Instructions, No. 14.1*

Once again, I have explained that circumstantial evidence, such as disbelief of the explanation given to you by a party, can suffice to support a finding whether discrimination motivated the decisions. It is for you to decide what credence to give to the evidence of either party.

## **DAMAGES**

If you find that Ms. LaPenna has proven her age discrimination claim by a preponderance of the evidence, then you may award her damages for all of the harm she suffered as a result of

24

this action.  You should award her damages for any lost earnings and earning capacity she

suffered as a result of this action.  You may also award her compensation for mental and

emotional distress, humiliation and embarrassment, damage to her professional reputation, and

loss of self-esteem.  I have instructed you before on the measure of the damages you should

award, and those standards apply equally to this claim.

    If you find that the defendant was motivated at least in part by plaintiff's age, then you

will need to make one more finding.  You must decide whether the plaintiff has proven, by a

preponderance of the evidence, that the defendant's conduct was willful.

    A defendant's conduct is willful if the defendant knew or showed reckless disregard for

whether its action was prohibited by the law.

*Hazen Paper Co. v. Biggins, 507 U.S. 604, 615 (1993) (reaffirming the standard for willfulness*

*from an earlier case applies to ADEA disparate treatment cases.).*

                                        RESPECTFULLY SUBMITTED,
                                        PLAINTIFF


                              By ___X_____
                Judith D. Meyer
                                        Fed Bar No.: CT04976
                                        3785 N. Camino de Oeste
                    Tucson, AZ 85745
          Tel. (520) 743-8058 or (860) 202-1699
                                        Fax (520) 743-8059 or (860) 677-6832
                                        e-mail: judithdmeyer@igc.org
                                        HER ATTORNEY

                        **<u>CERTIFICATION</u>**

                              25

      This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also via first-class mail, postage prepaid, this 31st day of January, 2005, to the following counsel of record:

Joseph W. McQuade, Esq.

Kainen, Escalera & McHale, P.C.

21 Oak Street

Hartford, CT 06106

X _____

Judith D. Meyer

26