UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendant. | : | JANUARY 31, 2005 |

**PLAINTIFF'S PROPOSED VERDICT FORM WITH SPECIAL INTERROGATORIES**

WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:

**I.  First Claim: First Amendment Retaliation**

    1. Did Ms. LaPenna prove that she spoke out regarding (i) whether the Superintendent should require the coaches at the other Hartford public high schools to include Sports Sciences Academy teams in their regular schedule of interscholastic sports competitions; and/or (ii) whether the Superintendent should hear and consider the concerns of the coaches before issuing a mandate requiring the coaches to do so?

        Yes_____    No

2. Did Ms. LaPenna prove that her the decision to transfer her out of Hartford High and/or to remove her from her position as Faculty Manager was an adverse action?

   Yes_____   No

3. Did Ms. LaPenna prove that June Bernabucci intentionally caused her to be transferred out of Hartford High and/or removed from her position as Faculty Manager because of her protected speech, and/or to chill speech by other teachers and/or coaches?

   Yes_____   No

*Proceed to Questions 4 through 6 only if you answered "Yes" to questions 1 through 3.*

4. What amount of lost wages did Ms. LaPenna suffer because of the adverse actions?

$_____

5. What amount of damages do you award to Ms. LaPenna to compensate her for the mental pain and suffering, humiliation, embarrassment, damage to her professional reputation or loss of enjoyment of life that she experienced due to the defendants' conduct?

$_____

6. Did the Hartford Public Schools and the State Board of Trustees for the Hartford Public Schools, acting through Dr. Colon or Anthony Amato, ratify and acquiesce in Ms. Bernabucci's retaliatory action?

   _____Yes_____   No

**II. Second Claim: Due Process**

1. Did Ms. LaPenna prove that she had a right, set forth in her union contract, to continue in her position as a teacher at Hartford High?

   Yes_____   No

2. Did Ms. LaPenna prove that she had a right, set forth in her union contract, to continue in her position as Faculty Manager at Hartford High?

       Yes_____     No

*Proceed to questions 3, 4 and 5 only if you answered "Yes" to either 1 or 2 above.*

    3. Did Ms. LaPenna prove that before she could be transferred out of her teaching position, or before she could be removed from her Faculty Manager position, she had a right, set forth in her union contract, to a meeting with the Superintendent or his designee in the Human Resources Department, to set forth the reasons why the action should not be taken?

       Yes_____     No

    4. Did Ms. LaPenna prove that the defendants failed to provide her with a meaningful opportunity to be heard, before taking action to remove her from her positions at Hartford High?

       Yes_____     No

    5. Did Ms. LaPenna prove that if the defendants had provided her with the opportunity to be heard before taking the actions at issue, she would not have been removed from her position?

       Yes_____     No

*Proceed to Questions 6 through 8 only if you answered "Yes" to questions 3 through 5.*

    6. What amount of lost wages did Ms. LaPenna suffer because of the adverse actions?

$_____

    7. What amount of damages do you award to Ms. LaPenna to compensate her for the mental pain and suffering, humiliation, embarrassment, damage to her professional reputation or loss of enjoyment of life that she experienced due to the defendants' conduct?

$_____

    8. Did the Hartford Public Schools and the State Board of Trustees for the Hartford Public Schools, acting through its management employees, ratify and acquiesce in the failure to provide Ms. LaPenna with due process before taking away her rights?

      _____Yes_____    No

### III. EQUAL PROTECTION CLAIM

1. Did Ms. LaPenna prove, by a preponderance of the evidence, that Ms. Bernabucci and/or Dr. Colon intentionally discriminated against her because of her sex, when they caused her to be transferred out of Hartford High or when they caused her to be removed from her position as Faculty Manager and replaced by David Hodge?

      Yes_____    No

*Proceed to Questions 2 through 4 only if you answered "Yes" to question 1.*

2. What amount of lost wages did Ms. LaPenna suffer because of the adverse actions?

$_____

3. What amount of damages do you award to Ms. LaPenna to compensate her for the mental pain and suffering, humiliation, embarrassment, damage to her professional reputation or loss of enjoyment of life that she experienced due to the defendants' conduct?

$_____

4. Did the Hartford Public Schools and the State Board of Trustees for the Hartford Public Schools, acting through Dr. Colon or Anthony Amato, ratify and acquiesce in Ms. Bernabucci's retaliatory action?

      _____Yes_____    No

## IV.  SEX DISCRIMINATION CLAIMS

1.  Did Ms. LaPenna prove, by a preponderance of the evidence, that her sex was a motivating factor when the defendants caused her to be transferred out of Hartford High, when they caused her to be removed from her position as Faculty Manager and replaced by David Hodge, or when they refused to place her back in the position of Faculty Manager upon her return to Hartford High?

    Yes_____     No

*Proceed to Questions 2 and 3 only if you answered "Yes" to question 1.*

2.  What amount of lost wages did Ms. LaPenna suffer because of the adverse actions?

$_____

3.  What amount of damages do you award to Ms. LaPenna to compensate her for the mental pain and suffering, humiliation, embarrassment, damage to her professional reputation or loss of enjoyment of life that she experienced due to the defendants' conduct?

$_____

## IV.  AGE DISCRIMINATION CLAIMS

1.  Did Ms. LaPenna prove, by a preponderance of the evidence, that her age was a motivating factor when the defendants caused her to be transferred out of Hartford High, when they caused her to be removed from her position as Faculty Manager and replaced by David Hodge, or when they refused to place her back in the position of Faculty Manager upon her return to Hartford High?

    Yes_____     No

*Proceed to Questions 2 through 4 only if you answered "Yes" to question 1.*

2.  What amount of lost wages did Ms. LaPenna suffer because of the adverse actions?

$_____

3.  What amount of damages do you award to Ms. LaPenna to compensate her for the mental pain and suffering, humiliation, embarrassment, damage to her professional

reputation or loss of enjoyment of life that she experienced due to the defendants' conduct?

$ _____

4. When the defendants took these actions against Ms. LaPenna, were they aware that it would violate federal law to discriminate against her on the basis of age?

Yes_____   No_____

                          RESPECTFULLY SUBMITTED,
                          PLAINTIFF


By _____
Judith D. Meyer
Fed Bar No.: CT04976
3785 N. Camino de Oeste
Tucson, AZ 85745
Tel. (520) 743-8058 or (860) 202-1699
Fax (520) 743-8059 or (860) 677-6832
e-mail: judithdmeyer@igc.org
HER ATTORNEY

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also via first-class mail, postage prepaid, this 31st day of January, 2005, to the following counsel of record:
Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

                                        _____
                                        Judith D. Meyer