UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
| Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
| Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
| Defendant. | : | JANUARY 31, 2005 |

**MEMORANDUM IN SUPPORT OF FIRST MOTION IN LIMINE**

Plaintiff has moved the Court, in limine, to prohibit any defendant from mentioning, referring to, or presenting any evidence that Janice LaPenna ever made any statement suggesting that Joseph Wall might have discriminated against her or subjected her to sexually offensive conduct, comments or other harassment. Such evidence would be inadmissible as immaterial to any issue in this case, not probative of any issue in the case, and could be sufficiently prejudicial to jeopardize the fairness of the trial in this case. In support of this Motion, plaintiff respectfully represents as follows:

4

1. At no time during Joseph Wall's active employment with the Hartford Public Schools did plaintiff ever assert any claim of harassment or discrimination against Joseph Wall or based upon his conduct.

2. Plaintiff had found certain conduct or comments of Mr. Wall, which he may have viewed as complements, to be distasteful as referring to her attractiveness as a woman, in the context of her work environment. But she had never suggested that the conduct or comments rose to the level of actionable conduct.

3. During the CHRO investigation of this case, Defendant Jose Colon-Rivas expressly and clearly told the investigator, on the record and in the presence of Janice LaPenna, that it was Joseph Wall, as the former Principal of Hartford Public High School, who had placed plaintiff's name on a list of teachers who he recommended should be transferred out of the school so that it could achieve accreditation.

4. In subsequent statements under oath, Dr. Colon-Rivas has expressly admitted that Mr. Wall never did any such thing, nor did he ever recommend that plaintiff should be transferred. Defendant Colon-Rivas made a specific, knowing false statement of fact at the CHRO.

5. In the context of having just heard the false claim that Mr. Wall had allegedly targeted her for transfer out of her school, plaintiff told the CHRO investigator that Mr. Wall had made sexually charged statements or engaged in sexually inappropriate conduct towards her. She sought to have the CHRO investigator question Mr. Wall about the reasons for any such recommendation. Since Mr. Wall had signed her superlative performance reviews, and since she had never had any

reason to believe there was any performance-related reason for the transfer, and since the transfer still remained entirely unexplained, it was reasonable for plaintiff to assert her belief that Mr. Wall might disadvantage a woman in the terms, conditions and privileges of employment. In fact, another woman administrator from Hartford High testified, at the CHRO, to her opinion, based upon her experience with him, that Mr. Wall did treat women less favorably than men.

6. Thus, plaintiff's comment about Mr. Wall's past conduct was elicited by the defendants through the use of Defendant Colon-Rivas's knowingly false assertion that Mr. Wall was the decision-maker. In essence, a deliberate misrepresentation of fact induced the statement from the plaintiff. The defendants should not be permitted to use the fruit of this fraudulent assertion to disadvantage the plaintiff in this case.

7. Since the time of the CHRO investigation, defense counsel has repeated plaintiff's statement about Mr. Wall on several occasions, including to Mr. Wall at his deposition. Plaintiff is reluctant to speculate and infer an unethical purpose, and notes that current defense counsel was not present at the CHRO investigative conference, and may not have appreciated fully the context in which the statement was made. But it was plain that the use of plaintiff's statement served to poison the atmosphere at the deposition. It would be extremely unfair to allow any such conduct at the trial of this case.

## LEGAL ARGUMENT

The Court has the authority to exclude evidence which is immaterial to the issues in the case, or which, even if relevant in some sense, presents a danger of unfair prejudice or confusion of the issues, or would create waste of time at trial.  Fed. Rule Evid. 403.  Plaintiff asserts there is no relevance to her statement about Mr. Wall's past conduct, or to his conduct itself, as the defendants now admit he played no role whatever in the decisions at issue.  The comment and its veracity is immaterial to this case.  To the extent the defendants wish to use this statement to imply that plaintiff is generally litigious as against everyone with whom she worked, or regularly makes claims of discrimination, it would be highly prejudicial and extremely unfair in light of the knowing representation by which it was elicited.  To the extent defendants wish to impugn the plaintiff's character by attempting to assert that she exaggerates claims, fairness would require that plaintiff be permitted to introduce additional evidence to show that her assertion about Mr. Wall's prior conduct was true.  That would lead to wasted time and potential confusion of the issues for the jury.

## CONCLUSION

For all of the foregoing reasons, plaintiff asks that the Court issue an Order precluding any evidence, testimony, mention of or reference to the jury of any statement made by Janice LaPenna regarding sexual harassment, sexually offensive conduct, or discrimination by former Hartford Public High School ("Hartford High") Principal Joseph Wall.

                PLAINTIFF

                By _____
                Judith D. Meyer
                Fed Bar No.: CT04976
                3785 N. Camino de Oeste
                Tucson, AZ 85745
                Tel. (520) 743-8058 or (860) 202-1699
                Fax (520) 743-8059 or (860) 677-6832
                e-mail: judithdmeyer@igc.org
                HER ATTORNEY

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also via first-class mail, postage prepaid, this 31st day of January, 2005, to the following counsel of record:

Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

                _____
                Judith D. Meyer