UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| **CITY OF HARTFORD, HARTFORD** | : | |
| **PUBLIC SCHOOLS, STATE BOARD** | : | |
| **OF TRUSTEES FOR THE HARTFORD** | : | |
| **PUBLIC SCHOOLS, ANTHONY** | : | |
| **AMATO, JUNE BERNABUCCI** | : | |
| **and JOSE COLON-RIVAS** | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS** | : | |
| Defendant. | : | |
| | : | **JANUARY 31, 2005** |

**MEMORANDUM IN SUPPORT OF**
**<u>DEFENDANTS' FIRST MOTION IN LIMINE</u>**

I. **<u>INTRODUCTION</u>**

The Plaintiff in this employment discrimination suit alleges that she was unlawfully discriminated against or retaliated against when she lost her extracurricular assignment as Faculty Manager at Hartford Public High School. More particularly, Plaintiff has asserted the following

claims: age and gender discrimination, retaliation for exercise of her First Amendment right to free speech and violations of her Fourteenth Amendment equal protection and due process rights.

Defendants move for an order precluding Plaintiff, her counsel and her witnesses from presenting evidence or testimony to the jury on the issue of equitable relief, including the availability and propriety of front pay. Defendants seek to prevent the presentation of inadmissible evidence and unfairly prejudicial testimony or materials to the jury. The purpose of this motion is to protect Defendants' right to a fair hearing based on relevant and proper evidence.

## II. ARGUMENT

Plaintiff Should Not Be Permitted To Present Evidence To The Jury On Front Pay, Including Pension Benefits, Since It Is Up To The Court To Determine Issues Of Equitable Relief.

Plaintiff seeks to recover lost earnings and lost "earning capacity" among other things in her complaint. See, Section 6 of the Pre-Trial Memorandum. Defendants are concerned that Plaintiff may attempt to introduce evidence at trial as to future damages or instatement or front pay damages to the jury.

Defendants object to the admission of such evidence to the jury, since it would have no probative value whatsoever in this case. See Rule 401 of the Federal Rules of Evidence. Moreover, the introduction into evidence of such information would be improper, highly prejudicial and inadmissible since it would simply cause confusion and mislead the jury. See, Rule 403 of the Federal Rules of Evidence.

It is well settled that front pay is a remedy awarded in lieu of the equitable remedy of reinstatement.[1]  As such, the determination of front pay is an equitable issue to be tried to the Court and not the jury.[2]

The First, Second, Fourth, Seventh, Eighth and Tenth Circuits have all held that both the determination of whether front pay is appropriate and the determination of how much front pay to award are questions for the district court's equitable discretion, and thus, the issue of the amount of front pay should not be submitted to the jury.  See, Dominic v. Consol. Edison Co. of New York, Inc., 822 F.2d 1249, 1257 (2d Cir. 1987); Wildman v. Lerner Stores Corp., 771 F.2d 605, 616 (1st Cir. 1985); Duke v. Uniroyal, Inc., 928 F.2d 1413, 1424 (4th Cir.), cert. denied, 502 U.S. 963 (1991); Fortino v. Quasar Co., 950 F.2d 389, 398 (7th Cir. 1991); Newhouse v. McCormick & Co., Inc., 110 F.3d 635, 643 (8th Cir. 1997); Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1426 (10th Cir. 1991).

In joining the majority of circuits holding that front pay, including the determination of how much front pay to award, is an equitable issue for the court, the Eighth Circuit noted that the

