UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, HARTFORD | : | |
| PUBLIC SCHOOLS, STATE BOARD | : | |
| OF TRUSTEES FOR THE HARTFORD | : | |
| PUBLIC SCHOOLS, ANTHONY | : | |
| AMATO, JUNE BERNABUCCI | : | |
| and JOSE COLON-RIVAS | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS | : | |
| Defendant. | : | |
| | : | JANUARY 31, 2005 |

MEMORANDUM IN SUPPORT OF
DEFENDANTS' SECOND MOTION IN LIMINE

## I.    INTRODUCTION

The Plaintiff in this employment discrimination suit alleges that she was unlawfully

discriminated against or retaliated against when she lost her extracurricular assignment as Faculty

Manager at Hartford Public High School in 2000.  More particularly, Plaintiff has asserted the

following claims:  age and gender discrimination, retaliation for exercise of her First Amendment right to free speech and violations of her Fourteenth Amendment equal protection and due process rights.

Defendants move for an order precluding testimony or evidence from the Plaintiff regarding allegations or charges of discrimination or retaliation by Defendants against individual employees or applicants other than Plaintiff.  Defendants seek to prevent the presentation of inadmissible evidence and unfairly prejudicial testimony or materials to the jury.  The purpose of this motion is to protect Defendants' rights to a fair hearing based on relevant and proper evidence.

## II.    ARGUMENT

A.    Plaintiff, Her Counsel And Her Witnesses Should Not Be Permitted To Present Testimony Or Other Forms Of Evidence About Any Alleged Discrimination or Retaliation Against Defendants' Employees Other Than Plaintiff.

Plaintiff may attempt to introduce evidence at trial purporting to show that other employees claim to have been discriminated against, retaliated against and/or wrongfully terminated, disciplined or non-selected by Defendants.  Defendants fear that the Plaintiff will attempt to interject her opinion or have her witnesses testify as to the circumstances of their own claims of discrimination or retaliation against the Defendants, or to the circumstances surrounding the initiation of their own grievances, discrimination charges or lawsuits against the Defendants.

In the Pre-Trial Memorandum, Plaintiff seeks to introduce the testimony of her husband, Louis Lapenna, to testify "about the disciplinary measures threatened and taken against him for

2

allegedly faxing a memorandum from Superintendent Anthony Amato to a person outside of HPS, and the proceedings on his grievance of June Bernabucci's action against him. He will testify regarding the intimidation he felt, when June Bernabucci questioned him and his colleagues after they signed a petition seeking further communications with Mr. Amato about the Sports Sciences Academy issue, and the chilling effect on him of the HPS administration's response." Likewise, Plaintiff offers the testimony of William Hagan, a union representative, regarding "his experience handling a grievance for Louis Lapenna concerning disciplinary measures administered by June Bernabucci, and in particular his meeting with June Bernabucci and Louis Lapenna." Further, Plaintiff intends to introduce into evidence a "Memorandum to Lou LaPenna from June Bernabucci, dated December 2, 1999, regarding fax to Mil Mason," and a "Letter to Lou LaPenna from June Bernabucci, dated December 17, 1999." Copies of these proposed exhibits as well as a December 18, 1999 Memo from June Bernabucci to Paul Stringer are attached hereto as Exhibits A, B & C.

Defendants object to the admission of such testimony and evidence, since it would have no probative value whatsoever and should be excluded under Rule 401 of the Federal Rules of Evidence. First, as to the proposed testimony and evidence from Louis LaPenna, the issue in that matter revolves around unauthorized use of property belonging to the Hartford Public Schools. This is a significantly different issue than the issue of whether Plaintiff was retaliated for speaking out on an issue of public importance. Second, this evidence is not probative of whether Plaintiff spoke out on a matter of public concern or whether any of the Defendants retaliated against her for such

3

alleged speech. Moreover, the introduction into evidence of other discrimination or retaliation claims would be improper, highly prejudicial and inadmissible under Rule 403 of the Federal Rules of Evidence, since any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. The proposed evidence is a naked attempt to: (a) inflame the jury and suggest that they reward Plaintiff for the treatment received by her husband;[1] and (b) suggest to the jury that Ms. Bernabucci retaliated against Plaintiff for her husband's alleged speech. Of course, these are not claims in this lawsuit. Rather, in this action, Plaintiff claims that she was retaliated against for her speech—not her husband's speech. The court should not allow Plaintiff's claims to become infected with unasserted and vastly different claims belonging to her husband. Naturally, this proposed evidence is likely to confuse the jury. Again, the proposed evidence has no evidentiary value in this case and substantially prejudices the Defendants. As such, the evidence should be excluded.

