FILED

2005 FEB -4 P 2: 41

U.S. DISTRICT COURT
                  RT. CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA,<br>　　Plaintiff, | : <br>: <br>: | CIVIL ACTION<br>MASTER DOCKET<br>3:02CV753 (SRU) |
| v. | : | |
| HARTFORD PUBLIC SCHOOLS,<br>STATE BOARD OF TRUSTEES FOR<br>THE HARTFORD PUBLIC SCHOOLS,<br>JUNE BERNABUCCI and<br>JOSE COLON-RIVAS,<br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>: | |
| JANICE LAPENNA,<br>　　Plaintiff, | :<br>: | CIVIL ACTION NO.<br>3:03CV1126 (SRU) |
| v. | : | |
| JOSE COLON-RIVAS,<br>　　Defendant. | :<br>: | JANUARY 31, 2005 |

**MEMORANDUM IN SUPPORT OF THIRD MOTION IN LIMINE**

Plaintiff has moved the Court, in limine, to prohibit the defendants from calling any witnesses they did not name at any earlier time as likely witnesses and did not even list on their mandatory disclosures, pursuant to Rule 26(a)(1), Fed.R.Civ.P., as having useful information. In support of this Motion, plaintiff respectfully represents as follows.

3

## STATEMENT OF FACTS

1. On or about August 6, 2002, defendants served a compliance with Rule 26(a), which included a list of the following witnesses only, as likely to have discoverable information they might use to support any defenses: Janice and Louis LaPenna, Anthony Amato, June Bernabucci, David Hodge, Jose Colon, William Hagan, Constanza Paramo, Frank Dumont, Robert Stacy, Robert Henry, Joseph Wall, Freeman Burr, Harriet Marek, and, for more limited reasons, Cynthia Turcotte, Aida Fernandez-Ramos, Helen Greene, Margerie Jackson, Lindy Remegino, and Ezequiel Alejandro.

2. At no time did defendant add additional names to this list or suggest to plaintiff that other individuals might have discoverable information, with the single exception that Dr. Colon made an apparently false claim that Harry Holloway had made a comment that might have motivated him to transfer plaintiff out of Hartford High.

3. In their pretrial disclosures this week, defendants have listed the following witnesses whom they never previously disclosed: Gail Johnson, Mark Zito, Paul Stringer, Matthew Steele, Diane Kutsavage-Prescod, Norma LaVoie, Marilyn Kulpa, Joseph Lee and Thomas Ritter. Some of these witnesses are named for the purposes of testifying to matter which is, at best, marginally relevant, collateral, or highly cumulative.

4. Plaintiff has taken eight depositions in this case, and has had to track down witnesses on the defendants' list for whom the defendants apparently falsely claimed they could not provide

4

addresses, such as Joseph Wall and Frank Dumont, both of whom have testified that the defendants always had their current addresses.

5. This case was filed in May, 2002. Plaintiff has made substantial effort and has incurred substantial expense to prepare her case according to the information previously provided. The trial has been substantially delayed for various reasons and further delay to reopen discovery would be unreasonable. Yet plaintiff would be severely prejudiced if the defendants are permitted to suddenly add new witnesses whose depositions she has not taken and who never even participated in providing information in response to written discovery.

## LEGAL ARGUMENT

Fed.R.Civ.P. 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

The reasons for this rule are the very reasons for discovery to take place at all. It is a rule designed to prevent "trial by ambush." Lesser v. Camp Wildwood, 2003 U.S. Dist. LEXIS 16921, 4-7 (S.D.N.Y., 2003) (citing and quoting American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002), in turn quoting Transclean Corp. v. Bridgewood Servs., Inc., 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999), aff'd in relevant part, 290 F.3d 1364 (Fed. Cir. 2002); Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 911 F. Supp. 76, 79-80 (E.D.N.Y. 1996)).

The sanction of preclusion under Rule 37(c)(1) is "automatic absent a determination of either substantial justification or harmlessness." *Id.* (citations omitted). A violation of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.*, quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.Kan. 1995)). The burden of proving either substantial justification or harmlessness rests with the party which has failed to disclose information. *Id.*, citing Wright v. Aargo Sec. Servs., Inc., 2001 U.S. Dist. LEXIS 13891, (S.D.N.Y. Sept. 7, 2001)).

Preclusion is not more harsh for defendants than is permitting the defendants to suddenly add these witnesses to plaintiff. Plaintiff has prepared her case according to the disclosures made by the parties early in the case, and during the discovery process. It has been more than a year and a half since discovery closed in this case, and it is entirely unreasonable of defendants, if they had reason to know these witnesses had material information, not to have disclosed them. The objectives of the deposition-discovery procedure have been defined as (1) to narrow and clarify the basic issues between the parties; and (2) to ascertain facts, or information as to the existence of facts, relative to those issues. Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451. Defendants have either frustrated these purposes, or they seek to make a circus of this trial. Moreover, taking five or six more depositions to obtain, at best, marginally relevant data which should not even be presented at this trial, would compound these proceedings unreasonably in

6

light of the amount at stake and the issues ready for trial. Yet to allow witnesses to testify without permitting plaintiff to take their depositions would be highly prejudicial to plaintiff.

The Committee that created the 1993 Amendment to Rule 26, adding this disclosure requirement, commented,

> [a]s officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.

Defendants' failure to name any witness on their current list who has relevant information that is not merely cumulative, is reason enough to preclude that witness from testifying.

This is not the same situation that plaintiff was placed in, when defendants and their witnesses added new theories during the discovery period. Plaintiff was in no position to believe Harry Holloway would be a witness until Dr. Colon apparently falsely named him as the source of a negative comment about plaintiff. By contrast, there is no reason why defendants should not have been aware of all of their witnesses at the outset.

This is not a harmless late disclosure at the end of a discovery period. It is nearly a doubling of defendants' witness list on the eve of trial. It should not be permitted by the Court.

## CONCLUSION

For all of the foregoing reasons, the Court should preclude the defendants from calling any witness not disclosed to plaintiff in its Rule 26(a) Disclosure Statement.

PLAINTIFF

By ___X_____
Judith D. Meyer
Fed Bar No.: CT04976
3785 N. Camino de Oeste
Tucson, AZ 85745
Tel. (520) 743-8058 or (860) 202-1699
Fax (520) 743-8059 or (860) 677-6832
e-mail: judithdmeyer@igc.org
HER ATTORNEY

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, this 28th day of January, 2005, to the following counsel of record:

Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

___X_____
Judith D. Meyer
