*Memo 4*

FILED

2005 FEB -4  P 2: 41

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendant. | : | JANUARY 28, 2005 |

## MEMORANDUM IN SUPPORT OF FOURTH MOTION IN LIMINE

Plaintiff has moved the Court, in limine, to preclude any evidence, testimony, mention of or reference to the jury, or any claim by the defendants, that to fulfill the duties of the position of Faculty Manager, the person who held the position was required to be a teacher at the same school (the alleged "Same-School Rule"). The Contract which governs plaintiff's employment not only contains no such requirement, but includes statements which contradict it. In support of that Motion, the undersigned respectfully submits the following representations and argument.

3

## STATEMENT OF FACTS

1. As of the summer of 2000, Plaintiff Janice LaPenna held the position of Faculty Manager at Hartford Public High School ("Hartford High") under a written contract, the Collective Bargaining Agreement between the State Board of Trustees for the Hartford Public Schools and the Hartford Federation of Teachers, in effect from July 1, 1999 through June 30, 2002 (the "Contract").

2. Article XX. A. of the Contract states that it "contains the full and complete agreement between the Board and the Union on all bargainable issues ..." This integration clause is contained near the end of, and in the main text of, the Contract. Article XX.B. further states, "the Board or its representatives will not, without prior notification and discussion with the Union, take any action affecting working conditions not encompassed within the terms and provisions of this Agreement which affects teachers."

3. The position of Faculty Manager is held, according to the express terms of the Contract, as a two-year contractual position;  Art. XI. C;  it was scheduled to be posted again at the end of the 2000-2001 school year.

4. Article XIII. F. of the Contract states,

> [w]hile the establishment of job descriptions is a prerogative of the Board, the Union has a right and the Board an obligation to negotiate the salary, terms and conditions of employment for unit members working under such descriptions.

4

Plaintiff therefore concedes that a written job description promulgated by the Board could fairly be construed as part of the Contract, or that it was within the contemplation of the parties that the Board had the prerogative to establish job descriptions.

5. The Board has promulgated a job description for the position of Faculty Manager which does include a list of qualifications for the position; it does not include any requirement that the Faculty Manager for a school must be a teacher at that same school.

6. Article XI. B. of the Contract provides that when such a position is posted, the posting shall include the qualifications required and the qualifications preferred for the position. The posting for the position of Faculty Manager, as promulgated by the Hartford Public Schools, not only fails to set forth any such condition as a same-school requirement, but expressly provides the application procedure for a person who is not even an employee of the Hartford Public Schools.

7. Defendants have repeatedly asserted that a term of plaintiff's contract as Faculty Manager at Hartford High, required her to be a teacher at Hartford High in order to be allowed to perform the job duties and be Faculty Manager at Hartford High (the "Same-School Rule"); and they claim that made it necessary for them to remove her from the position when they unilaterally, and without her consent, transferred her teaching assignment to another school.

## LEGAL ARGUMENT

The contract which governed plaintiff's position as Faculty Manager is governed by the Statute of Frauds, Conn.Gen.Stat. §52-550; and the Parol Evidence Rule forbids any evidence of

5

a term which alters the contract or is inconsistent with the contract.  Defendants' "Same-School

Rule" and any evidence that it was a requirement for the position of Faculty Manager at Hartford

High constitute Parol Evidence prohibited from admission in this case.  Moreover, the parties to

a contract are subject to an implied covenant of good faith which prohibits them from taking

voluntary unilateral action to destroy the benefit of the contract for the other party.  Defendants

should not be permitted to confuse the jury and expand the trial of this case with evidence that

transferring plaintiff, an action they took unilaterally and over plaintiff's protest, necessarily

required them to breach her contract.


**I.    EVIDENCE OF THE CLAIMED "SAME-SCHOOL" RULE WOULD VIOLATE
THE PAROL EVIDENCE RULE.**

Conn.Gen.Stat. §52-550, the "Statute of Frauds," provides that a contract which is not to

be performed within one year must be in writing.  It is black-letter law that the essential terms of

such a contract must be contained or expressly referenced in the writing, most especially when it

includes an integration clause, as does the Contract at issue here. *See, e.g.,* Nagel v. Modern

Investment Corp., 132 Conn. 698, 700-701 (Conn., 1946) ("Both parties ought to be entitled to

rely upon the writing as the final repository of the things they had agreed upon, and were so

entitled unless it appeared that they did not intend the writing to contain their whole

agreement.").  The Nagel Court cited a respected treatise for the proposition that "the chief and

most satisfactory index for the judge is found in the circumstances whether or not the particular

6

element of the alleged extrinsic negotiation is dealt with at all in the writing." If it is, then no

evidence should be permitted to amend or modify the written contract. *Id.*

This rule, the Parol Evidence Rule, amounts to a rule of substantive law which prohibits

any consideration of a finder of fact of evidence of additional terms beyond the written contract.

