UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| **CITY OF HARTFORD, HARTFORD** | : | |
| **PUBLIC SCHOOLS, STATE BOARD** | : | |
| **OF TRUSTEES FOR THE HARTFORD** | : | |
| **PUBLIC SCHOOLS, ANTHONY** | : | |
| **AMATO, JUNE BERNABUCCI** | : | |
| **and JOSE COLON-RIVAS** | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS** | : | |
| Defendant. | : | |
| | : | FEBRUARY 8, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S FIRST MOTION IN LIMINE**

The Defendants respectfully submit this Memorandum in Opposition to Plaintiff's First Motion in Limine. In this motion, Plaintiff seeks to "prohibit any defendant from mentioning, referring to, or presenting evidence that Janice LaPenna ever made any statement suggesting that Joseph Wall might have discriminated against her or subjected her to sexually offensive conduct,

comments or other harassment." Plaintiff suggests that any such testimony or other evidence would be immaterial and overly prejudicial. In her Memorandum in Support of her motion, Plaintiff represents:

> 1. At no time during Joseph Wall's active employment with the Hartford Public Schools did plaintiff ever assert any claim of harassment or discrimination against Joseph Wall or based upon his conduct.
>
> 2. Plaintiff had found certain conduct or comments of Mr. Wall, which he may have viewed as complements [sic], to be distasteful as referring to her attractiveness as a woman, in the context of her work environment. But she never suggested that the conduct or comments rose to the level of actionable conduct. . . .
>
> 5. In the context of having just heard the false claim that Mr. Wall had allegedly targeted her for transfer out of her school, plaintiff told the CHRO investigator that Mr. Wall had made sexually charged statements or engaged in sexually inappropriate conduct towards her. She sought to have the CHRO investigator question Mr. Wall about the reasons for any such recommendation. Since Mr. Wall had signed her superlative performance reviews, and since the transfer remained entirely unexplained, it was reasonable for plaintiff to assert her belief that Mr. Wall might disadvantage a woman in the terms, conditions and privileges of employment. In fact, another woman administrator from Hartford High testified, at the CHRO, to

       her opinion, based upon her experience with him, that Mr. Wall did treat women less favorably than men.

6. Thus, plaintiff's comment about Mr. Wall's past conduct was elicited by the defendants through the use of Defendant Colon-Rivas's knowingly falsely assertion that Mr. Wall was the decision-maker. In essence, a deliberate misrepresentation of fact induced the statement from the plaintiff. The defendants should not be permitted to use the fruit of this fraudulent assertion to disadvantage the plaintiff in this case.

## II.   ARGUMENT

"Rule 403 provides that evidence which is probative 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . .' The rule does not contemplate exclusion of evidence which is prejudicial merely in the sense that it is damning; the prejudice must be 'unfair.' Evidence is unfairly prejudicial for purposes of Rule 403 only if it tends to have some adverse effect on the party against whom it is offered beyond the tendency to prove the fact which justifies its admission into evidence." Penfield v. Venuti, 589 F. Supp. 250, 256 (D. Conn. 1984); see also, Conte v. AGF Assoc.s, 1999 U.S. Dist. LEXIS 21482 at *7-8 (D. Conn. Sept. 3, 1999) ("unfair prejudice means an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'").

Boiled down to its essence, Plaintiff's argument is: The Defendants made me say something that isn't truthful. As discovery unfolded in this case, Plaintiff was fully prepared to tar and feather Mr. Wall with her spurious allegations of sexual harassment. However, when Plaintiff's counsel subpoenaed Mr. Wall to a deposition at her office, she felt that his testimony was helpful to her cause. Thus, we are now confronted with Plaintiff's admission that her CHRO testimony was less than truthful.

Obviously, a witness may be impeached by use of her prior statements. Fed. R. Evid. 613. In this case, the Defendants may want to use Plaintiff's earlier spurious allegations of sexual harassment against Mr. Wall as a means of showing that Plaintiff's version of the truth is not reliable and/or depends upon which way the wind is blowing. Clearly, the Defendants may be allowed to test Plaintiff's credibility based on her previous testimony.

In this case, Plaintiff's earlier misstatements regarding Mr. Wall are damaging to Plaintiff's case. However, it is difficult to fathom how they engender any "unfair" prejudice towards Plaintiff within the meaning of Rule 403, especially since she was the person who uttered the words. If the Defendants choose to test Plaintiff's credibility regarding her statements concerning Mr. Wall, this is not likely to lead to an extensive examination of Mr. Wall's alleged activities.

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff's First Motion in Limine should be denied in its entirety.

>DEFENDANTS,
>HARTFORD PUBLIC SCHOOLS, STATE
>BOARD OF TRUSTEES FOR THE HARTFORD
>PUBLIC SCHOOLS, JUNE BERNABUCCI AND
>JOSE COLON-RIVAS
>
>By: _____
>     Joseph W. McQuade, ct12121
>     Kainen, Escalera & McHale, P.C.
>     21 Oak Street, Suite 601
>     Hartford, CT  06106
>     Telephone (860) 493-0870
>     Facsimile (860) 493-0871
>     jmcquade@kemlaw.com
>     Their Attorney

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Defendants' Memorandum in Opposition to Plaintiff's First Motion in Limine was sent via first class, U.S. Mail, postage pre-paid on this the 8th day of February 2005 to:

Judith D. Meyer, Esq.
3785 N. Camino de Oeste
Tucson, AZ  85745

And e-mailed to:  judithdmeyer@igc.org

                                              Joseph W. McQuade

16853