UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION |
| | : | MASTER DOCKET |
| Plaintiff, | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| **CITY OF HARTFORD, HARTFORD** | : | |
| **PUBLIC SCHOOLS, STATE BOARD** | : | |
| **OF TRUSTEES FOR THE HARTFORD** | : | |
| **PUBLIC SCHOOLS, ANTHONY** | : | |
| **AMATO, JUNE BERNABUCCI** | : | |
| **and JOSE COLON-RIVAS** | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS** | : | |
| Defendant. | : | |
| | : | FEBRUARY 8, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
<u>PLAINTIFF'S THIRD MOTION IN LIMINE</u>**

The Defendants respectfully submit this Memorandum in Opposition to Plaintiff's Third Motion in Limine. In this motion, Plaintiff seeks to preclude the Defendants from "calling as witnesses any person not listed on the Defendants' Compliance with Rule 26(a) Disclosures." More particularly, they seek to exclude testimony from Gail Johnson, Mark Zito, Paul Stringer, Matthew

Steele, Diane Kutsavage-Prescod, Norma Lavoie, Marilyn Kulpa, Joseph Lee and Thomas Ritter. Neither side disclosed any expert witnesses nor listed any expert witness in the Pre-Trial Memorandum.

**II.    ARGUMENT**

Rule 37(c)(1) provides in part: "A party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not disclosed." However, as noted in the case principally relied upon by Plaintiff in her brief: "despite the 'automatic' nature of Rule 37(c)(1), 'the imposition of sanctions under the rule is a matter within the trial court's discretion.' Further, 'preclusion of evidence is generally a disfavored action.' The preclusion of evidence not disclosed in discovery is a 'drastic remedy and will apply only in situations where the failure to disclose represents . . . flagrant bad faith and callous disregard of the rules.'" Lesser v. Camp Wildwood, 2003 U.S. Dist. LEXIS 16921 (S.D.N.Y. Sept. 30, 2003) (citations omitted) (ruling that testimony of witnesses not disclosed in response to specific interrogatories would not be precluded from testifying); see also, Palma v. Pharmedica Communications, Inc., 2002 U.S. Dist. LEXIS 26159 (D. Conn. March 27, 2002) (refusing to preclude, from consideration on summary judgment, two affidavits that were not properly disclosed). Typically, litigants move under Rule 37(c)(1) to preclude expert testimony that was not properly disclosed in accordance with Rule 26(a).

See e.g., Equant Integrations Serv.s, Inc. v. United Rentals (North America), Inc., 2002 U.S. Dist. LEXIS 26657 (D. Conn. April 17, 2002).

In this case, Plaintiff seeks to preclude certain of Defendants' potential witnesses from testifying based on a failure to include such witnesses in the Defendants' Initial Disclosures, dated August 6, 2002.  Cf., Lesser, 2003 U.S. Dist. LEXIS 16921 (refusing to preclude witnesses not listed in response to a specific interrogatory).  Of course, Rule 26(a)(1)(A) requires, at the commencement of the case, disclosure of "the name and, if known, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment . . . ."  Obviously, this instruction is much different than the instruction in the Pre-Trial Order to list all witnesses the parties anticipate calling at trial.  In short, the Pre-Trial Order requirement casts a larger net than Rule 26(a)(1)(A).  Indeed, the Pre-Trial order specifically instructs that:  "Witnesses not listed shall not be permitted to testify at trial, except for good cause shown."  Thus, it is not at all surprising that the Defendants' list of witnesses in the Pre-Trial Memorandum is longer than the list provided in the Initial Disclosures.

In this case, the Defendants disclosed 20 names in their Initial Disclosures.  From there, Plaintiff propounded interrogatories and document requests and took 8 depositions—several of which took more than one session.  The Defendants served interrogatories and requests for

production and took the Plaintiff's deposition. Given the extensive discovery taken in this garden-variety employment discrimination case, Plaintiff cannot possibly claim "ambush" at trial.

Nonetheless, the Defendants will address each of the witnesses that Plaintiff seeks to preclude:

1. <u>Gail Johnson</u>, Executive Director of Human Resources for the Hartford Public Schools. In the Pre-Trial Memorandum, Ms. Johnson is listed as a witness who the Defendants expect to call at trial. Ms. Johnson "will testify regarding the employment policies of the Hartford Public Schools; any relevant portions of the collective bargaining agreement, including, but not limited to, any sections regarding extracurricular assignments; and any damages issues on which she has knowledge." It is hardly surprising that the Executive Director of Human Resources would be called to testify regarding employment policies, collective bargaining agreements and issues related to backpay damages. Moreover, during the discovery period in this case, Plaintiff's counsel took the deposition of Ms. Johnson in another case in which she represented the plaintiff and the undersigned represented the Hartford Public Schools. <u>Lee v. Hartford Public Schools et al.</u>, 3:02CV819 (PCD). Thus, Plaintiff's counsel is aware of Ms. Johnson and the position she holds. Further, Plaintiff's counsel is also aware that Mr. Stacy, the

       former Executive Director of Human Resources, is no longer employed by the Hartford Public Schools.

