UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | **CIVIL ACTION** |
| | : | **MASTER DOCKET** |
| **Plaintiff,** | : | **3:02CV753 (SRU)** |
| v. | : | |
| | : | |
| **CITY OF HARTFORD, HARTFORD** | : | |
| **PUBLIC SCHOOLS, STATE BOARD** | : | |
| **OF TRUSTEES FOR THE HARTFORD** | : | |
| **PUBLIC SCHOOLS, ANTHONY** | : | |
| **AMATO, JUNE BERNABUCCI** | : | |
| **and JOSE COLON-RIVAS** | : | |
| **Defendants.** | : | |
| | : | |

| | | |
|---|---|---|
| **JANICE LAPENNA** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV1126 (SRU)** |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS** | : | |
| **Defendant.** | : | |
| | : | **FEBRUARY 8, 2005** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S FOURTH MOTION IN LIMINE**

The Defendants respectfully submit this Memorandum in Opposition to Plaintiff's Fourth Motion in Limine. In her Fourth Motion in Limine, Plaintiff seeks to preclude "any evidence, testimony, mention of or reference to the jury, or any claim by any of the defendants, that to fulfill the duties of the position of Faculty Manager, the person who held the position was required to be a

teacher at the same school." Plaintiff claims that such evidence is barred by the parol evidence rule. This motion in limine should be denied in its entirety.

## I.     BACKGROUND

In this action, the following claims remain: (a) a Title VII sex discrimination claim; (b) an ADEA discrimination claim; (c) a §1983 First Amendment retaliation claim; (d) a §1983 Fourteenth Amendment equal protection claim; and (e) a §1983 Fourteenth Amendment due process claim. There is no breach of contract claim.

The parties have stipulated that: (a) "The Hartford Public Schools maintains a paid extracurricular assignment of Faculty Manager. Each of the three public high schools in Hartford is assigned a Faculty Manager;" and (b) "In or around December of 1996, Plaintiff became the Faculty Manager at Hartford High. She was paid a stipend for the Faculty Manager assignment in addition to her pay as a teacher."

The Defendant believe that the evidence will establish that the Faculty Manager at each high school serves as a liaison between the district-wide Athletic Director and the coaches at each high school. The evidence is also likely to establish that not all of the coaches teach at the high school where they coach. Thus, it is important that the Faculty Manager be present at the high school to handle issues as they arise. The evidence is also likely to show that the Principal has the ultimate authority as to who serves as Faculty Manager.

The Defendants intend to show at trial that Plaintiff lost the Faculty Manager assignment at Hartford Public High School in 2000 because she was no longer assigned to teach at that school.

I. **ARGUMENT**

Plaintiff's argument is novel at best. "The parol evidence rule is not a rule of evidence but a rule of substantive contract law." Tait, Tait's Handbook of Connecticut Evidence, 3rd ed. §10.4.1 at p. 782 (2001); see also, Hood v. Aerotek, Inc., 2002 U.S. Dist. LEXIS 3513 (D. Conn. Feb. 20, 2002). However, the parol evidence rule does not apply in this case because this is not a contract action. As the parties have stipulated, Plaintiff exercised her contractual rights to grieve the loss of the Faculty Manager extracurricular assignment; the grievance was settled; and Plaintiff was paid all that she was owed for her contractual term as Faculty Manager. Pre-Trial Memorandum, Stipulation of Facts 12-13. Thus, Plaintiff cannot and has not presented any contractual claims here.

As this court is aware, once a plaintiff in an employment discrimination case establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the action taken. Farias v. Instructional Systems, Inc., 259 F.3d 91, 98 (2d Cir. 2001). "The defendant is not required to prove that the articulated reason actually motivated its actions." Farias, 259 F.3d at 98. In this case, the legitimate, non-discriminatory reason why Plaintiff could not continue as the Faculty Manager at Hartford Public High School after her transfer was that she was no longer stationed at the school.

3

Naturally, Plaintiff can attempt to prove that the legitimate, non-discriminatory reason given by the Defendants is pre-text to discrimination. Undoubtedly, Plaintiff will attempt to prove that because the collective bargaining agreement does not address the issue of where a Faculty Manager must be stationed, the Defendants' reason is pretext. However, there is absolutely no authority for the proposition that the parol evidence rule precludes the Defendants from offering their legitimate, non-discriminatory reason in this case.

Further, even if one were to suspend logic and indulge Plaintiff's argument in this case, the parol evidence rule does not apply because the Defendants are not attempting to vary or contradict the terms of the collective bargaining agreement. "The parol evidence rule does not itself forbid the proffer of 'parol evidence,' that is, evidence outside of the four corners of the contract concerning matters governed by an integrated contract, but forbids the use of such evidence to vary or contradict the terms of that contract." Hood, 2003 U.S. Dist. LEXIS 3513 at *10. The collective bargaining agreement simply does not address the question of whether the Faculty Manager must be stationed at the particular high school or not. Because this term is not addressed in the contract, the parties are free to offer parol evidence on it.[1]

Finally, for the reasons expressed above, Plaintiff's strange and unsupported argument regarding estoppel must also fail.

---

[1] Indeed, if this were a contract action (which it is not), the Defendants would have the stronger argument because the management rights clause would provide a basis for addressing a matter, such as this, that is unaddressed by the collective bargaining agreement.

4

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Fourth Motion in Limine should be denied in its entirety.

<pre>
                              DEFENDANTS,
                              HARTFORD PUBLIC SCHOOLS, STATE
                              BOARD OF TRUSTEES FOR THE HARTFORD
                              PUBLIC SCHOOLS, JUNE BERNABUCCI AND
                              JOSE COLON-RIVAS


                        By: _____
                              Joseph W. McQuade, ct12121
                              Kainen, Escalera & McHale, P.C.
                              21 Oak Street, Suite 601
                              Hartford, CT  06106
                              Telephone (860) 493-0870
                              Facsimile (860) 493-0871
                              jmcquade@kemlaw.com
                              Their Attorney
</pre>

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Defendants' Memorandum in Opposition to Plaintiff's Fourth Motion in Limine was sent via first class, U.S. Mail, postage pre-paid on this the 8th day of February 2005 to:

Judith D. Meyer, Esq.
3785 N. Camino de Oeste
Tucson, AZ  85745

And e-mailed to:  judithdmeyer@igc.org

                                      Joseph W. McQuade

16855