UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA,** | : | CIVIL ACTION |
| Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **STATE BOARD OF TRUSTEES FOR** | : | |
| **THE HARTFORD PUBLIC SCHOOLS,** | : | |
| **JUNE BERNABUCCI and** | : | |
| **JOSE COLON-RIVAS,** | : | |
| Defendants. | : | |
| | | |
| **JANICE LAPENNA,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS,** | : | |
| Defendant. | : | FEBRUARY 7, 2005 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS FIRST MOTION IN LIMINE**

Plaintiff submits the following in response to the Defendants' First Motion in Limine, in which they ask the Court to issue an order precluding presentation to the jury of any evidence or mention of equitable relief, "including the availability and propriety of front pay." While superficially benign, the Motion should be denied, because such an order would deny plaintiff's

1

right to present relevant evidence on compensatory damages. Defendants' stated concern can be eliminated simply by not asking the jury to award front pay.

Plaintiff willingly concedes, binding precedent is clear that front pay on her claim under the federal Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA") is strictly a question for the Court, and not the jury, as set forth in <u>Dominic v. Consolidated Edison Co. of New York, Inc.</u>, 822 F.2d 1249 (2nd Cir. 1987). Nor has plaintiff suggested she intended to present this issue to the jury. To the extent the presentation of any evidence to the jury were intended solely to relate to that issue under the ADEA, it might be improper and excludable.

But on plaintiff's claims under Title VII of the Civil Rights Act of 1964, under Section 1983, and under the Connecticut Unfair Trade Practices Act, she is entitled to compensatory damages. She cannot be precluded from presenting to the jury evidence which is relevant to her claim for compensatory damages. This evidence may well include the expanded opportunities for her career which she would have enjoyed, had she remained in the position from which the defendants unlawfully removed her. As defendants have pointed out, plaintiff has claimed a loss of earning capacity and future earning capacity. The jury is not permitted to, nor is it asked to, award front pay under the ADEA; but plaintiff is entitled to have the jury consider the past and current impact on plaintiff's enjoyment of life activities, of her loss of hopes and dreams of possibly higher positions in the future. Those hopes and dreams were diminished, if not destroyed for some period of time, by the unlawful conduct of the defendants. She is entitled to have the jury consider all relevant, non-cumulative evidence of her non-economic losses,

including her distress at her lost earning capacity.

If the Court were to grant the defendants' request, and issue an order precluding any evidence of the loss of earning capacity or the impact upon plaintiff's future employability, this would unnecessarily complicate the trial of the case with a multitude of hair-splitting evidentiary decisions. It would impede plaintiff's ability to present her legitimate evidence with constant concerns whether a witness might say something incorrect in response to a question. The only unfairness would be to plaintiff.

It would seem that the danger of unfairness claimed by the defendants can be prevented simply by not allowing the jury to award front pay.

## **CONCLUSION**

For all of the foregoing reasons, the Court should deny Defendants' First Motion in Limine, with the agreement that the jury will not be asked to award front pay.

                        PLAINTIFF

                        By _____
                        Judith D. Meyer
                        Fed Bar No.: CT04976
                        3785 N. Camino de Oeste
                        Tucson, AZ 85745
                        Tel. (520) 743-8058 or (860) 202-1699
                        Fax (520) 743-8059 or (860) 677-6832
                        e-mail: judithdmeyer@igc.org
                        HER ATTORNEY

## **CERTIFICATION**

   This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, this 7th day of February, 2005, to the following counsel of record:
Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

                         Judith D. Meyer