UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **MASTER DOCKET** |
| | : | **3:02CV753 (SRU)** |
| v. | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **STATE BOARD OF TRUSTEES FOR** | : | |
| **THE HARTFORD PUBLIC SCHOOLS,** | : | |
| **JUNE BERNABUCCI and** | : | |
| **JOSE COLON-RIVAS,** | : | |
| **Defendants.** | : | |
| | | |
| **JANICE LAPENNA,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV1126 (SRU)** |
| | : | |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS,** | : | |
| **Defendant.** | : | **FEBRUARY 7, 2005** |

**PLAINTIFFS MEMORANDUM IN OPPOSITION TO
DEFENDANTS' THIRD MOTION IN LIMINE**

Plaintiff submits the following in response to the Defendants Third Motion in Limine, in which the defendants seek to have a monopoly on all testimony on central material facts. In this Motion, the defendants ask the Court to issue an order that the plaintiff may not introduce testimony from any witness other than the decision makers, regarding: (1) her job performance; (2) whether the job of Faculty Manager could be performed by a person who did not teach at the

1

same school; (3) whether her rights were violated; and (4) the relative qualifications of plaintiff and others for the job. Such a ruling, as to the first two points, would be grossly unfair and contrary to precedent. As to the third point, only bald-faced statements regarding the specific motivation of the defendants is inadmissible; other opinion evidence is admissible. As to the fourth point, plaintiff should be permitted to offer evidence of comparative qualifications if the defendants attempt to do so; but if the defendants agree to refrain from such conduct, plaintiff will not make any such attempt.

**1.    PLAINTIFF MUST BE PERMITTED TO PROVE HER QUALIFICATIONS AND PAST PERFORMANCE WITH THE BEST AVAILABLE EVIDENCE.**

Plaintiff's past job performance is directly material, and witnesses who observed it are competent to testify to it. In any employment discrimination case, successful past performance is probative evidence on both the *prima facie* case and pretext. *See,* Hagelthorn v. Kennecott Corp., 710 F.2d 76, 82 (2nd Cir. 1983) (twenty years on the job was probative evidence of successful performance, both as part of the *prima facie* case and to show pretext); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 205 (2nd Cir. 1995) (evidence that plaintiff had received good or very good job performance ratings was relevant to both qualification and pretext and showed employer's awareness that he was capable of performing available jobs); Cardona v. Aetna Life & Cas., 1998 U.S.Dist. LEXIS 7246 (D.Conn. 1998) (plaintiff proved she was qualified by

showing many years of satisfactory performance evaluations, and that she had been serving in the very position for which she was being evaluated.).

In the case at bar, defendants have asserted, among other proffered explanations for the adverse actions at issue, that plaintiff was removed from her position, in which she had received outstanding performance reviews, because of the need to obtain accreditation for Hartford Public High School, or for some vague reason related to a purported improvement plan for the school (which plan they could not specifically identify). Plaintiff is entitled to show that this is pretextual, by reference to the fact that her outstanding performance reviews demonstrate that improving Hartford High and obtaining accreditation would obviously be a reason to retain, and not to eliminate her. Plaintiff's past performance, and not merely the decision makers' <u>alleged</u> opinion of that performance, is central to the issues.

Plaintiff is entitled to show that her past performance evaluations were outstanding, that they were part of the records of the defendants, and that they were based upon demonstrated outstanding service at Hartford High. This she can do from testimony of witnesses other than the decision makers. Harry Holloway, who retired within one month before the actions at issue, had been plaintiff's direct supervisor and evaluator for several years; his observations and opinions of her performance, as reflected in the documents he added to her personnel file and hopefully in his testimony, are admissible and probative evidence of what any rational decision maker would have believed, in the position of deciding what teachers or what Faculty Manager to retain or eliminate in order to obtain accreditation or improve Hartford High. Defendants are certainly

permitted to proffer the <u>purported</u> opinions of the decision makers;  but plaintiff is entitled to rebut their proffered justifications with evidence that the proffered reasons are sufficiently irrational as to be unworthy of credence.  The truth about her demonstrated performance and the opinions expressed in her personnel file is such evidence.

