UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendant. | : | FEBRUARY 25, 2005 |

**PLAINTIFF'S REPLY RE PLAINTIFF'S FIRST MOTION IN LIMINE**

Plaintiff submits the following to prevent the possibility that the Court may decide the Plaintiff's First Motion in Limine based upon inaccuracies. Perhaps defense counsel did not intend it, but the Defendants' Memorandum in Opposition to Plaintiff's First Motion in Limine ("Mem. in Opposition") materially mischaracterized plaintiff's argument, and proffered a false statement of fact. It also does not justify denial, but supports granting the Motion.

In her First Motion in Limine and the related memorandum of law, plaintiff asked the Court for a ruling precluding the defendants from introducing any evidence, testimony, mention of or reference to any statement she had made regarding sexual harassment, sexually offensive conduct, or discrimination by former Hartford High Principal Joseph Wall.  The basis for the Motion, as set forth in the related memorandum filed with it, is that such evidence is immaterial to any issue in this case;  would be likely to confuse the issues in this case;  would create waste of time at trial;  would not be probative of any issue in the case;  and could be sufficiently prejudicial to jeopardize the fairness of the trial.

In response, in their Mem. in Opposition, the defendants assert that "[b]oiled down to its essence, [p]laintiff's argument is: The Defendants made me say something that isn't truthful." Mem. in Opposition p. 4.  The defendants' boiling pot has apparently attempted to change the nature of its contents.  <u>Plaintiff has never stated or even suggested that the defendants made her say anything **untruthful**</u>.  Plaintiff has been entirely truthful, and defendants have directly mischaracterized the argument of the Motion in Limine.

<u>The only untruthful statement was that of Defendant Colon, and he has admitted under oath that his statement was untruthful</u>.  <u>Colon's intentional false statement to the CHRO investigator</u> that Mr. Wall gave him a list of teachers to transfer out of Hartford High, which list included Ms. LaPenna, is the only falsehood at issue.  Ms. LaPenna's statement to the CHRO investigator was truthful, but because Colon has now admitted, under oath, that he was lying

when he tried to name Mr. Wall as the decision-maker, Ms. LaPenna's statement about Mr. Wall's possible disparate treatment of women has become entirely immaterial.

The problem with permitting the defendants to use this fruit of <u>their lie</u> is quite apparent from the Mem. in Opposition. They have directly admitted they wish to use it to impeach plaintiff's credibility, suggesting it is a "prior inconsistent statement," and her version of the truth is unreliable or "depends upon which way the wind is blowing." Mem. in Opposition p. 4. Defendants make this argument notwithstanding the fact that plaintiff, by contrast to several of the defendants and their witnesses, has never provided an inconsistent statement during the entire history of this matter. If the defendants are permitted to suggest that Ms. LaPenna dishonestly said Mr. Wall made such a comment, the result is that plaintiff must be allowed, in fairness, to prove that Mr. Wall actually did make comments about her physical appearance which, while he may have intended to compliment her, were offensive to her as inappropriate in her professional workplace.

Of course, there can be no "inconsistent statement," as comprehended under Rule 801(d)(1) Fed.R.Evid., until and unless Ms. LaPenna testifies at trial in a manner inconsistent with some previous statement she has made. Defendants' argument is therefore premature at best. But it has served to demonstrate the need for the Court to issue the ruling requested in Plaintiff's First Motion in Limine. The defendants obviously intend to attempt to raise her CHRO statement, as defense counsel did at Mr. Wall's deposition, in a naked attempt to poison the witness against the plaintiff, to attempt the same at trial before the jury. This has no

3

legitimate place at the trial of this case. It is a surprise to no intelligent observer of the modern workplace that a woman employed for several decades may have experienced more than one incident that could be characterized as disparate treatment based upon her gender, or inappropriate comments regarding her physical attractiveness. Nor is there a more appropriate setting for her to say as much, as when the CHRO is investigating why an adverse action was taken against her, and the employer tells the investigator a particular person made the decision. This, by itself and without any actual inconsistent version of the facts, does not justify an attempt to portray the plaintiff as having some character trait to make "spurious allegations of sexual harassment," as defendants attempt to argue. Mem. in Opposition, p. 4.

It is inconceivable that the defendants would be permitted to bring in the plaintiff's statement, which they already suggest was a "prior inconsistent statement," to portray her as dishonest, yet plaintiff would not be permitted to bring in her best evidence that her statement was true. She should be permitted to bring in several other female employees as witnesses (which she could), to testify to Mr. Wall's propensity to make similar comments to female employees, or to treat women less favorably than men – a completely collateral issue. Plaintiff has not made a false statement of fact in this case, nor has her "version of the facts" swayed either with or without a breeze. If the defendants falsely attempt to impugn her truthfulness this way, she should be permitted to introduce clear and adequate evidence so that the jury is convinced that Mr. Wall would have been very likely to have made the comments at issue. We could add an entire mini-trial within this trial, on the entirely immaterial question whether

4

Joseph Wall ever made a comment that could be construed as sexually harassing. Or we could eliminate this immaterial question.

This is precisely why plaintiff argued, in her Motion in Limine, that allowing the defendants to bring in the fruit of their direct, unequivocal lie, would be likely to confuse the issues in this case and compound the proceedings. In light of Colon's admission that he lied about Mr. Wall's involvement, Mr. Wall's treatment of women is not even marginally relevant. Only Dr. Colon's lies about the reasons for the actions at issue are material.

## CONCLUSION

For all of the foregoing reasons, the Motion should be granted and the defendants should be warned to make no mention or comment concerning plaintiff's statement about Joseph Wall.

                                    PLAINTIFF

By    s
Judith D. Meyer
Fed Bar No.: CT04976
3785 N. Camino de Oeste
Tucson, AZ 85745
Tel. (520) 743-8058 or (860) 202-1699
Fax (520) 743-8059 or (860) 677-6832
e-mail: judithdmeyer@igc.org
HER ATTORNEY

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also via first-class mail, postage prepaid, this 25th day of February, 2005, to the following counsel of record:

Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

_____*s*_____
Judith D. Meyer