**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JANICE LAPENNA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **MASTER DOCKET** |
| | : | **3:02CV753 (SRU)** |
| **v.** | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **STATE BOARD OF TRUSTEES FOR** | : | |
| **THE HARTFORD PUBLIC SCHOOLS,** | : | |
| **JUNE BERNABUCCI and** | : | |
| **JOSE COLON-RIVAS,** | : | |
| **Defendants.** | : | |
| | | |
| **JANICE LAPENNA,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:03CV1126 (SRU)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSE COLON-RIVAS,** | : | |
| **Defendant.** | : | **FEBRUARY 25, 2005** |

## PLAINTIFF'S REPLY RE PLAINTIFF'S FOURTH MOTION IN LIMINE

Plaintiff submits the following argument in response to the Defendants' Memorandum in

Opposition to Plaintiff's Fourth Motion in Limine ("Mem. Opposition").

In her Fourth Motion in Limine ("Motion") and its supporting memorandum, plaintiff

asked the Court to rule that the defendants may not introduce evidence or testimony to the effect

that to fulfill the duties of the position of Faculty Manager, the person who held the position was

required to be a teacher at the same school (the "Same-School Rule").   The basis for the Motion

is that the Parol Evidence Rule prohibits admission, where a written contract with a merger

clause is proven, of evidence of additional purported terms which contradict or are inconsistent

with the written contract.   Plaintiff held her position under a written contract with a term of two

years, and was removed from that position in the midst of the term.   Defendants have claimed

that they necessarily had to remove her, because the job required the Faculty Manager to be a

teacher at the same school.   But this claimed contract term contradicts or is inconsistent with the

the posting and the Appendix incorporated by reference into the contract.   (*See,* Memorandum in

Support of Plaintiff's Fourth Motion in Limine, ¶6;  in addition, the Appendix contains an

express policy of the Board that a transferred teacher should not lose an extracurricular athletic

position due to a transfer.)

        In the Mem. Opposition, defendants argue that plaintiff's argument is "novel at best," and

cannot properly be applied because this is not primarily a contract action, but is a discrimination

and retaliation case.   Mem. Opposition p. 4.   They characterize plaintiff's argument as "strange

and unsupported,"  and claim the Court would have to "suspend logic and indulge" plaintiff's

argument.   *Id.* p. 5.   Aside from all of this hyperbole, the only cogent statement the defendants

put forth is that the rule does not forbid the proffer of "parol evidence" on any matter which the

written contract does not address.   This argument fails because the contract at issue incorporates

two written statements which directly contradict the claimed term set forth by the defendants.

First, the requirements of the Faculty Manager job, and the terms on which plaintiff had a right to keep her job as Faculty Manager, are contractual matters, even thought this case raises constitutional due process and statutory discrimination and retaliation claims.  As the Connecticut Supreme Court has explained, all employment is contractual;  the question in any employment case is, what were the terms of the contract.  *See, e.g.,* Torosyan v. Ingelheim Pharmaceuticals Corp., 234 Conn. 1 (1995).  Plaintiff must show the contract terms in this case to establish her due process claim, and also to show that defendants' action in removing her from her Faculty Manager position was an intentional action, not merely some accident or incidental effect.  The defendants created this issue themselves, when they attempted to assert a contract term which does not exist and cannot legally be recognized.  They should not be heard to complain if the law of contracts determines what evidence is permissible to prove a contract. The defendants claimed that when plaintiff was transferred to another school she was no longer qualified to perform the Faculty Manager job at Hartford High and they necessarily had to remove her.  Repeatedly during discovery in this case, they insisted that the union contract, the job description and/or the posting actually contained such a requirement.  Handed the documents themselves, at his Deposition, former Human Resources Director Robert Stacy admitted there was no such term in any of the documents;  but the defendants still insist upon asserting it was part of the qualifications for the job.

Plaintiff need not show that her claim is one for breach of contract, before the Parol Evidence Rule is in effect.  Nor have the defendants offered any legal basis for this suggestion.

The qualifications for this job are a matter of the written contract and its posting and job description, which are incorporated by reference, and the policy stated in its Appendix.  The posting and the policy directly contradict the defendants' claimed qualification.  The posting expressly states that a person need not even be a HPS employee, working in any school, to be qualified for this job.  The policy indicates that it would constitute a "gross injustice" if a transferred teacher were to lose a coaching job due to a transfer, and therefore when a transfer becomes necessary the school district would not post the position and replace the teacher in the position.  These are express terms incorporated by the employer into the contract, which contradict the "Same-School Rule" term the defendants seek to insert merely for the convenience of defending their actions in this case.  It was not a term of the contract, which set forth the qualifications, terms and conditions of this job, and it defies the statement in the posting.  The defendants may not legally assert a term of this written contract which is inconsistent with the writing.  The claimed "Same-School Rule" is such a term.  It would be contrary to law to permit this claimed term;  and it would unnecessarily compound the proceedings and confuse the issues in the case, if defendants were permitted to make their claims in violation of the Parol Evidence Rule.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Motion should be granted and the defendants should be precluded from introducing any evidence or testimony, or making any mention of or reference

4

to the jury, or making any claim, that to fulfill the duties of the position of Faculty Manager, the

person who held the position was required to be a teacher at the same school.

PLAINTIFF


By _____
Judith D. Meyer
Fed Bar No.: CT04976
3785 N. Camino de Oeste
Tucson, AZ 85745
Tel. (520) 743-8058 or (860) 202-1699
Fax (520) 743-8059 or (860) 677-6832
e-mail: judithdmeyer@igc.org
HER ATTORNEY

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also via first-class mail, postage prepaid, this 25th day of February, 2005, to the following counsel of record:
Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106


_____
Judith D. Meyer

5