UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JANICE LAPENNA,** | : | CIVIL ACTION |
| Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **STATE BOARD OF TRUSTEES FOR** | : | |
| **THE HARTFORD PUBLIC SCHOOLS,** | : | |
| **JUNE BERNABUCCI and** | : | |
| **JOSE COLON-RIVAS,** | : | |
| Defendants. | : | |
| | | |
| **JANICE LAPENNA,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| **JOSE COLON-RIVAS,** | : | |
| Defendant. | : | FEBRUARY 25, 2005 |

**PLAINTIFF'S REPLY RE PLAINTIFF'S THIRD MOTION IN LIMINE**

Plaintiff submits the following argument in response to the Defendants' Memorandum in Opposition to Plaintiff's Third Motion in Limine ("Mem. Opposition").

In her Third Motion in Limine, plaintiff asked the Court for a ruling precluding the defendants from calling at trial any witness they did not name at any earlier time as likely witnesses, and did not list on their disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P., as having

1

knowledge of information relevant to disputed facts. In response, defendants note that the Court has discretion to issue sanctions pursuant to Rule 37; Mem. Opposition p. 2; and that "given the extensive discovery taken in this garden-variety employment discrimination case, Plaintiff cannot possibly claim 'ambush' at trial. *Id.* p. 3-4. They assert, further, that the requirement for the witness list on the Pretrial Order of this Court is broader than than that of Rule 26(a).

What the defendants have utterly failed to do is provide any justification for their very substantial delay.

**LEGAL ARGUMENT**

Defendants note that the Court in <u>Lesser v. Camp Wildwood</u>, 2003 U.S. Dist. LEXIS 16921, 4-7 (S.D.N.Y., 2003), cited by plaintiff in her Memorandum in Support of Fourth Motion in Limine, did not preclude the witnesses at issue. In <u>Lesser</u>, the defendants added two new witnesses on the last day of scheduled discovery in the case; the trial had not been scheduled. The Court was easily able to cure the prejudicial effect by requiring the defendants to provide additional information and then allowing time for the plaintiff to depose the two witnesses. By contrast, in this case the defendants waited until nearly two years after discovery had closed in this case, and a year after their summary judgment motion was briefed; they waited until the final pretrial memorandum was filed, and then named <u>nine new witnesses</u> they claim they intend to call. This is not a case like <u>Lesser</u>. This is a case in which defendants' bad faith delay is plain and the prejudice substantial.

At the same time, the Lesser Court noted (and Rule 37(c)(1) clearly states), the sanction of preclusion is "automatic absent a determination of either substantial justification or harmlessness." *Id.* (citations omitted). A violation of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.*, quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.Kan. 1995)). The burden of proving either substantial justification or harmlessness rests with the party which has failed to disclose information. *Id.*, citing Wright v. Aargo Sec. Servs., Inc., 2001 U.S. Dist. LEXIS 13891, (S.D.N.Y. Sept. 7, 2001)). This is the only proper interpretation of Rule 37(a)(1), which plainly and unequivocally states,

> a party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... information not so disclosed.

The Rule does state that a court has discretion to aware monetary sanctions as well, but it does not indicate that courts can simply permit a party to add new witnesses despite violation of the Rule and no showing of substantial justification and harmlessness.

Defendants have offered no justification whatever for their failure to disclose these new witnesses, nor any basis upon which to suggest that plaintiff would not be harmed by the addition of eight previously undisclosed and undeposed witnesses. Defendants have utterly failed not only to meet their burden on these points, but even to show any proper respect for the rules of our courts. They make no effort at a showing, in flagrant disregard of the purposes and the obligations of the federal rules.

Nor is the defendants' assertion that the Pretrial Order casts a wider net than does Rule 26(a) supportable (much less supported by any legal doctrine in their Mem. Opposition). The Comment to the 1993 Amendment to Rule 26, adding the initial disclosure requirements, expressly explained that Rule 26(a) casts the broader net:

> As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.

Rule 26(a), Comment to 1993 Amendments, Paragraph (1). Any plain reading of the Rule and the Pretrial Order places parties on notice that the Rule casts a far broader net, and the parties are required to share their knowledge about who might know any facts whatever, related to the issues in the case - not merely who they may call as witnesses. Defendants simply do not appear to believe these duties apply to them. Their blithe and disrespectful argument to the effect that this is unimportant offends the traditional notions of fair play upon which adherence to the rules of our courts is based. The duty of the Court is to administer these rules in a manner to prevent trial by ambush and the "sporting theory" of litigation.

It is difficult <u>not</u> to conclude that this is simply bad faith and an attempt to unfairly ambush the plaintiff. The fact that defendants may have named twenty witnesses in their initial disclosures, many of whom they have not suggested are appropriate witnesses, does not excuse their failure to list these nine whom they propose to call as trial witnesses.

**THE WITNESSES AT ISSUE**

Defendants' statements about particular witnesses also include certain mischaracterizations.

