**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| v. | : | 3:02CV753 (SRU) |
| | : | |
| CITY OF HARTFORD, HARTFORD | : | |
| PUBLIC SCHOOLS, STATE BOARD | : | |
| OF TRUSTEES FOR THE HARTFORD | : | |
| PUBLIC SCHOOLS, ANTHONY | : | |
| AMATO, JUNE BERNABUCCI | : | |
| and JOSE COLON-RIVAS | : | |
|     Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| JANICE LAPENNA | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS | : | |
|     Defendant. | : | |
| | : | MARCH 14, 2005 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS**
**AND INCORPORATED MEMORANDUM OF LAW**

      Pursuant to the court's Pre-Trial Order, the remaining Defendants respectfully submit this objection, and incorporated memorandum of law, to certain of Plaintiff's exhibits. The Defendants object to the following exhibits on grounds other than relevance: Exhibits 13, 14, 19, 20, 21, 22, 23, 24, 25 and 26. Defendants also reserve the right to object to any exhibits

identified in the Pre-Trial Memorandum under the heading "Exhibits Plaintiff May Offer at Trial if the Need Arises" or other exhibits that the Plaintiff attempts to offer at trial.

## I.     DISCUSSION

### A.     Exhibits 13 & 14

Defendants object to the introduction of Plaintiff's "Amended Affidavit of Illegal Discriminatory Practice" (Exhibit 13) and the Hartford Public Schools' "Answer to Second Amended Complaint Affidavit" (Exhibit 14) filed with the Connecticut Commission on Human Rights and Opportunities (CHRO).[1] The parties have already stipulated that "All administrative procedural conditions precedent to the filing of plaintiff's gender discrimination and age discrimination claims have been met." Pre-Trial Memorandum at Stipulations of Law 1. Thus, Exhibits 13 & 14 serve no purpose with respect to exhaustion of administrative remedies.

Obviously, these proposed exhibits relate to another proceeding—not to this case. Further, such proposed exhibits, especially Exhibit 13, contain Plaintiff's allegations rather than facts proven at trial. To the extent that the court would find them relevant, these exhibits should be excluded under Rule 403 because any probative value (and these exhibits do not appear to have any probative value) is greatly outweighed by the danger of confusion of the issues, misleading the jury and waste of time. For instance, in Exhibit 13 at ¶17, Plaintiff states, "I believe the decision not to provide me the opportunity to be Faculty Manager for Hartford High School was based, at least in part, on

---

[1] It should be noted that these exhibits are not responsive to each other. Plaintiff has supplied her Amended Affidavit and the Hartford Public Schools' response to the <u>Second</u> Amended Affidavit.

2

retaliation for filing my Complaint with this Commission and with the EEOC . . . ." Retaliation for filing a complaint with the CHRO and/or EEOC is not an issue in this case. Moreover, a jury may believe that the allegations contained in the affidavit (Exhibit 13) are facts, rather than allegations. Thus, the introduction of such exhibits into evidence would have a high likelihood of misleading and confusing the jury while providing little or no evidentiary value.

Defendants also object to these exhibits because they constitute classic hearsay that does not fit into any of the recognized hearsay exceptions. Under Rule 801, these exhibits are statements made by the declarant out of court and offered for the truth of the matter asserted. In this case, Plaintiff has indicated in the Pre-Trial Memorandum that she intends to call herself and representatives of the Hartford Public Schools to testify in her case. Thus, all of the relevant matters covered in Exhibits 13 and 14 are expected to be offered through trial testimony. As such, there is no purpose to be served in admitting Exhibits 13 and 14 into evidence. See, Nwanna v. Ashcroft, 2003 U.S. Dist. LEXIS 22213 (S.D. Ind. Oct. 24, 2003) (granting defendant's motion to exclude plaintiff's EEOC affidavit/interview and stating: "Even if the court determined the material to be relevant, it is not clear why the same information could not be conveyed by Plaintiff during his testimony at trial."). Therefore, Exhibits 13 and 14 should be excluded on hearsay grounds.

To the extent that Plaintiff proposes to offer Exhibits 13 and 14 as an admission of a party opponent, only the admission itself would qualify as a non-hearsay statement. Thus, Plaintiff could

use any admissions contained in Exhibit 14 for impeachment purposes, but Exhibits 13 and 14 cannot be admitted as evidence and go to the jury room during deliberations.

