UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendant. | : | MARCH 14, 2005 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS**

Pursuant to the Court's Pre-Trial Order, plaintiff submits the following objections to the exhibits proposed for admission by defendants.

**1.    Exhibits A and B**

Plaintiff objects to the introduction into evidence, to be presented to the jury, of defendants' proposed Exhibits A and B, which are two Special Acts of the Connecticut

1

Legislature. They are complex statutes which cannot be comprehended without reference to numerous other statutes in Title 10 of the Connecticut General Statutes. The parties have stipulated that the Connecticut Legislature dissolved the Hartford Board of Education and created the State Board of Trustees for the Hartford Public Schools ("State Board"), which became responsible for managing the schools. *See,* Stipulation 5, Pre-Trial Memorandum p. 41. The Court can take judicial notice, if defendants request and the Court finds it appropriate, of particular facts or doctrine stated in the Special Acts. To present this complex pair of statutes to the jury is very likely to result in confusion of the issues, misleading the jury about the true issues in the case, and waste of time far beyond any probative value. Plaintiff submits that on the Motion to Dismiss in this case, the ramifications of these Special Acts presented some difficulty for the litigants and the Court; it can hardly be expected that the jury will have less difficulty comprehending their implications. To the extent the defendants are concerned with making a record, legislative acts need not be in evidence in order for the parties to argue their implications. The Court should exclude these documents as exhibits pursuant to Rule 403, Fed.R.Evid.

**2.      Exhibits L and M**

Plaintiff does not object to the introduction of Exhibits L and M, but requests that Exhibit L be redacted, and submits that Exhibit M should also be redacted, to the extent they disclose social security numbers of plaintiff and another employee without any good reason.

**3.     Exhibits Q and T through W**

Plaintiff objects to the admission of Exhibit Q, undated notes comparing plaintiff with another employee, allegedly from the interviews conducted in June, 2001 for the position of Faculty Manager. It is hearsay which plaintiff submits does not fall within any recognized exception (Rule 801 *et seq.*). These were not records as to which there was some duty to report, as might be excepted under Rule 803(7), nor is this individually handwritten set of notes a reliable business record from a source that regularly records and maintains such information, as might be admitted under Rule 803(6). There is no way to gauge the extent of the editorial slant of the notes. The author of the document is not identified, although the document was concededly disclosed during the discovery phase. The reliability and trustworthiness of these records is especially suspect if they were made by Defendant June Bernabucci in June, 2001, because at that time plaintiff had a pending claim in the CHRO, as well as a pending union grievance, with regard to her removal from the position of Faculty Manager and her replacement with David Hodge. That decision had been attributed to June Bernabucci, among others, so the motivation of Ms. Bernabucci in including or excluding specific interview statements of the compared individuals is very likely to have been permeated with bias. The doctrine of <u>Palmer v. Hoffman</u>, 318 U.S. 109, 113-114 (1943), is that a record made to record the defendant's version of the facts, where litigation is pending or contemplated does not bear the indicia of reliability of "the early shop book rule" codified at Rule 803(6) Fed.R.Evid., and is not admissible as a business record.

Exhibits T and V suffer from a similar problem. They are the handwritten notes from interviews for the position conducted in 2003, at a time when the instant federal case was pending and when plaintiff had claimed retaliation, and that her non-selection in 2001 was the result of the discriminatory acts in 2000. These are hearsay which does not fall within the exception for "shop book" -type business records.

Exhibits T through W were not disclosed during the discovery proceedings, and if the defendants believed they were admissible evidence in this case they surely ought to have been disclosed earlier. They relate to the 2003 interviews, and as such they were not available until most, but not all, of the discovery had been completed; but if the defendants assert that they are probative of the material issues in this case, there was a duty to provide copies to plaintiff more timely than on the eve of trial.

**4.** **Exhibit X**

Plaintiff objects to the introduction of Exhibit X, which includes confidential payroll information beyond what is necessary on the issue of plaintiff's mitigation of her damages. Plaintiff would agree to an exhibit that stated the amounts she has earned from other extracurricular jobs she has held since she was discharged from her position as Faculty Manager. But the documents offered by defendants include entirely immaterial information regarding her salary, her longevity pay, and her total year-to-date pay from all job duties, including her basic teaching salary. That is unnecessary personal information, perhaps offered to prejudice plaintiff.

It does not tend to make any fact of consequence to the determination of this case more or less probable, and it is therefore not relevant.  Plaintiff respectfully requests that it be excluded.

**5.      Unlettered Exhibits Defendants May Attempt to Offer**

Plaintiff submits that the following exhibits are very likely to lead to confusion of the issues, undue delay, waste of time and needless presentation of cumulative evidence:  Actions to Improve the Hartford Public Schools, 1999-2000, 2002-2003; November 23, 1993 "We Believe in Tomorrow" Governance and Accountability Framework;  48 Recommendations for School Improvement, 1999-2000 Annual Report; March 21, 2001 Five Year Progress Report to NEASC.  These are enormously complex documents which the jury should not be required to consider.  The sole reason plaintiff ever asked for discovery of any purported improvement plan is that the defendants falsely asserted, in the letter informing her of her transfer out of Hartford Public High School, that this action was necessary for "implementing the Hartford School Improvement Plan."  During their depositions, not one of the defendants' management employees could identify any plan whose implementation required the transfer of plaintiff out of Hartford Public High School.  The letter simply asserted a falsehood.  Plaintiff might be well served if the jury were required to pour through all of these documents, as her attorney has done, searching for some legitimate non-discriminatory reason to transfer plaintiff out of Hartford High and/or remove her as Faculty Manager;  but the Court and the jury most assuredly would not.

The same is true of the June 21, 2002 State Labor Board Decision No. 3871 (Case #TPP-22,2262) Decision and Dismissal of Complaint.  But in addition, this document would be

unfairly prejudicial to plaintiff as it has never been disclosed previously during this case. The document should have been available to plaintiff before she took the depositions of management personnel, including Mr. Stacy, Mr. Dumont and Ms. Bernabucci. The document should be excluded as unfair surprise in violation of Rule 26.

The set of "Various Charts and documents regarding the transfers of teachers in and out of Hartford Public High School" is extremely confusing; and even Harriet Marek, the personnel administrator who implemented the transfers in and out of the school, was not able to explain the order in which they were prepared or explain their meanings at her deposition. Plaintiff submits it is likely to lead to confusion and wasted time, if these are admitted.

Plaintiff further objects to the introduction of her Forms W-2. Their admission can serve no legitimate purpose, as the wages at issue are clearly stated in the collective bargaining agreements which both parties have proposed as exhibits. Only the wages for the Faculty Manager position are at issue in this case. The Forms W-2 include plaintiff's Social Security Number, inappropriately; and include other salary information which is personal and unnecessary. Plaintiff would agree to an exhibit which shows her amounts earned in mitigation of her damages, which is the only information material to this case.

                                        PLAINTIFF

                                        By  /s/
                                        Judith D. Meyer
                                        Fed Bar No.: CT04976

3785 N. Camino de Oeste  
Tucson, AZ 85745  
Tel. (520) 743-8058 or (860) 202-1699  
Fax (520) 743-8059 or (860) 677-6832  
e-mail: judithdmeyer@igc.org  
HER ATTORNEY

## CERTIFICATION

  This is to certify that a copy of the foregoing was provided via email and First Class United States mail, postage prepaid, this 14th day of March, 2005, to the following counsel of record:

Joseph W. McQuade, Esq.  
Kainen, Escalera & McHale, P.C.  
21 Oak Street  
Hartford, CT 06106

                 /s/
                Judith D. Meyer