UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANICE LAPENNA, | : | CIVIL ACTION |
|     Plaintiff, | : | MASTER DOCKET |
| | : | 3:02CV753 (SRU) |
| v. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| STATE BOARD OF TRUSTEES FOR | : | |
| THE HARTFORD PUBLIC SCHOOLS, | : | |
| JUNE BERNABUCCI and | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendants. | : | |
| | | |
| JANICE LAPENNA, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:03CV1126 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSE COLON-RIVAS, | : | |
|     Defendant. | : | MARCH 14, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW RE FIXED TERM CONTRACTS**
**AND RE COMPARATOR EVIDENCE**

Plaintiff submits the following argument regarding two theories which the defendants have proffered during the trial preparation phase in this case.

First, defendants asserted that plaintiff should be precluded from arguing that her damages for removal from her Faculty Manager position, a position which paid approximately $10,000.00 per year, should be limited to the first year after her removal. Repeatedly, in the

Defendants' Proposed Instruction No. 18 on damages, defendants ask the Court to instruct the jury that the backpay damages are limited to the period through June, 2001. Plaintiff submits this would improperly prevent the jury from considering evidence that absent discrimination, she would have continued in the position through and beyond the time of trial.

Second, defendants have argued and proposed jury instructions holding that in order to prevail on her Equal Protection claim, plaintiff must show evidence of a comparable employee, as to the 2000 Faculty Manager decision, who reported to the same manager, was similarly situated, and who was treated differently. This is an incorrect statement of the law.

**I.     BACKPAY IS NOT LIMITED TO THE PRECISE FIXED-TERM CONTRACT THAT WAS BREACHED BY THE DEFENDANTS.**

Plaintiff has alleged, from the start of this matter and in all pertinent discovery, that if she had not been unlawfully removed from the position of Faculty Manager in the summer of 2000, she would most probably have remained in that position through the date of her retirement, unless she left it voluntarily. The basis of that assertion is that, as the evidence will show, the Hartford Public Schools have never once failed to select the incumbent to continue in the Faculty Manager position – including in the case of David Hodge, once he was placed in the position in violation of plaintiff's rights. The defendants have insisted that the Court should cut off the possibility of back pay at the end of the two-year fixed-term contract which was violated. Our courts have recognized the unfairness of such a result, particularly in the context of teachers' contracts and where the incumbent is often continued in the position.

In <u>Walker v. Ford Motor Company et al.</u>, 684 F.2d 1355 (11th Cir. 1982), the Court gathered cases involving teacher contracts in considering the issue of backpay after the end of a particular fixed contract term, and set forth a rule which has been cited frequently by other courts of appeals, including the Second Circuit Court of Appeals, in <u>NLRB v. Ferguson Elec. Co.</u>, 242 F.3d 426, 432 (2d Cir., 2001) (pointing out that any uncertainty about whether an employee would have continued in a position should be resolved <u>against the employer</u>, where, as here, the uncertainty is the result of the employer's breach of a legal right, because "the most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." (quoting <u>Bigelow v. RKO Radio Pictures, Inc.</u>, 327 U.S. 251 (1946)).

The <u>Walker</u> Court generalized the holding of a substantial number of cases to a broad rule, to the effect that

> the proper allocation of proof in cases involving fixed-term contracts is that a plaintiff must initially introduce some evidence showing that the economic injury resulting from the discharge extended beyond the employment term. As in the teacher discharge cases, this proof may consist of no more than a showing that the particular plaintiff's contract had been renewed in the past, that contracts of similarly situated employees had been renewed, or that the employer had made a promise of continued employment. Once the plaintiff carries this burden, and thus ... establishes the damages resulting from the discriminatory acts, then the burden shifts to the defendant to show by a preponderance of the evidence that the plaintiff would not have remained in employment beyond the contract term.

684 F.2d at 1362.

In the case at bar, plaintiff expects to prove that contracts of Faculty Managers who chose to continue in the position have been uniformly renewed in all instances, including in 2001 and 2003, when each two-year contract was up for renewal; and that throughout the time she was in the position her performance was evaluated by the Hartford Public Schools administration as excellent. The defendants should then bear the burden and the risk of persuasion, to prove that if she had remained in her position through June, 2001, she would more likely than not have been removed from the position thereafter. The party that caused any uncertainty on this issue should bear that risk.