---

[1] See, e.g., Lorrilard v. Pons, 434 U.S. 575, 583 n.11, 16 FEP Cases 885, 888 n.11 (1978); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984); Barry v. Posi-Seal International, Inc., 36 Conn. App. 1, 9-11 (Conn. App. 1994); Dominic v. Consolidated Edison Co. of New York, Inc., 822 F.2d 1249 (2d Cir. 1987); Duke v. Uniroyal, Inc., 928 F.2d 1413, 1424 (4th Cir. 1991); Reed v. A.W. Lawrence & Co., Inc., 1996 U.S. App. LEXIS 23909 (2d Cir. 1996); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir. 1993), cert. denied, 510 U.S. 1164 (1994); Kovacs v. Wiltel, Inc., 1993 U.S. Dist. LEXIS 10145 (N.D.Ill. 1993).
[2] Id.; see also Gibson v. Mohawk Rubber Co., 695 F.2d 1093, 1100 (8th Cir. 1982); Loeb v. Textron, Inc., 600 F.2d 1003, 1021 (1st Cir. 1979); Doyne v. Union Elec. Co., 953 F.2d 447, 450 (8th Cir. 1992).

"thorough and well-reasoned discussion" of the Second Circuit in the Dominic case best enunciated the rationale:

> The court concluded that the language, structure, and history of 29 U.S.C. § 626 all indicate Congress's intention 'to limit jury trials to factual issues underlying claims for legal relief.' . . . Additionally, the court reasoned [that] there is much overlap between the facts relevant to whether an award of front pay is appropriate and those relevant to the size of the award. For example, both questions turn in part on the ease with which the employee will be able to find other employment. To divide fact-finding responsibilities in such circumstances would be anomalous and would risk inconsistent decisions. . . . [For example], a judge might find front pay appropriate, but the jury might award only a nominal sum based on its belief that the employee could secure immediate employment.

Newhouse, supra, 110 F.3d at 642-43 (citing Dominic, supra, 822 F.2d at 1257-1258).

Defendants submit, therefore, that Plaintiff should be precluded from presenting evidence to the jury on the availability and propriety of front pay or future damages.[3] Any evidence with respect to the availability and proprietary of front pay or future damages should only be presented to the Court in the event of a verdict for Plaintiff, outside the presence of the jury, in order to preserve Defendants' right to a fair trial before the jury based on relevant and proper evidence. Thus, Plaintiff should be precluded from presenting such evidence to the jury, including life expectancy tables, other documents or testimony speculating about Plaintiff's life expectancy or the amount of

---

[3] Although the issue is unlikely to arise, it is worth noting that future lost pension benefits constitute equitable relief to be decided by the court. See, e.g. Banks v. Travelers Companies, 180 F.3d 358, 365 (2d Cir. 1999) ("lost pension rights . . . fall within the category of equitable relief."); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 727 (2d Cir. 1984) ("equitable relief that the district court may grant includes, *inter alia,* additional pension benefits . . .") (quoting Gibson v. Mohawk Rubber Co., 695 F.2d 1093 (8th Cir. 1982)); Blum v. Witco Chemical Corp., 829 F.2d 367 (3rd Cir. 1987) (holding lost pension benefits recoverable as front pay).

money she might have made had she remained in the Faculty Manager assignment. Accordingly, Defendants request an order allocating the consideration of damage issues as follows: the jury will determine issues of legal relief, including back pay, and the Court will determine any issues of equitable relief, including the availability and propriety of front pay and future damages.

### III. CONCLUSION

For the foregoing reasons, Defendants' First Motion in Limine should be granted.

> DEFENDANTS,
> HARTFORD PUBLIC SCHOOLS, STATE
> BOARD OF TRUSTEES FOR THE HARTFORD
> PUBLIC SCHOOLS, JUNE BERNABUCCI AND
> JOSE COLON-RIVAS
>
> By: _____
> Joseph W. McQuade, ct12121
> Kainen, Escalera & McHale, P.C.
> 21 Oak Street, Suite 601
> Hartford, CT 06106
> Telephone (860) 493-0870
> Facsimile (860) 493-0871
> jmcquade@kemlaw.com
> Their Attorney

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Memorandum of Law in Support of Defendants' First Motion in Limine was sent via first class, U.S. Mail, postage pre-paid on this the 31st day of January 2005 to:

Judith D. Meyer, Esq.
3785 N. Camino de Oeste
Tucson, AZ  85745

And e-mailed to:  judithdmeyer@igc.org

                                    Joseph W. McQuade

16823