In evaluating employment discrimination cases where a single individual alleges disparate treatment, federal courts have uniformly excluded testimony from or about other employees or former employees purporting to show that the other employees where discriminated against. For example in Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984), the court found reversible error in the admission of age discrimination testimony from six former employees concerning the circumstance of their own terminations, as well as the terminations of four former company officers.

---

[1] As reflected in the Exhibits, Louis LaPenna filed a grievance over the matter and settled it with a verbal warning. There is no evidence to suggest that he filed a claim with any court or the CHRO regarding this matter.

4

The court found that testimony regarding the termination of non-plaintiffs was irrelevant and unduly prejudicial.

> [T]he probative value of the testimony was so 'substantially outweighed by the danger of unfair prejudice' that it definitely should have been excluded by the district court in accord with Fed. R. Evid. 403. '[E]ven the strongest jury instructions could not have dulled the parade of witnesses, each recounting his contention that defendant had laid him off because of his age.' Thus, the error can hardly be characterized as harmless.

743 F.2d at 122. (Emphasis added.) See also Moorehouse v. Boeing Co., 501 F.Supp. 390, 391-394 (E.D. Pa.), aff'd mem., 639 F.2d 774 (3rd Cir. 1980) (excluding testimony of other employees concerning their layoffs because of the danger of unfair prejudice, confusion of the issues and misleading the jury).

Where the probative value of evidence is outweighed by resulting unfair prejudice, such evidence should be excluded. See, Weir v. Litton Bionetics, Inc., 43 FEP Cases 663, 1987 U.S. Dist. LEXIS 14026 (D.Md. March 16, 1987). In Weir, the court rebuffed the plaintiff's attempt to introduce the testimony of other discharged employees, holding that:

> When this marginally relevant evidence is compared to that which defendant would necessarily have to produce to rebut the resulting prejudicial inferences, it is apparent that the probative value of such evidence is substantially outweighed by other considerations. The evidence in question cannot be presented without the jury knowing that Sibinovic herself had been terminated and that age entitled her to the protection of the ADEA. Moreover, if the evidence were admitted, the inference would be that other older and senior employees had at or about the time of Weir's termination been likewise laid off. To rebut the prejudicial inferences which the jury

> might derive from the evidence in question, defendant would be
> required to present to the jury the details of all terminations of senior
> employees at or about the time of the Weir and Sibinovic layoffs. In
> each instance, defendant would necessarily have to present evidence
> to show that each such layoff was not for discriminatory reasons.
> The additional evidence thus presented would tend to divert the
> jury's attention from the much narrower issue before it in the Weir
> trial, namely whether the plaintiff Weir had been terminated in 1984
> because of his age.

43 FEP Cases at 666; 1987 U.S. Dist. LEXIS 14026 at **8-9. Courts have also precluded multiple

plaintiffs from joining their individual employment discrimination cases together because of the

obvious prejudice to the employer of having the jury hear, one after the other, the testimony of

discharged employees. See, e.g., Weir, supra; Moorehouse, supra.

Further, if Plaintiff is allowed to call witnesses to testify as to their contentions that they

were subjected to unlawful discrimination or retaliation, the scope of the trial will expand

significantly. Defendants will be forced to call numerous additional witnesses and introduce

substantial additional exhibits to rebut the claims by witnesses that they were subject to

discrimination. Confusion of issues by the jury would be unavoidable. As in Haskell v. Kaman

Corp., supra, no instruction by this Court would be sufficient to cure the unfair prejudice that would

result from having witnesses describe their own claims of discrimination or retaliation before the

jury or to have union representatives describe the claims of other teachers that they represent.

Accordingly, Defendants request that Plaintiff be ordered to refrain from attempting to

introduce testimony or evidence about employment decisions affecting individuals other than

Plaintiff, especially the evidence concerning Plaintiff's husband.  Plaintiff should not be allowed to "prove" her individual claim of discrimination by misleading the jury with irrelevant evidence about alleged retaliation against other individuals. See, e.g., Sorenson v. City of Aurora, 984 F.2d 349 (10th Cir. 1993) (trial court properly excluded evidence that other female employees complained of discrimination and retaliation because it was irrelevant); Goff v. Continental Oil Co., 678 F.2d 593 (5th Cir. 1982) (plaintiff not allowed to introduce testimony of three other employees that they have been discriminated against because such testimony did not relate to whether plaintiff had been discriminated against, and these witnesses could not testify as to the defendant's motive, intent or purpose in failing to promote the plaintiff).  Such evidence has no bearing on the circumstances surrounding Plaintiff's loss of the Faculty Manager assignment in 2000.  Indeed, the admission of such evidence would improperly require extensive examination of purely collateral matters, resulting in "mini-trials" on the other witnesses' claims. See, e.g., McWorter v. City of Birmingham, 906 F.2d 674, 679 (11th Cir. 1990) (excluding testimony of police officers who were allegedly harassed and intimidated by police chief, where issue in case was whether chief harassed plaintiff, and admission of testimony relating to other police officer's grievances against police chief would have resulted in series of "mini-trials" centering on employment history of each of them); Ramos-Melendez v. Valdejully, 960 F.2d 4, 5 (1st Cir. 1992) (it was proper to exclude testimony of other employees who had pending suits against defendant-employer for employment discrimination, since it would be necessary to try the other employees' cases within the plaintiff's case); Johnson v.