The rule is set forth, for example, in <u>Harris v. Clinton</u>, 142 Conn. 204 (Conn., 1955). In that

case, the Court explained,

> It is a well-established principle that when parties have merged all prior negotiations and
> agreements in a writing, intending to make that the repository of their final understanding,
> evidence of such prior negotiations and agreements will not be received to vary or add to
> the writing. If, however, it appears that a collateral agreement not contained in the written
> agreement was entered into contemporaneously therewith, it may be proved by parol. The
> admission of parol evidence in such a case does not contravene the parol evidence rule.
> The fundamental question is one of the intent of the parties. If they intended the writing to
> be the repository of their final agreement, parol evidence is not admissible. If, however, it
> appears that the parties intended to enter into a contemporaneous oral agreement, parol
> evidence will be permitted to prove such an agreement. 9 Wigmore, Evidence (3d Ed.)
> §§2430, 2441.

<u>Harris v. Clinton</u>, 142 Conn. 210-211 (Conn., 1955) (additional citations omitted).

Plaintiff's contractual appointment as Faculty Manager was expressly for a term of two

years. It is governed by the Statute of Frauds, therefore. The express terms of the Contract,

which governs this position, include an integration clause stating that it contains the "full and

complete agreement" on the issues it covers. While the job description and posting expressly

mentioned in the Contract were arguably intended to be potential modifications of the written

7

contract, no other modification or additional job requirement was permitted, for included

positions, under the express terms of the contract and its merger clause.

Neither the Contract, nor the job description, nor the posting includes any term, condition

or requirement which even resembles the "Same-School Rule." Indeed, the posting fairly

contradicts any such term, in that it provides that someone who is not an employee in any school

can apply. The defendants are therefore legally prohibited from asserting such a term.

## II.    THE DEFENDANTS CANNOT ARGUE IMPOSSIBILITY OR IMPRACTICABILITY TO AVOID THE TERMS OF THE WRITTEN AGREEMENT.

The defendants transferred Ms. LaPenna out of Hartford High unilaterally, over her

objection and her Union's objection. They have never articulated any reason for that decision,

other than the caprice of Defendant Colon-Rivas, who has admitted it was a mistake and shortly

thereafter agreed to reverse the decision. The defendants are estopped from arguing any

necessity for removing her from her position as Faculty Manager due to that transfer, because

they may not rely on a purported necessity which they created. Such a result would violate the

requirement that the parties to a contract do nothing voluntarily to destroy the other parties'

rights and benefits under the contract.[1]

---

[1] Plaintiff does not assert or agree that her transfer made it impossible, impractical or even more difficult for her to fulfill the duties of the Faculty Manager position. Indeed, she asserts it could have made it easier. Nonetheless, defendants have made this claim, and therefore plaintiff asserts that the defense is inconsistent with the implied covenant of good faith and should not be permitted even to be asserted.

8

Section 205 of the Restatement (Second) of Contracts provides, "Every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." 2 Restatement (Second) Contracts §205 (1979). Good faith performance of a contract "emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Id.*, at Comment a. Clearly, when a party unilaterally and voluntarily places the parties in a position to make the contract's performance impossible, the covenant of good faith is breached. Connecticut's courts do not apply this covenant to impose a "just cause" standard for discharge in all employment contracts, but they do hold the covenant applies to employment contracts generally. Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572 (Conn., 1984). If it has any application at all, it precludes an employer whose unilateral, voluntary act prevents the employee from performing a job.

## CONCLUSION

For all of the foregoing reasons, the Court should prohibit the defendants from introducing any evidence or testimony, or making any mention of or reference to the jury, or making any claim, that to fulfill the duties of the position of Faculty Manager, the person who held the position was required to be a teacher at the same school.

9

PLAINTIFF


By __X_____
Judith D. Meyer
Fed Bar No.: CT04976
3785 N. Camino de Oeste
Tucson, AZ 85745
Tel. (520) 743-8058 or (860) 202-1699
Fax (520) 743-8059 or (860) 677-6832
e-mail: judithdmeyer@igc.org
HER ATTORNEY

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also mailed, postage prepaid, this 31st day of January, 2005, to the following counsel of record:

Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106


__X_____
Judith D. Meyer