2.   <u>Mark Zito</u>, Principal of Hartford Public High School. In the Pre-Trial Memorandum, the Defendants anticipate that Mr. Zito "will testify regarding the Faculty Manager selection process in 2003 and the functions of the Faculty Manager at HPHS." Interviews for the 2003 Faculty Manager selection process were held on August 13, 2003. Plaintiff interviewed for the assignment, but was not selected. Obviously, Plaintiff is aware of Mr. Zito and his participation in the interview process. Plaintiff has claimed backpay damages for the years following her loss of the Faculty Manager assignment, even though the assignment is posted every two years and Plaintiff was not selected in either 2001 or 2003. Defendants believe that there is no backpay issue in this case, since Plaintiff has already been paid for the full term of her Faculty Manager assignment. Should the Plaintiff or the court agree that there are no backpay damages in this case <u>and</u> that the case addresses solely Plaintiff's loss of the Faculty Manager assignment in 2000, there would be no reason for Mr. Zito to testify. Otherwise, the Defendants have no choice but to offer evidence from the decision-makers regarding the 2003 Faculty Manager assignment.

3. <u>Matthew Steele</u>, Faculty Manager at Weaver High School. The Defendants have listed Mr. Steele as someone who may testify "regarding the Faculty Manager assignment at Weaver High School." For the first time in the case, Plaintiff raised the issue of Mr. Steele's schedule as Faculty Manager at Weaver High School in her Opposition to Defendants' Motion for Summary Judgment. If Plaintiff or her witnesses are permitted to testify regarding Mr. Steele's current schedule and Faculty Manager duties, the Defendants may want to call Mr. Steele as a witness.

4. <u>Paul Stringer</u>, Principal at Weaver High School. Mr. Stringer is listed as a witness that the Defendants may call to testify "regarding Plaintiff's First Amendment claim and the Faculty Manager assignment at Weaver High School." Mr. Stringer was mentioned as a witness in this case by Plaintiff during her deposition. More particularly, Plaintiff testified regarding a meeting that she attended concerning the inclusion of Sports Sciences Academy in sports schedules and comments made by Mr. Stringer. Mr. Stringer may be called to testify regarding any recollection that he may have regarding Plaintiff's alleged speech. Mr. Stringer may also be called to testify regarding the Faculty Manager position at Weaver High School. Once again, if Plaintiff or her witnesses are allowed to testify regarding Mr. Steele's current schedule and Faculty Manager duties at Weaver High School, Mr. Stringer may be

        called to testify regarding his decisions regarding the Faculty Manager position at Weaver High School.

5. <u>Diane Kutsavage Prescod, Norma Lavoie & Marilyn Kulpa</u>. The Defendants have listed Ms. Kutsavage-Prescod, Ms. Lavoie and Ms. Kulpa in the Pre-Trial Memorandum as witnesses who may testify regarding accreditation issues at Hartford Public High School, the transition between Principal Wall and Principal Colon-Rivas and the general state of affairs at Hartford Public High School at the time that Plaintiff was transferred. If Plaintiff is allowed to delve at length into the transfers out of Hartford Public High School in 2000 (which the Court has already determined did not constitute an adverse employment action in Plaintiff's case), these witnesses may be called to provide context and perspective. Alternatively, they may be called as rebuttal witnesses.

6. <u>Joseph Lee</u>. Plaintiff has listed Elizabeth Gunn as a witness who is expected to testify at trial concerning certain conversations that she is claimed to have had. Mr. Lee, an Assistant to then-Executive Director of Human Resources Robert Stacy, wrote a memorandum documenting a meeting that he had with Ms. Gunn. Such document was produced to Plaintiff in discovery and is listed as an exhibit that the Defendants may seek to introduce at trial. The Defendants have listed Mr. Lee as a witness who may testify at trial if the need arises. Mr. Lee may "testify regarding

his conversation with Elizabeth Gunn and the resulting memo that he wrote. He may also testify regarding any knowledge that he has regarding Plaintiff's transfers and the Faculty Manager assignment at Hartford Public High School." Mr. Lee may be called simply to authenticate the document or testify regarding the conversation. If he has any knowledge regarding Plaintiff's transfer, he may be asked about such knowledge.

7. <u>Thomas Ritter</u>. Mr. Ritter, the last Chairman of the State Board of Trustees, may be called by the Defendants to testify regarding Public Acts 97-4 and 01-7, the creation of the State Board, the duties of the State Board, the efforts made by the State Board, the powers of the State Board and the dissolution of the State Board. It was well-known throughout the Hartford area that former Speaker of the House Ritter served as Chairman of the State Board prior to its dissolution.

In sum, there is no reason to preclude any of their witnesses. Their non-inclusion in the Initial Disclosures is with justification or was entirely harmless.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Third Motion in Limine should be denied in its entirety.

DEFENDANTS,
HARTFORD PUBLIC SCHOOLS, STATE
BOARD OF TRUSTEES FOR THE HARTFORD
PUBLIC SCHOOLS, JUNE BERNABUCCI AND
JOSE COLON-RIVAS

By: _____
Joseph W. McQuade, ct12121
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106
Telephone (860) 493-0870
Facsimile (860) 493-0871
jmcquade@kemlaw.com
Their Attorney

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Defendants' Memorandum in Opposition to Plaintiff's Third Motion in Limine was sent via first class, U.S. Mail, postage pre-paid on this the 8th day of February 2005 to:

Judith D. Meyer, Esq.
3785 N. Camino de Oeste
Tucson, AZ  85745

And e-mailed to:  judithdmeyer@igc.org

                                            Joseph W. McQuade

16854