Defendants have also provided conflicting information, during the administrative investigation of this case and during the discovery process, of who made the decisions at issue. They have alleged, for example, that Dr. Colon made the decision based upon a statement by either Joseph Wall or Harry Holloway that plaintiff was "not a team player."  Plaintiff must be permitted to show Harry Holloway's and Joseph Wall's opinions of her performance, which, according to their affidavit and deposition, respectfully, defies such a statement or any basis for such a statement, to rebut this pretextual proffer.  It is powerful evidence of pretext, as well as of plaintiff's *prima facie* case.   have also, at various times, indicated that June Bernabucci or Frank Dumont made the decisions at issue;  and that Frank Dumont and June Bernabucci did not make the decisions or participate in making them.  In light of the conflicting statements of these defendants and their witnesses, the Court cannot realistically limit the testimony on the reasons for the decisions to the decision makers.

The <u>alleged</u> opinions of the decision makers are certainly material.  But whether their proffered opinions are pretextual is also material.  Evidence that their own records and other information available to them would make any intelligent, rational person come to the opposite conclusion regarding plaintiff's past performance, and whether removing her from Hartford High

4

was necessary in order to improve the school or obtain accreditation, is material, relevant and not unduly prejudicial.

Defendants articulate a fear that certain witnesses will provide opinion testimony. Memorandum in Support of Defendants' Third Motion in Limine ("Third Defense Mem."), pp. 2-8. Plaintiff will attempt to address each of the concerns raised; but first points out to the Court that the opinions of witnesses on the conveyed attitude of the decision makers is admissible to show retaliatory or discriminatory animus.

If the opinion of a lay witness is rationally based on his or her perceptions, and helpful to a clear understanding of the fact testimony, or to the determination of a fact in issue, it is admissible under Rules 701 and 704(a), Fed.R.Evid.  Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911 (2nd Cir. 1997); United States v. Rea, 958 F.2d 1206, 1214-15 (2nd Cir. 1992). When a witness describes a person as having been angry, of course s/he is expressing an opinion. It is the type of lay opinion that is admissible, from persons who had direct interactions with the subject individual, when that person's state of mind is at issue.  The decision makers' state of mind is plainly a central material issue in this case, and the observations of conveyed attitude are important evidence on the issue.  Statements of the witnesses regarding how the purported decision makers responded to those who, like plaintiff, attempted to speak out on the same issues, for example, is pithy to this case and is admissible under the Rules of Evidence and precedent interpreting them.  Defendants may try to discredit this testimony, but to the extent the

5

witnesses' observations were first-hand, they have directly relevant information which the jury should be permitted to consider, on the issue of retaliatory or discriminatory motive.

**2.    OPINION TESTIMONY IS ADMISSIBLE ON THE ISSUE OF WHETHER PLAINTIFF COULD HAVE PERFORMED THE FACULTY MANAGER POSITION DESPITE HER TRANSFER.**

Some of the evidence the defendants seek to exclude is necessary because of a mixed issue of fact and opinion, which issue the defendants themselves created. Plaintiff has claimed that when defendants removed her from her Faculty Manager position, it was an act of retaliation, intended to punish her and chill further speech on a matter of public concern.

Defendants claim that plaintiff necessarily had to be removed from her position as Faculty Manager at Hartford High as soon as she was transferred to a different school as a teacher. Plaintiff's removal as Faculty Manager caused most of the damage that gave rise to this case; so the issue is certainly central. Defendants' assertion of this purported necessity appears to be the proffered "legitimate non-retaliatory reason" upon which they expect to defend the case, since they have never provided any other explanation worthy of any credence at all. Plaintiff must be permitted to show there was no such necessity, as a matter of fact. She must be allowed to do this precisely by showing what the job duties of the position were, how they were performed, and what impact it would have on performance of the duties if she were teaching outside Hartford High, as she was, briefly, after her transfer. This can best be shown by the

testimony not only of plaintiff, but of the other coaches with whom her job required her to interact, regarding how and when those interactions took place.

Opinion testimony of lay witnesses is not inadmissible *per se*. If their opinions or inferences are rationally based on their perceptions, and helpful to a clear understanding of their fact testimony, or to the determination of a fact in issue, then they are admissible under Rules 701 and 704(a), Fed.R.Evid. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911 (2nd Cir. 1997); United States v. Rea, 958 F.2d 1206, 1214-15 (2nd Cir. 1992).