1. <u>Gail Johnson</u>. Defendants assert that plaintiff took the deposition of proposed witness Gail Johnson in a different and unrelated case, during the discovery period of this case. That is a distortion, and has no bearing on the current matter. In the other case, Plaintiff Clara Lee noticed the deposition <u>of the Hartford Public Schools</u>, duces tecum, in order to obtain specific documents and records, or prove their non-existence. Ms. Johnson, who was then a new HPS employee in charge of Human Resources, attended with the documents and was deposed on the custody of the documents and the efforts to locate missing information. She had no first-hand knowledge of any fact in that case, and she was not deposed for her own knowledge in that case or any matter related to this case. Nor would plaintiff have had any reason to believe she would have any useful information to add. Ms. Johnson was not employed at HPS during the pendency of the collective bargaining agreement which covers this case. On the other hand, defense counsel has affirmatively represented to the undersigned, on the day this Reply is drafted, that he has been informed that Robert Stacy, the Human Resources Director who was employed at the time, is still available in this jurisdiction; Mr. Stacy is expected to be a witness. Ms. Johnson has nothing useful to add, was not aware of the policies at the time at issue, and plaintiff had no reason to expect that she would be a witness in this case. Plaintiff would be prejudiced by the addition of this new and unexpected witness, and defendants have offered no justification for the

5

delay until the eve of trial to name her. If, during the discovery period in this case, the defendants concluded that Ms. Johnson had pertinent information, they had a duty to amend their Rule 26 disclosures accordingly.

2. Mark Zito. Again, if defendants believed that Mark Zito had pertinent information to add, then they ought to have amended their disclosures in accord with their obligations. Plaintiff did not have a duty to read their minds as to their intentions for the trial of this case, or compound the necessary discovery by deposing witnesses the defendants had not named. Plaintiff is not required either to agree to the defendants' failure of their obligation to name witnesses, or else forego her claims for lost backpay, as defendants suggest. It is defendants whose conduct warrants sanctions, not plaintiff's.

3. Matthew Steele. Defendants note that plaintiff raised, at the summary judgment stage one year ago, the fact that Mr. Steele is Faculty Manager at Weaver High but teaches at a middle school most of the day and through the end of the day. That is true. But if defendants felt they wanted to include Mr. Steele as a witness in the case, then they could have amended their Rule 26(a) statement to include him, and the Court could have considered allowing a deposition if necessary.

4. Paul Stringer. The meeting cited by the defendants, and Mr. Stringer's involvement in the SSA scheduling issue, was known to them from the time this case was filed, and for years before, and at all times thereafter. Never did the defendants even remotely suggest that they believed Mr. Stringer had any knowledge or information on the issues in this case. They offer

nothing that justifies their failure, but appear merely to state that he "<u>may</u> be called to testify regarding any recollection that he <u>may</u> have regarding plaintiff's alleged speech." Mem. Opposition p. 6. Even at this stage, defendants are playing games with whether a witness actually has any information worthy of presentation at trial. Do the defendants believe plaintiff should have to guess whether he should be deposed? Whether that would just be one more of their efforts to compound these proceedings? The plaintiff should not be put to an election whether she can introduce the evidence she properly disclosed in this case, or accept this gamesmanship of the defendants'. The defendants' conduct is in violation of their legal obligations under the Rules and this witness should be excluded.

5. <u>Diane Kutsavage-Prescod, Norma LaVoie and Marilyn Kulpa.</u> It is a complete and total surprise to plaintiff that any one of these three witnesses knows anything whatever that is pertinent to this case. It is disturbing, moreover, that defendants so disregard their obligations that they have never so informed plaintiff, yet they provide no justification whatever for this failure. If these witnesses actually had information about the transfers which were central to the issues in this case, then there is no excusing their failure to disclose them in a timely manner.

6. <u>Joseph Lee</u>. Mr. Lee, according to Robert Stacy, was Mr. Stacy's administrative assistant. He drafted a memorandum informing Mr. Stacy of a visit by another teacher complaining about the transfer of plaintiff out of Hartford High. The description of that part of his testimony is plainly pure and unadulterated hearsay, which cannot justify his presentation as a witness. This is simply a waste of time. As to the suggestion that he may have information concerning Ms.

LaPenna's transfer and Faculty Manager assignment, it was the defendants' duty to disclose this at the time of the Initial Disclosures if it is true. He should not be permitted to testify in light of that failure and the lack of any justification.

7. <u>Thomas Ritter</u>. No doubt the defendants would like to make a theatrical performance of this trial, presenting a successful and charismatic politician to vouch for the importance of the work of the State Board of Trustees for the Hartford Public Schools, and the legislative intent behind the Special Acts. If they had a legitimate defense in the case, we might not have this sort of eleventh-hour flood of extraneous, immaterial, irrelevant and never-before-disclosed matter. Mr. Ritter no doubt did at least his duty for the Hartford Public Schools. But the defendants have provided nothing whatever that suggests he knew anything about the circumstances or reasons for the actions at issue at the trial of this case. The Special Acts have no actual bearing on this case, other than that they allowed the defendants to compound these proceedings with games about the identity of plaintiff's employer and whether they can claim Eleventh Amendment immunity. Again, if the defendants did believe Mr. Ritter had some information that was relevant to the issues to be tried, they had an obligation to so inform the plaintiff in 2002, at the outset of this case, and not to wait until the eve of trial. The Court should preclude Mr. Ritter from testifying.

## **CONCLUSION**

For all of the foregoing reasons, and most especially based upon the defendants' utter

failure to provide any justification for their delay, the Motion should be granted and the defendants should be precluded from calling any witness not named in their initial disclosures.

PLAINTIFF

By _____
Judith D. Meyer
Fed Bar No.: CT04976
3785 N. Camino de Oeste
Tucson, AZ 85745
Tel. (520) 743-8058 or (860) 202-1699
Fax (520) 743-8059 or (860) 677-6832
e-mail: judithdmeyer@igc.org
HER ATTORNEY

### CERTIFICATION

This is to certify that a copy of the foregoing was sent via electronic transmission, as agreed by the parties, and also via first-class mail, postage prepaid, this 25th day of February, 2005, to the following counsel of record:
Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

_____
Judith D. Meyer