  B.  <u>Exhibit 19</u>

  Defendants object to Exhibit 19 under Fed. R. Evid. 403 and 408.  The parties have already stipulated that "Ms. LaPenna filed a union grievance over the Faculty Manager assignment" and that, "In May of 2002, Ms. LaPenna's grievance, concerning the Faculty Manager assignment was scheduled to be heard by an arbitrator.  Just prior to the arbitration of that grievance, the Hartford Public Schools agreed to accept Ms. LaPenna's grievance concerning the Faculty Manager assignment for the 200-2001 school year.  Ms. LaPenna was paid the full stipend that she would have earned as Faculty Manager at Hartford High for the 2000-2001 school year."  Pre-Trial Memorandum, Stipulations of Fact at ¶¶12-13.  Thus, Exhibit 19 is needlessly redundant and a waste of time.  Additionally, "evidence of conduct or statements made in compromise negotiations is likewise not admissible."  Fed. R. Evid. 408.  In short, there is no reason to admit Exhibit 19 into evidence.

  C.  <u>Exhibits 20 & 21</u>

  Exhibits 20 and 21 are subjects of Defendants' Second Motion in Limine.  The Defendants rely upon the arguments raised in their Memorandum of Law in Support of their Second Motion in Limine.

      D.     <u>Exhibits 23-26</u>

In addition to relevance, Defendants object to the Exhibits 23-26 on the grounds that they assume facts not in evidence, constitute hearsay and are not admissible under Fed. R. Evid. 1006. Exhibit 23 is entitled, "Scheduling Sport Sciences Academy" and is an attempt at a time line with Plaintiff's argument/commentary added. Exhibit 24 is entitled "Removing Jan LaPenna from her Position at Hartford High" and, again, is an attempt at a time line with Plaintiff's commentary/argument added. Exhibit 25 is a chart entitled "Effects of Defendants' Actions" and does not appear to relate to any evidence in this case. Finally, Exhibit 26 is entitled "Plaintiff Seeks the Truth: Why Did You Remove Me From My Position?" and attempts to create some sort of time line with Plaintiff's proposed testimony.

At this point in time, the court has not admitted anything into evidence and the charts offered as Exhibits 23-26 are based on Plaintiff's interpretation of the results of discovery or her own musings. Thus, at a minimum, these exhibits assume facts not in evidence and constitute hearsay that does not fall within any recognized exception. Also, under Rule 403, any probative value from these exhibits is greatly outweighed by the unfairly prejudicial effect of the hearsay and unfair characterizations contained in the exhibits.

Presumably, Plaintiff will attempt to admit Exhibits 23-26 under Fed. R. Evid. 1006. One court within this circuit has summarized Rule 1006's requirements as follows:

> Rule 1006 states that the "contents of voluminous writings, recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation." Fed. R. Evid. 1006. Summary charts may be received in evidence, or simply be presented to the jury as an aid to better understand the evidence. [Footnote 1: Summary charts permitted under Rule 1006 are received in evidence. Summaries of documents or testimony that have been received into evidence and are used simply as an aid to the jury are not necessarily received into evidence. See United States v. Bradley, 869 F.2d 121, 123 (2d Cir. 1989)(citing 5 Weinstein's Evidence p. 1006[07], at 1006-15 (1988)] See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53 (2d Cir. 1993); United States v. Benussi, 216 F. Supp. 2d 299, 316, n.18 (S.D.N.Y. 2002). The Second Circuit has long approved the use of summary charts for assistance in complex matters and has even allowed the jury to have charts not received in evidence in the jury room during its deliberations, so long as the judge properly instructs the jury that it is not to consider the charts as evidence. See e.g., United States v. Casamento, 887 F.2d 1141, 1151 (2d Cir. 1989); United States v. Pinto, 850 F.2d 927, 935 (2d Cir. 1988). Of course, a summary chart must be based on foundation testimony or documents connecting it with the underlying evidence summarized, and must "be based upon and fairly represent competent evidence already before the jury." United States v. Koskerides, 877 F.2d 1129, 1134 (2d Cir. 1989); United States v. Citron, 783 F.2d 307, 316 (2d Cir. 1986).

United States v. Jasper, 2003 U.S. Dist. LEXIS 1395 at *4-5 (S.D.N.Y. Jan. 21, 2003). Consistent with this view, another court within this circuit has drawn a distinction between summaries offered as evidence under Rule 1006 and summaries of testimony offered as aids to the jury under Rule 611(a), as follows:

> Pedagogical devices or demonstratives have long been recognized in the form of summaries, charts and other aids used by parties "to organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence." It is a common view among courts that such pedagogical devices "are not evidence themselves, but are used merely to aid the jury in its understanding of the evidence that has already been admitted." The use of such material in court is typically governed by Rule 611(a) of the Federal Rules of Evidence.