Defendants' proposed instructions on damages are incorrect for this reason, and the plaintiff's proposed instruction that the jury should award the plaintiff "damages for any lost earnings and earning capacity she suffered as a result of" the defendants' action is more appropriate.

**II.    PLAINTIFF IS NOT REQUIRED TO SHOW EVIDENCE OF A DIRECT COMPARATOR, TO PROVE HER EQUAL PROTECTION CASE.**

Defendants also assert, and propose jury instructions to the effect, that plaintiff must "first identify employees who were similarly situated to her in all material respects ... who must have reported to the same supervisor as Plaintiff ... and must have engaged in conduct similar to hers ... " or else the defendants are entitled to judgment. That is not the law.

Equal protection violations can be proved by submission of a wide variety of evidence, only one type of which consists of evidence of the treatment of "similarly situated" comparators.

In <u>Village of Arlington Heights v. Metropolitan Housing Development Corp</u>, 429 U.S. 252 (1977), the United States Supreme Court affirmed the finding that a housing developer's equal protection claim failed for lack of proof that the defendant town had intentionally rezoned property in order to prevent the erection of racially integrated housing. In reviewing the evidence, the Court noted that "[d]etermining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." 429 U.S. at 266. Further, the Court gave examples of some kinds of circumstantial evidence which could be used to prove an equal protection claim, and which must be considered in Equal Protection Clause cases:

> The historical background of the decision is one evidentiary source, particularly if it reveals a series of official actions taken for invidious purposes. The specific sequence of events leading up the challenged decision also may shed some light on the decision maker's purposes. ... Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant, particularly if the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached. The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decision making body, minutes of its meetings, or reports.

429 U.S. at 266 (internal citations omitted).

The <u>Arlington</u> Court, in fact, indicated that while it found insufficient evidence to support the plaintiff's claims in that case, it would have reached a different result, had plaintiffs proved substantive or procedural irregularities. 429 U.S. at 267 (specifically stating that a "far different case" would have been presented had the defendant changed the zoning designation of the subject property in response to a plan to erect racially integrated housing). So controlling law

establishes that with no direct comparator, but simply circumstantial evidence that the defendants had not followed their previously-set policies and procedures (as in the case at bar), the Supreme Court would sustain a finder of fact's conclusion that the employer violated the Equal Protection Clause.

It is true that the *prima facie* case of an Equal Protection Clause violation is frequently articulated to include evidence that

> (1) the person, compared with others similarly situated, was selectively treated; and
> (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person ...

Schnabel v. Tyler, 230 Conn. 735, 762 (1994) (internal quotations and internal citations omitted); City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Lehr v. Robertson, 463 U.S. 248, 265-266 (1983).  But this language has not been properly interpreted to mean that only direct evidence of a precisely similarly situated person who was more favorably treated can meet the standard.  If it were, then Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), upholding the "class of one" Equal Protection Clause doctrine would have been impossible.  Where the government departs from its normal procedures, out of a bad-faith intent to injure an individual, that is sufficient to sustain an Equal Protection Clause claim, regardless of whether any precise comparator exists.

## **CONCLUSION**

For all of the foregoing reasons, the Court should refuse to instruct the jury that the plaintiff's backpay damages are limited to the balance of the first breached term;  or that plaintiff

must provide evidence of a similarly situated employee who was more favorably treated, in order to sustain her Equal Protection Clause claim.

                                                 PLAINTIFF

                                                 By _____
                                                 Judith D. Meyer
                                                 Fed Bar No.: CT04976
                                                 3785 N. Camino de Oeste
                                                 Tucson, AZ 85745
                                                 Tel. (520) 743-8058 or (860) 202-1699
                                                 Fax (520) 743-8059 or (860) 677-6832
                                                 e-mail: judithdmeyer@igc.org
                                                 HER ATTORNEY

## **CERTIFICATION**

This is to certify that a copy of the foregoing was provided via email and First Class United States mail, postage prepaid, this 14th day of March, 2005, to the following counsel of record:
Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106

                                                 _____
                                                 Judith D. Meyer