7

Yellow Freight System, 734 F.2d 1304 (8th Cir.), cert. denied, 469 U.S. 1041 (1984) (evidence

excluded regarding co-workers' complaints of race discrimination because "to allow questions

raising a new and unproven claim would necessitate inquiry into the truth or falsity of the claim").

## III.    CONCLUSION

For the foregoing reasons, Defendants' Second Motion in Limine should be granted.

> DEFENDANTS,
> HARTFORD PUBLIC SCHOOLS, STATE
> BOARD OF TRUSTEES FOR THE HARTFORD
> PUBLIC SCHOOLS, JUNE BERNABUCCI AND
> JOSE COLON-RIVAS
>
> By: _Joseph W. McQuade_
> Joseph W. McQuade, ct12121
> Kainen, Escalera & McHale, P.C.
> 21 Oak Street, Suite 601
> Hartford, CT  06106
> Telephone (860) 493-0870
> Facsimile (860) 493-0871
> jmcquade@kemlaw.com
> Their Attorney

8

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Memorandum of Law in Support of

Defendants' Second Motion in Limine was sent first class, U. S. Mail, postage prepaid, on this

the 31st day of January 2005 to:

Judith D. Meyer, Esq.
Law Office of Judith D. Meyer
3785 N. Camino de Oeste
Tucson, AZ  85745

And e-mailed to:  judithdmeyer@igc.org

Joseph W. McQuade
_____
Joseph W. McQuade

16819

# EXHIBIT A



**Hartford Public Schools**
**153 Market Street**
**Hartford, CT 06103**

# INTERDEPARTMENTAL/INFORMATIONAL MEMORANDUM

To:         Lou LaPenna, P.E. Teacher & Coach, Weaver High School
From:       June Bernabucci, Coordinator, Physical Education & Athletics
Date:       December 2, 1999
Subject:    Fax to Mil Mason, Secretary for the Central Connecticut Conference

Today at the CCC Athletic Directors' meeting, Mr. Mason shared the fax he received from Weaver High School. This fax was a copy of the Superintendent's memorandum to Hartford's coaches regarding scheduling the Sport Sciences Academy.

Mr. Mason was not sure why he had been sent this copy.

I am holding you responsible for this transmission.

Please be warned that any further activity, which attempts to undermine or subvert opportunities for Sport Sciences Academy students to engage in interscholastic athletics, will be considered insubordination. Such acts of insubordination will be followed by disciplinary action which may include suspension and/or termination.

cc: Mr. Amato
    Dr. Aquino
    Ms. Hart
    Mr. Stringer
    Human Resources

JB/jb

# EXHIBIT B

**HARTFORD PUBLIC SCHOOLS**
153 Market Street
Hartford, CT 06103
(860) 297-8442  (860) 722-8614 Fax

**Anthony Amato**
Superintendent of Schools

**June Bernabucci**
Acting Director
**Department of Special Instruction**

Mr. Lou LaPenna
P.E. & Athletics
Weaver High School

December 17, 1999

Dear Mr. La Penna,

This notice constitutes confirmation that you have been verbally warned that you are not authorized at any time to act to undermine Superintendent Anthony S. Amato's initiatives. Such action can be an act of insubordination. Further, employees are never authorized to utilize public property to communicate positions contrary to school system views.

Any further action of this nature may lead to further discipline.

Sincerely,

June Bernabucci

Cc:  Mr. Stringer
      Evaluation file

JB/jb

*Making Connections: We believe in tomorrow for every child*

# EXHIBIT C



**Hartford Public Schools**
**153 Market Street**
**Hartford, CT 06103**

# INTERDEPARTMENTAL/INFORMATIONAL MEMORANDUM

**To:**      Paul Stringer, Acting Principal, Weaver High School
**From:**    June Bernabucci, Acting Director, Department of Special Instruction
**Date:**    December 18, 1999
**Subject:**  Rescinded Notice to Mr. LaPenna

Please be advised that the December 2nd warning to Mr. LaPenna is rescinded and replaced with the attached confirmation of verbal warning, dated December 17, 1999.

I have met with Mr. LaPenna and his union representative on this matter on December 18, 1999.

cc: Labor Relations