Defendants rely upon Hester v. BIC Corp., 225 F.3d 178 (2nd Cir. 2000), for the proposition that opinions on the ultimate issue of discriminatory or retaliatory reason – which plaintiff has never suggested she will offer – is inadmissible. It is important to note the difference, set forth by the Court in Hester, between admissible opinion evidence about a person's attitude and conduct towards another person, and an opinion concerning the underlying motivation for the conveyed attitude or conduct. In Hester, it was not suggested that the witnesses should not have been able to testify that the decision maker at issue had treated the plaintiff with "condescension, coldness, hostility or disregard," as compared with similarly situated employees – which of course requires a certain amount of opinion evidence. That opinion evidence based upon the witnesses' perceptions, was permissible. It was only when they testified that race motivated the different attitude toward the plaintiff, absent any further specific evidence, that their testimony went beyond the permissible. 225 F.3d at 185.

Against this backdrop, plaintiff will address the specific demands of the defendants in this Motion.

**a.     Cynthia Turcotte and Elizabeth Gunn Can Testify to Their Experiences as Teachers and Coaches.**

First, defendants list witnesses Cynthia Turcotte and Elizabeth Gunn, and the fact that one or both may testify to their experiences as teachers and coaches. Third Defense Mem. pp. 2-3. Defendants have not further articulated how the testimony of these particular witnesses may be impermissible, other than that they <u>may</u> offer opinions on the ultimate issue of whether discrimination or other violation of law was the true motivation – a suggestion not present in any description of their expected testimony offered by the plaintiff.

Ms. Turcotte and Ms. Gunn were coaches at Hartford High for several years while plaintiff was Faculty Manager. Their experiences and interaction with the Faculty Manager is probative of how and when the job duties were performed successfully by plaintiff. This, in turn, is probative of whether a rational decision maker would conclude that plaintiff could not perform the job after her transfer – or whether the defendants' proffer of necessity is unworthy of credence and pretextual. The Court should deny this attempt to interfere with plaintiff's right to present probative evidence on the defendants' proffered reason for their action.

**b.     Holloway's Proposed Testimony is Admissible.**

Defendants have similarly expressed a fear of unfair prejudice from the testimony of Harry Holloway, regarding the requirements of the Faculty Manager position and the feasibility of having it performed by a teacher from another school who was not present immediately at the end of the school day, each day.  Mr. Holloway supervised Ms. LaPenna as Faculty Manager for several years.  He had an extensive background supervising high school athletics for HPS.  His knowledge of the requirements of the position, and the manner of its performance, are probative of whether the defendants' stated reasons are worthy of credence.  His opinion of the feasibility of having a Faculty Manager who teaches at another school is admissible to rebut the defendants' claim of necessity.  The defendants would like to limit the probative evidence to the testimony of witnesses who must still rely upon them for their livelihood.  Mr. Holloway is a disinterested witness whose knowledge of facts and whose opinion on the issue of the proffered necessity is relevant and material.    Defendants' Motion should be denied as to his proposed testimony.

**c.**    **Lou LaPenna's Testimony Is Admissible.**

Defendants claim that Louis LaPenna should not be permitted to testify to his interactions as a coach, with the Faculty Manager at his school, who teaches at a different school most of the day. Third Defense Mem. p. 3.  This may be the most transparently disingenuous claim of unfair prejudice in the Defendants' entire argument.  It is clear that the proposed testimony is purely factual and directly relevant.  The fact that the defendants can allow a man to teach at one school

and be Faculty Manager at another, renders false and pretextual their proffered reason for the actions adverse to plaintiff: that a teacher cannot teach at a different school from where she is Faculty Manager; it tends to prove that their claim of necessity to remove plaintiff from the position as soon as she was transferred, is unworthy of credence. If he is asked, and testifies, to his opinion, whether the fact that the Faculty Manager for the school where he coaches does not teach at his school all day impairs his ability to work with him as required for successful performance of the coaching or Faculty Manager duties, and his opinion is rationally based on his perceptions, and helpful to a clear understanding of the fact testimony, or to the determination of the fact in issue – the claim of necessity, it is admissible under Rules 701 and 704(a), Fed.R.Evid. Defendants' Motion should be denied even as to such opinion testimony, let alone the factual testimony specifically described by plaintiff in her pretrial disclosures.