> Courts have generally declined to treat pedagogical devices as evidence. Although courts employ different terms for the aids, most circuits have generally excluded the devices from evidence.
>
> . . .
>
> Pedagogical devices are often unfavorably compared to summaries admitted under Rule 1006. Summaries, unlike Rule 611(a) aids, are admissible as proxies for voluminous records "which cannot be examined in court." Exclusion of pedagogical devices is grounded in the idea that such aids "are more akin to argument than evidence since [they] organize[] the jury's examination of testimony and documents already admitted into evidence. . . . The evidence treatises caution that pedagogical devices should be used only in conjunction with proper limiting instructions, "that jury aids . . . are not evidence-in-chief but are only the proponent's organization of the evidence presented."

Verizon Directories Corp. v. Yellow Book USA, Inc., 331 F. Supp. 2d 136, 140-141 (E.D.N.Y. 2004) (multiple citations omitted).

Finally, the Sixth Circuit has nicely summarized the requirements of accuracy in the admission of summaries under Rule 1006 as follows:

> a summary document "must be accurate and nonprejudicial." This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner. Nothing should be lost in the translation. It also means, with respect to summaries admitted in lieu of the underlying documents, that the information on the summary is not embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise. Once a Rule 1006 summary is admitted, it may go to the jury room, like any other exhibit. Thus, a summary containing elements of argumentation could very well be the functional equivalent of a mini-summation by the chart's proponent every time the jurors look at it during their deliberations, particularly when the jurors cannot also review the underlying documents.
>
> Fifth and finally, a summary document must be "properly introduced before it may be admitted into evidence."

<u>United States v. Bray</u>, 139 F.3d 1104, 1110 (6th Cir. 1998) (citations omitted).

Needless to say, this is not a particularly complex case and proposed Exhibits 23-26 are not proxies for voluminous records that cannot be examined in court. If this were a complex check fraud case, the use of summary charts admissible under Rule 1006 might be appropriate. However, this is a garden variety employment discrimination case that is not document intensive. Further, even a cursory review of Exhibits 23-26 reveals that they are riddled with argument and embellishment. Thus, there is no reason whatsoever to admit Exhibits 23-26 into evidence under Rule 1006. Therefore, there is no good reason to allow the jurors to have access to Exhibits 23-26 during their deliberations.

Assuming that Plaintiff wishes to use Exhibits 23-26 as summaries of testimony offered at trial, she is required to offer sufficient foundational evidence and the representations contained therein must be a fair representation of the evidence offered. <u>See</u>, <u>Jasper</u>, at footnote 1. Defendants object to Exhibits 23-26 because they are riddled with argument and embellishment and, therefore, are not likely to aid the jury in their understanding of the evidence presented. If the court were to allow the jury to view Exhibits 23-26 as an aid under Rule 611(a), Defendants object to the presentation of such exhibits until such time as all of the foundational testimony or other evidence has been presented. Finally, in the event that Plaintiff is allowed to use Exhibits 23-26 as aids to the jury under Rule 611(a), Defendants request that an appropriate limiting instruction be given to the jury, explaining that Exhibits 23-26 are not evidence and simply summarize Plaintiff's arguments.

## II. CONCLUSION

For the reasons stated above, Plaintiff's proposed Exhibits 13-14, 19-26 should not be admitted into evidence.

DEFENDANTS,
CITY OF HARTFORD, HARTFORD PUBLIC SCHOOLS, STATE BOARD OF TRUSTEES FOR THE HARTFORD PUBLIC SCHOOLS, ANTHONY AMATO, JUNE BERNABUCCI AND JOSE COLON-RIVAS

By _____
    Joseph W. McQuade, ct12121
    Kainen, Escalera & McHale, P.C.
    21 Oak Street, Suite 601
    Hartford, CT  06106
    Telephone (860) 493-0870
    Facsimile (860) 493-0871
    jmcquade@kemlaw.com
    Their Attorney

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing Objections to Plaintiff's Exhibits and Incorporated Memorandum of Law in Support was mailed, via U.S. Mail, postage prepaid, on this 14th day of March, 2005, to:

> Attorney Judith D. Meyer
> 3785 N. Camino de Oeste
> Tucson, AZ  85745

_____
Joseph W. McQuade

17284