**3.    EDWIN VARGAS AND WILLIAM HAGAN'S PROPOSED TESTIMONY IS ADMISSIBLE AS TO ANY REASON EXPRESSED TO THEM, AND THE ATTITUDE OF THE ADMINISTRATORS INVOLVED IN THE DECISIONS.**

Defendants claim the danger of unfair prejudice in the proposed testimony of Union President Edwin Vargas and Vice President William Hagan. They assert that these witnesses are expected to testify regarding their "experiences with the HPS administration concerning the transfer of teachers out of Hartford High in the summer of 2000;" and that somehow that will likely become opinion testimony on the ultimate issue of whether action was taken against plaintiff in violation of specific laws. Third Defense Mem. p. 3. The defendants' claim is not

based upon any suggestion from plaintiff, but rather upon their own speculation.  Defendants may have reason for concern, based upon their own knowledge, that these witnesses are aware of impermissible reasons for the transfer.  But until they articulate their concerns, and the basis for the concerns, more specifically, the Court should not enter a prior restraint against fully exploring their experiences with HPS administration regarding the transfers.

The transfers, and the true reasons for the transfers, are material to this case.  As set forth in Mr. Vargas's and Mr. Hagan's Affidavits filed with plaintiff's Memorandum in Opposition to Motion for Summary Judgment in this case, they met with Defendant Colon to discuss the reasons for the transfer of each teacher on the list, including plaintiff.  Dr. Colon told them he did not make the decision to transfer plaintiff, and he did not have any reason to transfer her or remove her from any position at Hartford High.  He indicated that they must speak with June Bernabucci about the transfers.  All of the surrounding circumstances and conveyed attitudes are relevant to a full understanding of the facts at issue.

The two men then met with Ms. Bernabucci, who did not deny her role, but refused to rescind the decision and conveyed to them an attitude that plaintiff was a trouble-maker.  Later, Dr. Colon and Ms. Bernabucci asserted that he, and not she, made the decisions at issue.  The entirety of Mr. Vargas's and Mr. Hagan's interactions with the administration, including their opinions regarding state of mind at the time of the meetings, if clearly based upon their articulated perceptions, would be helpful to a clear understanding of the fact testimony regarding the meetings, or to the determination of a fact in issue such as who actually made the decisions

and for what reasons. For example, if Dr. Colon expressed no emotion whatever, and appeared to have no opinion whatever as to whether Ms. LaPenna should be transferred, but Ms. Bernabucci did appear to have strong feelings, this would be important information for the finder of fact in this case. The finder of fact can reach their own decision on the actual motivation, but the witnesses' observations of the attitudes of the administrators, which is, of course, opinion evidence, is valuable information for that purpose. Such opinions are therefore admissible in evidence pursuant to Rules 701 and 704(a), Fed.R.Evid. Defendants' Motion should be denied, as to the proposed testimony of Mr. Vargas and Mr. Hagan.

Dr. Colon told the plaintiff, when asked why she had been transferred, that her mouth had gotten her in trouble and she had made an enemy downtown. If Mr. Vargas and Mr. Hagan observed that a high proportion of the individual teachers on the transfer list were individuals who had expressed views contrary to those of the administration, of their personal knowledge, this would also be probative and material information in this First Amendment retaliation case.

The opinion testimony of these two union officers may also become necessary if the defendants are permitted to introduce parol evidence concerning the intent of the contractual rights under the pertinent collective bargaining agreement.

**4.    EVIDENCE OF COMPARISON OF QUALIFICATIONS MUST BE PRECLUDED AS TO BOTH PARTIES, IF AS TO EITHER.**

Defendants have not offered anything in their Third Defense Mem. to support their assertion that plaintiff should not be able to offer opinion testimony regarding comparative performance except from the decision makers. Plaintiff submits that if the defendants raise any issue at trial, whether another employee's performance was or was not superior, then she should be permitted to offer evidence from anyone who observed the performance of both, on this issue. But if defendants will agree not to offer such evidence, then plaintiff will agree not to do so.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' Third Motion in Limine.

                PLAINTIFF

                By _____
                Judith D. Meyer
                Fed Bar No.: CT04976
                3785 N. Camino de Oeste
                Tucson, AZ 85745
                Tel. (520) 743-8058 or (860) 202-1699
                Fax (520) 743-8059 or (860) 677-6832
                e-mail: judithdmeyer@igc.org
                HER ATTORNEY

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, this 7th day of February, 2005, to the following counsel of record:
Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

                _____
                Judith D. Meyer